1  MELINDA S. RIECHERT, State Bar No. 65504
   MORGAN, LEWIS & BOCKIUS LLP
2  2 Palo Alto Square
   3000 El Camino Real, Suite 700
3  Palo Alto, CA 94306-2122
   Tel: 650.843.4000
4  Fax: 650.843.400

5  ERIC MECKLEY, State Bar 168181
   MORGAN, LEWIS & BOCKIUS LLP
6  One Market, Spear Street Tower          E-filing
   San Francisco, CA 94105-1126
7  Tel: 415.442.1000
   Fax: 415.442.1001
8  emeckley@morganlewis.com

9  Attorney for Defendants
   ARAMARK SPORTS, LLC and ARAMARK
10 CORPORATION.

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                  SAN FRANCISCO DIVISION

14                    CV   08        1336
                             Case No.              EMC
15 MARK ANTOINE FOSTER,

16              Plaintiff,         **NOTICE OF REMOVAL OF ACTION
                                   28 U.S.C. SECTION 1441(b) – FEDERAL**
17              vs.                **QUESTION AND DIVERSITY OF
                                   CITIZENSHIP**
18 ARAMARK SPORTS, LLC and
   ARAMARK CORPORATION, and DOES
19 1 through 73,

20              Defendants.

21

22        **PLEASE TAKE NOTICE THAT** Defendants ARAMARK SPORTS, LLC and

23 ARAMARK CORPORATION. (collectively, "Defendants") submit this Notice of Removal and,

24 pursuant to 28 U.S.C. Section 1441, hereby remove to this Court the state action described below:

25        1.    On or about February 7, 2008, Plaintiff Mark Antoine Foster commenced this

26 action in the Superior Court of the State of California in and for the County of San Francisco,

27 entitled *Mark Antoine Foster v. ARAMARK Sports, LLC, and ARAMARK Corporation, and Does

28 1-73*, Case No. CGC-08-471936, alleging causes of action for: (1) fraud and intentional deceit;

1-SF/7669875.1

NOTICE OF REMOVAL

1   (2) intentional misrepresentation of fact; (3) negligent misrepresentation; (4) suppression of fact;

2   (5) mail fraud (18 U.S.C. § 1341); (6) conspiracy to mail fraud (18 U.S.C. §§ 1345, 1349);

3   (7) wire fraud (18 U.S.C. § 1343); (8) intentional infliction of emotional distress; and

4   (9) negligent infliction of emotional distress. A true and correct copy of the Complaint and

5   Summons, with the accompanying attachments, is attached hereto as **Exhibit 1.**

6   2.    On February 7, 2008, Plaintiff caused the Complaint and Summons to be served

7   on Defendants.

8   3.    This Notice of Removal is timely filed, pursuant to 28 U.S.C. Section 1446(b), in

9   that it is filed within thirty (30) days of receipt of Plaintiff's Complaint. No previous Notice of

10   Removal has been filed or made with this Court for the relief sought.

11   4.    This action is a civil action over which this Court has original jurisdiction pursuant

12   to 28 U.S.C. Sections 1331 and 1332(a). This entire action is one which may be removed to this

13   Court by Defendants pursuant to the provisions of 28 U.S.C. Section 1441(b), in that it is a civil

14   action arising under the laws of the United States; specifically, Plaintiff has alleged claims for

15   violations of 18 U.S.C. Sections 1341, 1343, 1345, and 1349.

16   5.    Plaintiff's remaining state law causes of action are claims over which this Court

17   may properly exercise supplemental jurisdiction pursuant to 28 U.S.C. Section 1367(a) because

18   they form part of the same case or controversy as the claims over which this Court would have

19   original jurisdiction.

20   6.    This Court also has original jurisdiction under 28 U.S.C. section 1332(a) due to

21   diversity of citizenship and amount in controversy, and therefore may be removed to this Court

22   by Defendants pursuant to the provisions of 28 U.S.C. Section 1441(b):

23   (a)    Complete diversity between the parties exists. Plaintiff Mark Foster, at the time

24   this action was commenced, was and still is a citizen of the State of California. ARAMARK

25   Corporation was and still is a corporation incorporated under the laws of the State of Delaware,

26   with its principal places of business in the State of Pennsylvania. ARAMARK Sports, LLC was

27   and is an entity organized under the laws of the State of Delaware with its principal place of

28

1    business in the State of Pennsylvania. No member of ARAMARK Sports, LLC is a citizen of the

2    State of California.

3          (b)    Under 28 U.S.C. § 1441(a) the citizenship of defendants sued under fictitious

4    names shall be disregarded. The inclusion of "Doe" defendants in Plaintiff's state court

5    complaint have no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691

6    (9th Cir. 1998); 28 U.S.C. § 1441 (a) (stating that for purposes of removal, the citizenship of

7    defendants sued under fictitious names shall be disregarded). In determining whether diversity of

8    citizenship exists, only the named defendants are considered. *Id.*

9          (c)    Defendants are informed and believe that the amount in controversy exceeds the

10   sum or value of $75,000, exclusive of interests and costs. Plaintiff alleges in his Complaint that

11   he was subject to fraud, intentional and negligent misrepresentation and intentional and negligent

12   infliction of emotional distress, and that as a result, he suffered emotional distress and mental

13   anguish which impacted his future income opportunities and will lead him to see psychological

14   treatment. Plaintiff seeks to recover several categories of damages including economic losses,

15   emotional distress damages, punitive damages, and attorney fees. Were Plaintiff to prevail in this

16   action, the amount of these damages could exceed $75,000.

17         7.    The pleadings attached to this Notice as Exhibit 1 constitute all the process,

18   pleadings, and orders filed in this action in San Francisco County Superior Court of which

19   Defendants have served or been served to date.

20         8.    Venue is proper in this district pursuant to 28 U.S.C. Section 1441(a), because this

21   district embraces the county in which the removed action has been pending.

22         9.    Defendants will promptly serve Plaintiff with this Notice of Removal and will

23   promptly file a copy of this Notice of Removal with the clerk of the state court in which the

24   action is pending, as required under 28 U.S.C. Section 1446(d).

25         10.    This removal is being filed on behalf of all Defendants who have been named and

26   served in the state court action.

27         WHEREFORE, pursuant to these statutes and in accordance with the procedures set forth

28   in 28 U.S.C. Section 1446, Defendants pray that the above-captioned action pending in the

1  Superior Court of the State of California in and for the County of San Francisco be removed

2  therefrom to this Court.

3  Dated: March 7, 2008                              MORGAN, LEWIS & BOCKIUS LLP

4

5                                                    By _____

6                                                    Eric Meckley
                                                     Attorney for Defendants
7                                                    ARAMARK SPORTS, LLC and
                                                     ARAMARK CORPORATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

FEB 07 2008

GORDON PARK-LI, Clerk
BY: _____ DEBORAH STEPPE
Deputy Clerk

1  Mark Antoine Foster, In Pro Per
   200 Corpus Cristie Road #A
2  Alameda, CA 94502
   (415) 756-1611
3

**CASE MANAGEMENT CONFERENCE SET**

4  JUL 1 1 2008 -9ᵐAM

5  DEPARTMENT 212

6

7

8  SUPERIOR COURT OF CALIFORNIA

9  IN AND FOR THE COUNTY OF SAN FRANCISCO

10  CIVIL UNLIMITED JURISDICTION **CGC-08-471936**

11

12  MARK ANTOINE FOSTER,

13    Plaintiff,

14    vs.

15  ARAMARK SPORTS L.L.C, and ARAMARK
    CORPORATION, and DOES 1
16  Through 73
      Defendants
17
    _____/
18

19

20

21

22

23

24

25

**COMPLAINT FOR DAMAGES FOR
CIVIL RIGHTS (related to
Employment discrimination)-**
1. **Fraud and Intentional Deceit**
2. **Intentional Misrepresentation of
   Fact**
3. **Negligent Misrepresentation**
4. **Suppression of Fact**
5. **Mail Fraud (18 U.S.C Sec. §1341)**
6. **Conspiracy to Mail Fraud (18
   U.S.C. Sec. §1345, §1349)**
7. **Wire Fraud (18 U.S.C. Sec.
   §1343)**
8. **Intentional Infliction of
   Emotional Distress**
9. **Negligent Infliction of Emotional
   Distress**

INTRODUCTION

This case is brought against defendants pursuant to

California Codes of Civil Procedure §1709, §1710 and §1572 for

committing acts that constitute fraud and intentional deceit,

mail fraud and wire fraud and conspiracy to defraud. Defendant's

acts were related to plaintiff's previous employment with the

COMPLAINT FOR DAMAGES, CIVIL RIGHTS

1

EXH 1

1 | defendants, as defendants committed these acts after plaintiff's
2 | employment with the defendants ended.

3 | Although the acts were committed after plaintiff's
4 | employment ended, the acts were connected to claims plaintiff
5 | alleged in a previous complaint plaintiff filed against
6 | defendants in San Francisco Superior Court on March 9, 2007.
7 | These acts show a continuing pattern of further deprivation of
8 | plaintiff's civil rights by defendants.

9 | The connected case number 07461178, which alleges acts that
10 | were committed by defendants while plaintiff was employed with
11 | the defendants has been presently removed to federal court by
12 | defendants on or around January 31, 2008, which plaintiff
13 | believes is an attempt to delay trial and prosecution of the
14 | case in state court. Plaintiff will file a motion for remand in
15 | federal court to have the case moved back to state court within
16 | 30 days of its removal.

17 | Defendants stated to the court in their case management
18 | conference statement that they would file a motion for summary
19 | judgment or as an alternative a motion for summary adjudication
20 | but instead, upon discovering that plaintiff has acquired enough
21 | evidence to support his claims through his own discovery plan,
22 | defendants removed the case to federal court in an attempt to
23 | divert plaintiff and gather their thoughts as to how they want
24 | and should settle the case.

25 | Plaintiff will also file a second amended complaint adding

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                    2

1  claims alleging Wrongful Termination, additional retaliation

2  that resulted in Fraud and Intentional Deceit, Suppression of

3  Fact, and to change quid pro quo sexual harassment to hostile

4  work environment sexual harassment.

5      Plaintiff will also file a supplemental complaint alleging

6  continued retaliation after plaintiff filed his complaint on

7  March 9, 2007.

8                              PARTIES

9      1.   Plaintiff Mark Antoine Foster was an employee of

10  Aramark Sports and Entertainment, a subsidiary of Aramark

11  Corporation. He worked for the Carnelian Room located at 555

12  California Street, San Francisco, California.

13      2.   Defendants does 1 through 73, inclusive, are sued

14  under fictitious names.  Their true names and capacities are

15  unknown to plaintiff. When their true names and capacities are

16  ascertained, plaintiff will amend this complaint by inserting

17  their true names and capacities herein. Plaintiff is informed

18  and believes and thereon alleges that each of the fictitiously

19  named defendants is responsible in some manner for the

20  occurrences herein alleged, and such defendants caused plaintiff

21  damages as herein alleged.

22      3.   Plaintiff is informed and believes, and thereon

23  alleges, that at all times herein mentioned each and every

24  defendant was the agent, servant, employee and/or representative

25  of each other defendant and was, in doing the things complained

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              3

1  of herein, acting within the scope of said agency, service,

2  employment and or representation, and that each and every

3  defendant herein is jointly and severally responsible and liable

4  to plaintiff for the damages hereinafter alleged.

5                          JURISDICTION AND VENUE

6      4.      Jurisdiction is proper in this court as the acts

7              complained of occurred in San Francisco,

8              California.

9      5.      The amount in controversy exceeds limited

10             jurisdiction.

11     6.  Plaintiff  timely  files  this  complaint,  as  he

12             discovered  the  fraudulent  acts  of  the  defendants  in

13             December 2007.

14     7.  Plaintiff  will  amend  this  complaint  to  allege  those

15             causes of action once defendants respond to the claim.

16                      **FIRST CAUSE OF ACTION**
                        **FRAUD AND INTENTIONAL DECEIT**
                 **(California Civil Codes §1709, §1710 and §1572)**
17                             **FIRST COUNT**
                    **INTENTIONAL MISREPRESENTATION OF FACT**

18     8.      Plaintiff realleges and incorporates herein by

19  reference every allegation stated herein.

20     9.      Plaintiff is informed, believes and therefore alleges

21  that defendants' acts constituted fraud and intentional deceit

22  due to the defendants attempting to cover-up a possible or

23  would-be disability discrimination claim from plaintiff, in the

24  event plaintiff discovered that the defendants discriminated

25
COMPLAINT FOR DAMAGES, CIVIL RIGHTS                               4

1  against due to his disability.

2     10.    On or around March 28, 2006, plaintiff requested a

3  medical leave from the defendants due to work related stress

4  allegedly caused by two of the defendants' supervisor/managers.

5  On or around March 28, 2006, plaintiff signed an voluntary

6  resignation agreement stating he would return no later than June

7  15, 2006 and that if he did not return by June 15, 2006, his

8  absence would be considered a voluntary quit and he will be

9  terminated on that day.

10     11.    On or around June 15, 2006, plaintiff did not return

11  to work due to (1) still being disabled and (2) due to fear of

12  further retaliation from defendants, and (3) due to fear of

13  being terminated once he did return to work for the defendants.

14     12.    Plaintiff is informed, believes and therefore alleges

15  that he was forced to resign on June 15, 2006, pursuant to the

16  voluntary resignation agreement he signed on March 28, 2006,

17  absent defendants offering plaintiff a further reasonable

18  accommodation to his disability before allowing him to "

19  voluntarily quit", as voluntary quit in this case is voluntary

20  termination which results in its simple form – termination of

21  employment.

22     13.    On or around March 9, 2007, plaintiff filed a

23  complaint against defendants Aramark Sports,LLC, and Ying Kee

24  McVicker and Mathew Lee as individuals, alleging Retaliation,

25  COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              5

1  Harassment, Constructive Discharge, Failure to Prevent

2  Harassment, and Intentional Infliction of Emotional Distress.

3  Plaintiff did not in this complaint allege Disability

4  Discrimination due to not knowing he was or had been subject to

5  disability Discrimination at that point in time. Plaintiff

6  discovered in December 2007 that he had been subject to

7  disability discrimination on June 15, 2006.

8      14.    Plaintiff alleges that sometime in Feb.2007, he

9  requested his employee records from Defendants, specifically

10  Defendants' HR Manager, James Chan. Mr. Chan released plaintiff's

11  employee records which contained a copy of the voluntary

12  resignation agreement dated March 28, 2006 that plaintiff signed

13  agreeing to return on June 15 2006. On the Face of the Voluntary

14  Resignation Agreement was a notation made by James Chan stating

15  that he communicated with the Executive Chef regarding plaintiff

16  not returning to work on June 15, 2006. Plaintiff alleges that

17  this is evidence that he was terminated pursuant to the

18  voluntary resignation agreement, in addition to the fact that

19  the mere existence of the voluntary resignation agreement shows

20  plaintiff was more than likely terminated pursuant to it.

21      15.    On or around August 28, 2007, plaintiff served

22  defendants a request for documents demanding all documents

23  relevant to his termination, instead of defendants producing the

24  same documents he received from James Chan before he filed his

25

1  lawsuit defendants presented another version of the voluntary
2  resignation without the notation of James Chan on the face of
3  the agreement. This shows defendants withheld evidence.

4     16.     On or around December 20, 2007, plaintiff realized
5  through research that he had been subject to Disability
6  Discrimination and in December 2007, filed a motion to amend his
7  complaint to add Disability Discrimination under the ADA, UNRUH
8  and FEHA. Defendants stipulated with plaintiff to allow the
9  amendment.

10    17.     On or Around Jan 15, 2008, Plaintiff discovered
11 through his Discovery served on defendants that he was defrauded
12 by defendants, as defendants attempted to cover up the fact that
13 they had discriminated against plaintiff due to his mental
14 disability.

15    18.     On or around May 2, 2007, defendants, through their
16 Worker's compensation Attorneys Gray and Prouty, requested that
17 plaintiff agree and sign a document stating that he voluntarily
18 resigned on May 1, 2007. The purpose for defendants' request was
19 to allow the proposed agreement to void out the agreement signed
20 on March 28, 2006, as this agreement is the initial and actual
21 reason why plaintiff was terminated: which was when Plaintiff
22 was forced to resign due to his disability violating ADA, the
23 Unruh and FEHA.

24    19.     Defendants through their council submitted the

25
COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              7

1   agreement to plaintiff for his signature. Plaintiff then refused

2   to agree that he resigned on May 1, 2007, knowing that he

3   resigned on June 15, 2006, pursuant to the agreement signed on

4   March 28, 2006.

5       20.    Defendants insisted that plaintiff signed the

6   agreement prior to releasing his already agreed upon Worker's

7   Compensation settlement of $5,500. Plaintiff altered the date

8   and signed the agreement as voluntarily resigning on June 15,

9   2006, not May 1, 2007 as Defendants requested he do. Although

10  plaintiff did not sign the agreement as voluntarily resigning on

11  May 1, 2007, he did sign agreeing that he *voluntarily resigned*

12  on June 15, 2006. Even though Defendants were not successful in

13  getting plaintiff to agree that he resigned on May 1, 2007, they

14  planned to use the agreement anyway to void out the original

15  agreement signed on March 28, 2006. Defendant planned to use the

16  new agreement to say that plaintiff resigned on June 15, 2006 to

17  give the impression that he voluntarily resigned on his own on

18  June 15, 2006 and not pursuant to the agreement he signed on

19  March 28, 2006, to shield themselves from disability

20  discrimination. Although the mere existence of any voluntary

21  agreement plaintiff signed in May 2007, or anytime therafter is

22  a fraud.

23      21.    Plaintiff is informed believes and therefore alleges

24  that the defendants made a false representation offering the

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                    8

1  voluntary resignation agreement. The true facts being;
2  Defendants forced plaintiff to resign pursuant to the voluntary
3  resignation agreement he signed on March 28, 2006, and defendants
4  were attempting to suppress this material fact, requesting that
5  he sign the agreement presented on May 2, 2007. This act was
6  FRAUD in its purest Form. Defendants used their Worker's
7  Compensation Attorney, Gray and Prouty, and held back the agreed
8  upon settlement to coerce plaintiff to sign the agreement, to
9  help plaintiff defraud his own self. Plaintiff signed the
10 agreement and returned it, as this proves that the FRAUD reached
11 its full Fruition or Justifiable reliance, damaging plaintiff
12 even further.

13   22.    Plaintiff alleges that it was a misrepresentation of
14 Material Fact by Defendants to request plaintiff to agree and
15 sign an agreement stating that his voluntary resignation was on
16 a date after he had already voluntarily resigned in an attempt
17 to cover up a possible disability discrimination claim against
18 them.

19   23.    Defendants attempt to use the document to void out his
20 original resignation agreement signed on March 28, 2006 was
21 despicable conduct done with malice. Defendants attempted to
22 defraud Plaintiff of his rightful claim of disability
23 discrimination and the tangible and intangible benefits
24 representing monetary and other damages that could be awarded
25
COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              9

1 | due to the disability claim. This act is clearly a intentional
2 | misrepresentation of Material Fact.

3 | 24.    When the Defendants made the representations, they
4 | knew them to be false or were based on false pretenses or
5 | misrepresentations, as the defendants made these representations
6 | with the intention to deceive and defraud plaintiff and to
7 | induce plaintiff to act in reliance on these representations in
8 | the manner alleged, or with the expectation that plaintiff would
9 | so act. Defendants expected plaintiff to sign the agreement so
10 | he could receive his WC Settlement of $5,500 and coerced him to
11 | sign the agreement before agreeing to release payment of the
12 | $5,500 to him.

13 |    25.    Plaintiff at the time these representations were made
14 | by Defendants, believed that that the Defendants representations
15 | were true. Due to believing, plaintiff thought it was acceptable
16 | or alright to sign the document, and that it was not depriving
17 | him of any further rights and that there was a legal forthright
18 | reason for defendants requesting him to sign the voluntary
19 | agreement. Defendants used their council to help trick plaintiff
20 | by presenting the document as if it was legal, when actually it
21 | was not, as this shows that plaintiff's reliance on defendant
22 | representation was justified.

23 |    26.    Plaintiff alleges that he has satisfied all the
24 | elements for intention misrepresentations, which includes: (1)

25 | COMPLAINT FOR DAMAGES, CIVIL RIGHTS                    10

1  misrepresentations (2) Material Fact (3) Knowledge of Falsity

2  (4) Intent to induce reliance (5) Justifiable reliance and (6)

3  Causation and Damages

4  27.    Defendants attempt to defraud Plaintiff violated

5  California Civil Codes §1709, §1710, and §1572

6  28.    As a proximate result of the fraudulent conduct or the

7  defendants as herein alleged, plaintiff was subjected to Fraud

8  and Intentional Deceit that subject or caused him emotional

9  distress and mental anguish.

10  29.    The aforementioned conduct of defendants was an

11  intentional misrepresentation, deceit, or concealment of a

12  material fact known to the defendants with the intention on the

13  part of the defendants of to deprive the plaintiff of property

14  or legal rights, causing injury, and was despicable conduct that

15  subjected plaintiff to a cruel unjust hardship in conscious

16  disregard of the plaintiff's rights, so as to justify an award

17  of exemplary and punitive damages.

18                          SECOND COUNT

19                    Negligent Misrepresentation

20  30.    When the defendants made the representation they had

21  no reasonable grounds for believing them to be true. Defendants

22  knew that (1) it was not necessary for Plaintiff to sign the

23  Agreement at all (2) it was not necessary for plaintiff to sign

24  the agreement as a condition to him receiving or defendants

25
COMPLAINT FOR DAMAGES, CIVIL RIGHTS                          11

1 | releasing plaintiff already agreed upon worker's compensation
2 | settlement of $5,500.

3 |    31.  Plaintiff alleges that the defendants made the
4 | representation with intent to induce plaintiff to rely upon it.

5 |    32.  Plaintiff alleges that he was unaware of the falsity
6 | of the representation; in that he did not know that the purpose
7 | or the agreement was to shield the defendants from a possible
8 | discrimination disability claim from plaintiff, depriving
9 | plaintiff of any possible monetary damages from the claim.

10 |    33.  Plaintiff alleges that he acted in reliance upon the
11 | truth of the representation; as in him thinking it was necessary
12 | to sign the agreement, as he believed it to be safe or true
13 | because it was presented to him by Defendants worker's
14 | compensation attorney. · Plaintiff believed it to be true
15 | because he knew Defendants WC Attorney knew exactly when he
16 | actually resigned or knew Plaintiff resigned on June 15, 2006
17 | pursuant to the March 28, 2006 agreement.

18 |    34.  Defendants initiating these actions in an attempt to
19 | DEFRAUD plaintiff of his claim of disability discrimination and
20 | any possible monetary damages that would be awarded in lieu of
21 | the disability discrimination claim, violated California Codes
22 | §1572, §1709 and §1710, Therefore Plaintiff is entitled to
23 | Statutory Damages, Costs and awards of Attorney Fees.

24 | THIRD COUNT

25 |

COMPLAINT FOR DAMAGES, CIVIL RIGHTS             12

1                           Suppression of Fact

2        35.   Defendants suppressed the fact that if was not

3   necessary for Plaintiff to agree and sign the voluntary

4   resignation agreement to receive his worker's compensation

5   settlement of $5,500.

6        36.   In addition on or around July 2,2007, defendants

7   worker's compensation Attorney Dana Mitchell filed an opposition

8   to plaintiff's Readiness to Proceed. In the opposition,

9   Defendants state or implied that the reason plaintiff's

10  settlement of $5,500 had not been paid was due to plaintiff

11  filing an EEOC Claim subsequent to agreeing to the settlement of

12  $5,500 with defendants. Plaintiff believes that defendants lied

13  to the Worker's Compensation Appeals Board to create a "Smoke

14  screen" or cover up as to the actual reason plaintiff's

15  settlement was held up, which was defendants wanting to force

16  plaintiff to sign the agreement to shield them from the

17  disability discrimination claim. Defendants concealed from the

18  Worker's Compensation Appeals Board that there was no EEOC Claim

19  filed by plaintiff subsequent to the agreement of the worker's

20  compensation Settlement.

21       37.   The defendants made the failure to disclose and

22  suppressed and/or concealed the information mentioned herein

23  alleged, with the intent to induce the plaintiff to act in the

24  manner herein alleged in reliance thereupon, with the intent to

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              13

1  cause plaintiff to sign the agreement.

2      38.    As a proximate result of the fraudulent conduct or the

3  defendants as herein alleged, plaintiff was subjected to Fraud

4  and Intentional Deceit that subject or caused him emotional

5  distress and mental anguish.

6      39.    The aforementioned conduct of defendants was an

7  intentional misrepresentation, deceit, or concealment of a

8  material fact known to the defendants with the intention on the

9  part of the defendants of to deprive the plaintiff of property

10  or legal rights, causing injury, and was despicable conduct that

11  subjected plaintiff to a cruel unjust hardship in conscious

12  disregard of the plaintiff's rights, so as to justify an award

13  of exemplary and punitive damages.

14      40.    Defendants' attempt to defraud plaintiff violated

15  section §1572 of the California Civil Code. Plaintiff is

16  therefore entitled to Statutory Damages, Costs and award of

17  Attorney fees.

18     Wherefore Plaintiff prays for judgment against Defendants as

19  more fully set forth below.

20                     SECOND CAUSE OF ACTION

21             Mail Fraud (18 U.S.C. Section §1341)

22      41.    Plaintiff realleges and incorporates therein by

23  reference every allegation stated herein.

24      42.    On or around May 2, 2007 Defendants mailed to

25
   COMPLAINT FOR DAMAGES, CIVIL RIGHTS                          14

1  Plaintiff by way of his Worker's Compensation Attorney Mary Lou
2  Williams, the voluntary agreement, which was the execution of a
3  scheme to defraud plaintiff.

4      43.   Title 18 - Crimes and Criminal Procedures, Part 1 -
5  Crimes Chapter 63 section 1341 Frauds and Swindles States:
6  Whoever, having devised or intending to devise any scheme or
7  artifice to defraud, or for obtaining money or property by means
8  of false or fraudulent pretenses, representations, or promises,
9  or to sell, dispose of, loan, exchange, alter, give away,
10 distribute, supply, or furnish or procure for unlawful use any
11 counterfeit or spurious coin, obligation, security, or other
12 article, or other article, or anything represented to be or
13 intimated or held out to be such counterfeit or spurious
14 article, for the purpose of executing such scheme or artifice or
15 attempting so to do, places in any post office or authorized
16 depository for mail matter, any matter or thing whatever to sent
17 or delivered by the Postal Service, or Deposits or causes to be
18 deposited any matter or thing whatever to sent or delivered by
19 any private or commercial interstate carrier, or takes or
20 receives therefrom, any such matter or thing, or knowingly
21 causes to be delivered by mail or such carrier according to the
22 direction thereon, or at the place at which it is directed to be
23 delivered by the person to whom it is addressed, any such matter
24 or thing shall be fined under this title or shall be fined under
25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                              15

1 | this title or imprisoned not more than 20 years, or both.

2 |     44.  Upon Defendants placing the Voluntary Resignation

3 | Agreement in the Post Office for Mail matter to be sent by the

4 | Postal Service, the Defendants committed Mail Fraud.

5 | FIRST COUNT OF MAIL FRAUD

6 |     45.  On or around May 2,2007 upon Defendants mailing the

7 | Voluntary Resignation Agreement to Mary Lou Williams at 4104 24th

8 | Street, San Francisco, CA 94104 constitutes first count of mail

9 | fraud.

10 | SECOND COUNT OF MAIL FRAUD

11 |     46.  On or around May 2,2007 upon Defendants mailing a copy

12 | of the Voluntary Resignation Agreement to Gretchen McCoy at SRS,

13 | at P.O. Box 591, Burbank, CA constitutes second count of mail

14 | fraud, as it was initiated to further the Scheme.

15 | THIRD COUNT OF MAIL FRAUD

16 |     47.  On or around May 2,2007 upon Defendants mailing a

17 | copy of the Voluntary Resignation Agreement to Mark Antoine

18 | Foster at 225 Ellis Street, San Francisco, CA., constitutes a

19 | third count of mail fraud, as it was initiated to further the

20 | Scheme.

21 | FOURTH COUNT OF MAIL FRAUD

22 |     48.  On or around July 3,2007 upon Defendants mailing a

23 | copy of the opposition to Plaintiff's <u>Declaration of Readiness</u>

24 | <u>to Proceed</u> to the Worker's Compensation Appeals Board

25 | COMPLAINT FOR DAMAGES, CIVIL RIGHTS

16

1  constitutes a Fourth Count of MAIL FRAUD, as it was initiated to
2  further the Scheme.

3                       FIFTH COUNT OF MAIL FRAUD

4      49.  On or around July 3,2007 upon Defendants mailing a
5  copy of the opposition to Plaintiff's Declaration of Readiness
6  to Proceed Mary Lou Williams at 4104 24th Street, San Francisco,
7  CA 94104 constitutes a Fifth Count of MAIL FRAUD, as it was
8  initiated to further the Scheme.

9                       SIXTH COUNT OF MAIL FRAUD

10     50.  On or around July 3,2007 upon Defendants mailing a
11 copy of the opposition to Plaintiff's Declaration of Readiness
12 to Proceed Gretchen Devine at Specialty Risk Services at P.O.
13 Box 591, Burlingame, CA constitutes a Sixth Count of MAIL FRAUD,
14 as it was initiated to further the Scheme.

15     51.  As a proximate result of the fraudulent conduct or the
16     defendants as herein alleged, plaintiff was subjected to Fraud
17     and Intentional Deceit that subject or caused him emotional
18     distress and mental anguish.

19     52.  The aforementioned conduct of defendants was an
20 intentional misrepresentation, deceit, or concealment of a
21 material fact know to the defendants with the intention on the
22 part of the defendants of to deprive the plaintiff of property
23 or legal rights, causing injury, and was despicable conduct that
24 subjected plaintiff to a cruel unjust hardship in conscious

25
   COMPLAINT FOR DAMAGES, CIVIL RIGHTS                    17

1  disregard of the plaintiff's rights, so as to justify an award
2  of exemplary and punitive damages.

3    Wherefore Plaintiff prays for judgment against Defendants as
4  more fully set forth below.

5                          CONSPIRACY TO DEFRAUD

6                    (18 U.S.C. SECTION §1345,§1349)

7    53.  Plaintiff realleges and incorporates therein by
8  reference every allegation stated herein.

9    54.  Plaintiff is informed, believes and therefore alleges
10 that between March 9,2007 and May 1, 2007 Defendants and'er
11 members of Management conspired to defraud plaintiff by
12 attempting to cover-up a "would be" Disability Discrimination
13 Claim and wrongful termination Claim pursuant to the ADA, the
14. UNRUH and FEHA.

15    55.  Plaintiff is informed, believes and therefore alleges
16 that Aramark's managers conspired and authorized their council,
17 both Gray & Prouty and Morgan & Lewis to submit and offer the
18 Voluntary Resignation Agreement to plaintiff, on May 2,2007,
19 knowing it was being submitted for fraudulent reasons.

20    56.  Defendants conspiring to defraud plaintiff violated
21 California Civil Codes §1709, §1710 and §1572 and 18 U.S.C.
22 Section 1345, and 1349.

23    57.  As a proximate result of the fraudulent conduct of the
24 defendants as herein alleged, plaintiff was subjected to fraud

25                                                                    18

COMPLAINT FOR DAMAGES, CIVIL RIGHTS

1 | and intentional deceit and MAIL FRAUD, causing him emotional
2 | distress and mental anguish.

3 |    58.  The aforementioned conduct of defendants was an
4 | intentional misrepresentation deceit, or concealment of a
5 | material fact known to the defendants with the intention on the
6 | part of the defendants of thereby depriving the plaintiff of
7 | property or legal rights causing injury, and was despicable
8 | conduct that subjected plaintiff to a cruel unjust hardship in
9 | conscious disregard of the plaintiff's rights, so as to justify
10 | an award of exemplary and punitive damages.

11 |   Wherefore Plaintiff prays for judgment against Defendants as
12 | more fully set forth below.

13 | WIRE FRAUD.

14 | 18 U.S.C. SECTION §1343

15 |    59.  Plaintiff realleges and incorporates therein by
16 | reference every allegation stated herein.

17 |   60. Plaintiff is informed, believes and therefore alleges
18 | that between March 9,2007 and May 2,2007, Defendants and/or
19 | members of Management of Aramark utilized emails, the telephone
20 | or by fax to further their Scheme to defraud Plaintiff by
21 | attempting to cover-up a "would be" disability discrimination
22 | claim and wrongful termination Claim pursuant to the ADA, the
23 | UNRUH and FEHA.

24 |    61. Plaintiff is informed, believes and therefore alleges

25 |

COMPLAINT FOR DAMAGES, CIVIL RIGHTS        19

1   that between March 9,2007 and May 2,2007, Defendants and or
2   members of Management of Aramark conspired and Authorized their
3   council Gray & Prouty and Morgan & Lewis to submit the offer to
4   plaintiff in the form of the agreement.

5       62. Defendant's use of the above mentions methods of
6   Communication to defraud plaintiff violated Section California
7   Civil Codes §1709, §1710 and 18 U.S.C. Section §1343.

8       63. As a proximate result of the Fraudulent conduct or the
9   defendants as herein alleged, Plaintiff was subjected to Fraud
10   and Intentional Deceit and WIRE FRAUD, causing plaintiff
11   emotional distress and mental anquish.

12       64. The aforementioned conduct of defendants was an
13   intentional misrepresentation, deceit, or concealment of a
14   material fact known to the defendants, with the intention on the
15   part of the defendants, thereby depriving the plaintiff of
16   property or legal rights, causing injury to plaintiff, and was
17   despicable conduct that subjected plaintiff to a cruel unjust
18   hardship in conscious disregard of the plaintiff's rights, so as
19   to justify an award of exemplary and punitive damages.

20     Wherefore Plaintiff prays for judgment against Defendants as
21   more fully set forth below.

22           INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
23       65.   Plaintiff realleges and incorporates therein by
24   reference every allegation stated herein.

25

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                 20

66.    The fraudulent actions of defendants were outrageous, intentional and malicious and done with reckless disregard of the fact that they would certainly cause plaintiff to suffer severe emotional and physical distress. Defendants knew that defrauding plaintiff in an attempt to deprive from his "would be" Disability Discrimination Claim would certainly cause him to suffer severe emotional and physical distress. Defendants also knew Plaintiff had already suffered psychological injury due to the previous acts of the Defendants while Plaintiff was employed at the Carnelian Room, but still proceeded with their Fraudulent acts after Plaintiff resigned or was constructively Discharged.

67.    As a proximate result of the acts of defendants, Plaintiff has and will more than likely continue to suffer emotional distress in the form of fear, anxiety, worry, and mental suffering as the injury will have an effect on Plaintiff's future capacity to work and earn income.

68.    Plaintiff will seek more psychological counseling as a result of the defendants conduct.

69.    As a proximate result of Defendants conduct, Plaintiff has suffered general Damages in an amount to be determined by Proof at Trial.

70.    Defendants conduct was done knowingly, willfully and with malicious intent and Plaintiff can prove the fraudulent acts of Defendants by "clear and convincing" evidences and

COMPLAINT FOR DAMAGES, CIVIL RIGHTS                                    21

1   therefore Plaintiff is entitled o Punitive Damages in an amount
2   to be determined by Proof at trial.

3       Wherefore Plaintiff prays for judgment against Defendants as
4   more fully set forth below.

5                   NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

6       71.  Plaintiff realleges and incorporates therein by
7   reference every allegation stated herein.

8       72.  Plaintiff is informed, believes and therefore alleges
9   that Defendant Aramark Corporation is negligent in causing
10  plaintiff Emotional Distress, in that Defendant Aramark
11  Corporation has breached their duty of care by allowing Aramark
12  Sports, LLC, and its Managers to intentionally inflict Plaintiff
13  with Emotional Distress causing Plaintiff injury resulting in
14  damages. Defendants' negligence causing of Emotional Distress is
15  not an independent Tort: it is a Tort of Negligence.

16      73.  As a proximate result of the fraudulent conduct of the
17  defendants as herein alleged, Plaintiff has suffered general
18  Damages in an amount to be determined by Proof at Trial.

19      Wherefore Plaintiff prays for judgment against Defendants as
20  more fully set forth below.

21                          PRAYER FOR RELEIF

22      WHEREFORE, Plaintiff FOSTER prays for judgment against
23  defendants, and each of them, as more fully set forth below:

24      1. For general damages, including emotional distress,

25
    COMPLAINT FOR DAMAGES, CIVIL RIGHTS                          22

1      according to proof;

2      2. For statutory penalties and all relief allowed by

3         statute according to proof;

4      3. For punitive damages;

5      4. for an award of attorney's fees;

6      5. For pre-judgment interest at the legal rate according to

7         proof;

8      6. For costs of suit incurred;

9      7. For such other and further relief as the court may deem

10        proper.

11   Dated: *February 1, 2008*          *Mark Antoine Foster*

12                                 Mark Antoine Foster, In Pro Per

13

14

15

16

17

18

19

20

21

22

23

24

25
     COMPLAINT FOR DAMAGES, CIVIL RIGHTS                        23

JS 44 (Rev. 11/04)                      **CIVIL COVER SHEET**

ORIGINAL

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Mark Antonine Foster, In Pro Per

### DEFENDANTS
ARAMARK Sports, LLC and ARAMARK Corporation

**(b)** County of Residence of First Listed Plaintiff   **Alameda**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Mark Foster, In Pro Per
200 Corpus Christie Road, #A
Alameda, CA 94501
Tel: 415.756.1611

Attorneys (If Known)
Eric Meckley, SBN 168181
Morgan Lewis & Bockius LLP
One Market Street, Spear Tower
San Francisco, CA 94105
Tel:   415.442.1000

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)  and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 366 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 620 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 630 Patent | [ ] 480 Consumer Credit |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | | | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [X] 442 Employment | **Habeas Corpus:** | [ ] 740 Railway Labor Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | | | |
| [ ] 290 All Other Real Property | [ ] 448 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. Sections 1332(a)(1), 1341, 1343, 1345, and 1349

Brief description of cause:  Plaintiff alleges claims of mail fraud, conspiracy to commit mail fraud, and wire fraud against Defendant.

### VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 0.00

- [ ] CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes  [X] No

### VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE _____   DOCKET NUMBER _____

DATE
March 7, 2008

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

NDC-JS44

Court Name: U.S. District Court, NDCA
  Vision: 3
  Receipt Number: 34611016743
Cashier ID: bucklew
Transaction Date: 03/07/2008
Payer Name: wheels of justice
-------------------------------------------
CIVIL FILING FEE
  For: aramark sports
  Case/Party: D-CAN-3-08-CV-001336-001
  Amount:      $350.00
-------------------------------------------
CHECK
  Check/Money Order Num: 20504
  Amt Tendered:  $350.00
-------------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:      $0.00

emc


  cks and drafts are accepted
  ject to collections and full
  credit will only be given when the
  check or draft has been accepted by
  the financial institution on which
  it was drawn.