ERIC MECKLEY, State Bar 168181
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:  415.442.1000
Fax:  412.442.1001
E-mail:  emeckley@morganlewis.com

MELINDA S. RIECHERT, State Bar No. 65504
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA  94306-2122
Tel:  650.843.4000
Fax:  650.843.4001
E-mail:  mriechert@morganlewis.com

Attorneys for Defendants
ARAMARK SPORTS, LLC and ARAMARK
CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK ANTOINE FOSTER,<br><br>            Plaintiff,<br><br>      vs.<br><br>ARAMARK SPORTS, LLC and ARAMARK CORPORATION, and DOES 1-73,<br><br>            Defendants. | Case No. C-08-01336 PJH<br><br>**DEFENDANTS' NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[FRCP 12(b)(6)]**<br><br>Date:      April 23, 2008<br>Time:      9 a.m.<br>Place:     Courtroom 3, 17th Floor<br>Judge:    Hon. Phyllis J. Hamilton |

1-PA/3694648.1

DEFENDANTS' NOTICE OF MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF CASE NO. C-08-01336 PJH

# NOTICE OF MOTION AND MOTION

TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT, on April 23, 2008, at 9 a.m., or as soon thereafter as the matter may be heard in Courtroom 3 of the above-captioned Court, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, California, the Honorable Phyllis J. Hamilton presiding, Defendants ARAMARK Sports, LLC and ARAMARK Corporation (collectively hereinafter "ARAMARK") will, and hereby do, move to dismiss under the Federal Rules of Civil Procedure, Rule 12(b)(6), all claims and allegations in Plaintiff Mark A. Foster's Complaint.

By way of this Motion, Defendants seek the following relief: Dismissal of Foster's first claim for violation of California Civil Code Sections 1572, 1709, and 1710; second claim for mail fraud pursuant to 18 U.S.C. Section 1341; third claim for conspiracy to defraud pursuant to 18 U.S.C. Sections 1345 and 1349; fourth claim for wire fraud pursuant to 18 U.S.C. Section 1343; fifth claim for intentional infliction of emotional distress; and sixth claim for negligent infliction of emotional distress. Dismissal is required under Rule 12(b)(6) because the allegations pled in support of each of Plaintiff's six claims fail to state a claim upon which relief can be granted as a matter of law.

This Motion is made based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in Support Thereof, the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

Dated: March 14, 2008                MORGAN, LEWIS & BOCKIUS LLP

By  /S/   Eric Meckley
Eric Meckley
Attorney for Defendants
Morgan, Lewis & Bockius LLP and Eric Meckley

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3694648.1                            1          DEFENDANTS' NOTICE OF MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF CASE NO. C-08-01336 PJH

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Mark Antoine Foster ("Foster") is a former employee of ARAMARK Sports LLC. Foster filed a lawsuit against ARAMARK Sports LLC and two former co-workers which is presently pending before this Court (Case C-08-00733 MHP). That lawsuit alleges a variety of claims relating to his former employment, including alleged harassment, retaliation and discrimination in violation of the Fair Employment & Housing Act, discrimination/failure to accommodate in violation of the Americans with Disabilities Act, and intentional infliction of emotional distress.

On or about February 7, 2008, Foster filed four new, almost identical, lawsuits in San Francisco County Superior Court against the following defendants:

1. ARAMARK Sports, LLC and ARAMARK Corporation. This is the present case.

2. Specialty Risk Services ("SRS") and Gretchen Devine. This case was removed to this Court on or around March 12, 2008 (Case 08-01421 SBA).

3. Gray & Prouty, Kempton Letts and Dana Mitchell. To Defendants' knowledge this case is still pending in state court (S.F. Superior Court case CGC-08-471938).

4. Morgan Lewis & Bockius, LLP ("MLB") and Eric Meckley. This case was removed to this Court on or around March 7, 2008 (Case 08-01337 EDL).[1]

SRS administered Foster's workers compensation claim against ARAMARK Sports. Gray & Prouty was the workers' compensation counsel in connection with Foster's workers compensation claim. MLB represents ARAMARK Sports LLC and the two individual defendants in Foster's pending civil lawsuit before Judge Patel.

In each of the virtually identical four lawsuits filed on February 7, Foster asserts essentially the same claims and alleges that he was asked to sign a document in connection with the settlement of his workers compensation claim that contained an inaccurate date for his resignation from ARAMARK. Foster admits that he corrected the inaccurate date and inserted

---

[1] Morgan, Lewis & Bockius and Eric Meckley have filed a Rule 12(b)(6) motion to dismiss in the action pending before Magistrate Judge Laporte.

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Palo Alto

1-PA/3694648.1

2

DEFENDANTS' NOTICE OF MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF CASE NO. C-08-01336 PJH

1  the correct date before signing the document.

2      ARAMARK Sports LLC and ARAMARK Corporation (hereinafter "Defendants") now

3  bring this Motion to Dismiss this action on the following grounds:

4      *First*, Foster's claim under California Civil Code Sections 1572, 1709, and 1710 fails to

5  state a claim because Foster fails to allege that he relied on a misrepresentation. Foster's claim

6  further fails to state a claim because he fails to allege that even if he had relied on a

7  misrepresentation, he suffered any damage as a result.

8      *Second*, Foster's claim for mail fraud pursuant to 18 U.S.C. Section 1341 fails to state a

9  claim because there is no private right of action for violation of this criminal statute.

10      *Third*, Foster's claim for conspiracy pursuant to 18 U.S.C. Sections 1345 and 1349 fails to

11  state a claim because there is no private right of action for violation of this criminal statute, and

12  only the Attorney General can bring an action for violation of these statutes.

13      *Fourth*, Foster's claim for wire fraud pursuant to 18 U.S.C. Section 1343 fails to state a

14  claim because there is no private right of action for violation of this criminal statute.

15      *Fifth*, Foster's claim for intentional infliction of emotional distress fails to state a claim

16  because Foster fails to allege that ARAMARK's alleged conduct was extreme and outrageous.

17      *Sixth*, Foster's claim for negligent infliction of emotional distress fails to state a claim

18  because Foster fails to allege that ARAMARK's alleged conduct was negligent.

## II. ALLEGATIONS IN THE COMPLAINT MATERIAL TO DEFENDANTS' MOTION[2]

### A. March 2006: Foster Requests Medical Leave from ARAMARK

On or about March 28, 2006, Foster requested a medical leave from ARAMARK, due to work related stress allegedly caused by two of ARAMARK's managers. Complaint, ¶¶ 1, 10. On or around March 28, 2006, in connection with his request for medical leave, Foster signed a voluntary resignation agreement stating he would return no later than June 15, 2006, and that if he did not return by June 15, 2006, his absence would be considered a voluntary resignation and he

---

[2] Defendants dispute Foster's allegations. For purposes of this Motion, however, Defendants accept Foster's allegations as true.

Morgan, Lewis & Bockius LLP
Attorneys At Law
Palo Alto

1-PA/3694648.1      3      DEFENDANTS' NOTICE OF MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF CASE NO. C-08-01336 PJH

would be terminated as of that date. Complaint, ¶10)

### B. June 2006: Foster Fails to Return to Work at ARAMARK

On or around June 15, 2006, Foster failed to return to work. Complaint, ¶11. Foster therefore resigned as of that date, pursuant to the agreement he signed on March 28, 2006. Complaint, ¶12.

### C. March 2007: Foster Files Suit Against ARAMARK in San Francisco Superior Court

On or around March 9, 2007, Foster filed suit against ARAMARK, and Ying Kee McVicker and Mathew Lee as individuals, alleging retaliation, harassment, constructive discharge, failure to prevent harassment, and intentional infliction of emotional distress. Complaint, ¶13. Foster later amended his complaint in December 2007 to add disability discrimination claims. Complaint, ¶16. MLB represents ARAMARK and the individual defendants in that case. Complaint ¶1.

### D. May 2007: ARAMARK Settles Foster's Worker's Compensation Claim

Foster alleges that on or around May 2, 2007, "defendants, through their worker's compensation attorneys Gray & Prouty" requested he sign a document stating he voluntarily resigned on May 1, 2007, as a condition to him receiving his worker's compensation settlement of $5,500.00. Complaint, ¶¶18, 20. Foster refused to agree to sign the document as written; he altered the date and signed the agreement confirming that he had voluntarily resigned on June 15, 2006. Complaint, ¶20.

### E. February 2008: Foster Files His Complaint

On February 7, 2008, Foster filed this lawsuit which focuses entirely upon the circumstances surrounding his signing the voluntary resignation agreement, in connection with and the context of settling his workers' compensation claim. ARAMARK now files this Motion as to all of the claims alleged by Foster.

## III. ARGUMENT

### A. Legal Standard For A Motion To Dismiss.

Federal Rule of Civil Procedure 12(b)(6) provides that a claim may be dismissed for

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3694648.1

4

DEFENDANTS' NOTICE OF MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF CASE NO. C-08-01336 PJH

"failure to state a claim upon which relief can be granted." Two rationales support dismissal: (1) the failure to present a cognizable legal theory, or (2) the failure to plead sufficient facts to support a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984). Conclusory allegations are insufficient to overcome a motion to dismiss. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Because Foster's claims arise under California State law, this Court applies the substantive law of California. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

### B. Foster's Claim For Fraud Pursuant to California Civil Code Sections 1572, 1709, and 1710 Fails To State A Claim Upon Which Relief Can Be Granted Because He Fails To Show That He Relied On A Misrepresentation Or That He Was Damaged.

Foster's claim alleges the violation of California Civil Code Sections 1572, 1709, and 1710. (Complaint, ¶¶ 8-40.) Section 1709 provides in pertinent part that "one who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers." Cal. Civ. Code § 1709. Sections 1572 and 1710 define the terms "actual fraud"[3] and "deceit."[4] Cal. Civ. Code §§ 1572, 1710.

To proceed with a claim of fraud under California law, Foster must establish: (1) misrepresentation; (2) scienter or knowledge of falsity; (3) intent to induce reliance; (4) actual, detrimental, and justifiable reliance, and (5) resulting damages. *Express, LLC v. Fetish Group, Inc.*, 464 F. Supp. 2d 965 (C.D. Cal. 2006).

Here, Foster claims that Defendants made false representations by requesting that he sign an agreement confirming his voluntary resignation as of May 1, 2007. (Complaint, ¶ 21.)

---

[3] Actual fraud consists of any of the following acts:
(1) The suggestion, as a fact, of that which is not true, by one who does not believe it to be true; (2) the positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true; (3) the suppression of that which is true, by one having knowledge or belief of the fact; (4) a promise made without any intention of performing it; or (5) any other act fitted to deceive. Cal. Civ. Code § 1572.

[4] Deceit is either:
(1) the suggestion, as a fact, of that which is not true, by one who does not believe it to be true; (2) the assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true; (3) the suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or (4) a promise, made without any intention of performing it. Cal. Civ. Code § 1710.

Morgan, Lewis & Bockius LLP
Attorneys At Law
Palo Alto

1-PA/3694648.1                             5                DEFENDANTS' NOTICE OF MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF CASE NO. C-08-01336 PJH

However, Foster acknowledges that he refused to agree that he resigned on May 1, 2007. (Complaint, ¶ 19.) Foster does not claim that he actually relied on Defendants' alleged misrepresentation. Foster instead chose to change the date of the resignation to its correct date and sign the agreement stating he voluntarily resigned on June 15, 2006, and not May 1, 2007. (Complaint, ¶ 20.) Thus, even if there was a misrepresentation concerning the date of resignation, Foster did not rely on such misrepresentation when he signed the agreement.

Moreover, even if Foster had actually relied on a misrepresentation, he fails to allege there was any damage resulting from such reliance, or how he has suffered any injury as a result of Defendants' actions. Foster merely offers a conclusory statement that Defendants' actions were an attempt to cover up his disability discrimination claim, yet he fails to allege how this is so, or what damages he has suffered as a result. Because Foster's Complaint lacks any such allegations, his fraud claim fails to state a claim and must be dismissed.

### C. Foster's Claim For Mail Fraud Pursuant To 18 U.S.C. Section 1341 Fails To State A Claim Upon Which Relief Can Be Granted Because There Is No Private Right Of Action For Violation Of This Criminal Statute.

Foster's claim alleges mail fraud under 18 U.S.C. Section 1341. (Complaint, ¶¶ 41-52.) 18 U.S.C. Section 1341 provides in pertinent part, "Whoever, having devised or intending to devise any scheme or artifice to defraud . . . places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service . . . shall be fined under this title or imprisoned . . . or both." 18 U.S.C. §1341. Foster fails to state a claim pursuant to this criminal statute because there is no private right of action for violation of this statute. "Though a bare criminal statute does not necessarily preclude an implied private right of action, there should "at least [be] a statutory basis for inferring that a civil claim of some sort lays in favor of someone."" *Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 408 (8th Cir. 1999), citing *Cort v. Ash*, 422 U.S. 66, 79 (1975). "Neither the mail fraud statute nor its legislative history provides for any remedy other than criminal sanctions." *Wisdom*, 167 F.3d at 408; see also *Ryan v. Ohio Edison Co.,* 611 F.2d 1170, 1178 (6th Cir. 1979) (finding the scant legislative history of the mail fraud statute to indicate an intent to punish dealers of fraudulent devices for using the United States mails but not an intent to create a private right of action); *Bell*

Morgan, Lewis & Bockius LLP
Attorneys At Law
Palo Alto

1-PA/3694648.1                6                DEFENDANTS' NOTICE OF MOTION TO DISMISS;
                                                MEMORANDUM OF POINTS AND AUTHORITIES IN
                                                SUPPORT THEREOF CASE NO. C-08-01336 PJH

*v. Health-Mor, Inc.,* 549 F.2d 342, 346 (5th Cir. 1977) (finding no implied private remedy under mail fraud statute). Thus, "Congress did not intend to create a private right of action in enacting either the wire or mail fraud statutes." *Wisdom*, 167 F.3d at 408. Foster is not a proper plaintiff and he has no private right of action for mail fraud. Thus his claim for mail fraud must be dismissed.

**D.    Foster's Claim For Conspiracy to Commit Mail Fraud Pursuant to 18 U.S.C. Sections 1345 and 1349 Fails To State A Claim Upon Which Relief Can Be Granted Because Only The Attorney General Can Bring Such An Action And Because There Is No Private Right Of Action For Violation Of This Criminal Statute.**

Foster's claim alleges conspiracy to commit mail fraud in violation of 18 U.S.C. Sections 1345 and 1349. (Complaint, ¶¶ 53–58.) 18 U.S.C. Section 1345 provides that if a person is "violating or about to violate this chapter . . . (insofar as such violation involves a conspiracy to defraud the United States or any agency thereof) . . . the Attorney General may commence a civil action in any Federal court to enjoin such violation." 18 U.S.C. §1345(a)(1). 18 U.S.C. Section 1345 thus provides that the United States, and not a private individual (such as Foster), may act as plaintiff. 18 U.S.C. §1345. Because Foster is not a proper plaintiff under 18 U.S.C. Section 1345 and has no private right of action, Foster's third claim for conspiracy pursuant to 18 U.S.C. §1345 fails to state a claim upon which relief can be granted and must be dismissed.

18 U.S.C. Section 1349 provides, "Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 18 U.S.C. §1349. As discussed above, Foster's underlying mail fraud claim fails to state a claim because there is no private right of action for violation of this mail fraud statute. Accordingly, Foster's conspiracy to commit mail fraud claim must also be dismissed.

**E.    Foster's Claim For Wire Fraud Fails To State A Claim Upon Which Relief Can Be Granted Because There Is No Private Right Of Action For Violation Of This Criminal Statute.**

Foster's claim alleges wire fraud in violation of 18 U.S.C. Section 1343. (Complaint, ¶¶ 59-64.) 18 U.S.C. Section 1343 provides that, "Whoever, having devised or intending to devise any scheme or artifice to defraud . . . transmits or causes to be transmitted by means of wire,

Morgan, Lewis & Bockius LLP
Attorneys At Law
Palo Alto

1-PA/3694648.1

7

DEFENDANTS' NOTICE OF MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF CASE NO. C-08-01336 PJH

1    radio, or television communication in interstate or foreign commerce, any writings, signs, signals,
2    pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this
3    title or imprisoned . . . or both." Foster fails to state a claim based on this criminal statute because
4    there is no private right of action for violation of this statute. As discussed above, there must be a
5    statutory basis for inferring that Congress intended to create a private right of action. Because the
6    sole remedy under the wire fraud statute is criminal sanctions, there is no such basis to infer that
7    Congress intended to create a private right of action pursuant to the wire fraud statute. *See*
8    *Napper v. Anderson, Henley, Shields, Bradford and Pritchard,* 500 F.2d 634, 636 (5th Cir. 1974)
9    (finding no implied private remedy under wire fraud statute). Foster is not a proper plaintiff and
10    has no private right of action. Thus his claim for wire fraud must be dismissed.

11    **F.    Foster's Claim for Intentional Infliction of Emotional Distress Fails to State A Claim Upon Which Relief Can Be Granted Because Foster Fails To Allege Conduct That Was Extreme And Outrageous.**

13    Foster's claim alleges intentional infliction of emotional distress. (Complaint ¶¶ 65-70.)
14    The essential elements of a *prima facie* case of intentional infliction of emotional distress under
15    California law are: (1) extreme and outrageous conduct by the defendant with the intention of
16    causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's
17    suffering severe or extreme emotional distress; and (3) actual and proximate causation of the
18    emotional distress by the defendant's outrageous conduct. *Tekle ex rel. Tekle v. U.S.*, 457 F.3d
19    1088, 1103 (9th Cir. 2006).

20    Foster's complaint fails to allege any conduct by Defendants that was "extreme and
21    outrageous." In order to recover damages, the defendant's conduct must be characterized as
22    involving an "extreme and outrageous" invasion of another's mental and emotional tranquility, or
23    as going beyond "all reasonable bounds of decency." *Alcorn v. Anbro Engineering, Inc.*, 2 Cal.
24    3d 493, 498 (1970); *Agostini v. Strycula,* 231 Cal. App. 2d 804, 808 (1965); *Perati v. Atkinson*,
25    213 Cal. App. 2d 472, 474 (1963). To be outrageous, conduct must be so extreme as to exceed all
26    bounds of that usually tolerated in a civilized community. *Alcorn,* 2 Cal. 3d at 499, fn.5;
27    *Cervantez v. J. C. Penney Co.*, 24 Cal. 3d 579, 593 (1979); *Angie M. v. Superior Court*, 37 Cal.
28    App. 4th 1217, 1226 (4th Dist. 1995).

Morgan, Lewis & Bockius LLP
Attorneys At Law
Palo Alto

1-PA/3694648.1                                           8                  DEFENDANTS' NOTICE OF MOTION TO DISMISS;
                                                                            MEMORANDUM OF POINTS AND AUTHORITIES IN
                                                                            SUPPORT THEREOF CASE NO. C-08-01336 PJH

Where, as here, physical harm has not resulted from the emotional distress, the courts "tend to look for more in the way of extreme outrage as an assurance that the mental disturbance claimed is not fictitious." *Perati*, 213 Cal. App. 2d at 474.

Here, the only conduct alleged in support of this claim consists of ARAMARK's workers compensation attorneys allegedly asking Foster to sign an agreement with an incorrect resignation date during and in the context of negotiating the settlement of his workers' compensation claim. Complaint ¶¶18-20. Foster alleges that he refused to sign the resignation document as presented and wrote in the correct date. Complaint ¶20. At the time the alleged request occurred (May 2, 2007), Foster was no longer employed by ARAMARK Sports, as he alleges he resigned on June 15, 2006. Complaint ¶¶18-20. Assuming these allegations to be true, they fall far short of "extreme and outrageous," and are insufficient as a matter of law to state a claim for intentional infliction of emotional distress. This alleged conduct indisputably does not "exceed all bounds of that usually tolerated in a civilized community," particularly in light of the fact that Foster does not dispute the resignation itself, but merely claims that the resignation date was incorrect, and he promptly corrected it. Accordingly, Foster's claim for intentional infliction of emotional distress fails to state a claim and must be dismissed.

### G. Foster's Claim for Negligent Infliction of Emotional Distress Fails to State A Claim Upon Which Relief Can Be Granted Because Defendants Owed No Duty To Foster

Foster's claim alleges negligent infliction of emotional distress. (Complaint ¶¶71-73.) Negligent infliction of emotional distress under California law is not an independent tort; it is the tort of negligence to which the traditional elements of duty, breach of duty, causation, and damages apply. *Ess v. Eskaton Properties, Inc.*, 97 Cal. App. 4th 120, 126 (2002). In order to state a claim for negligent infliction of emotional distress, Foster must point to *negligent* conduct that fundamentally caused the harm. *Tu v. UCSD Medical Center*, 201 F. Supp. 2d 1126, 1131 (S.D. Cal. 2002). "Where the conduct is intentional, it cannot be used as the basis for a negligent infliction of emotional distress claim." *Id.* citing *Edwards v. U.S. Fidelity & Guar. Co.*, 848 F. Supp. 1460, 1466 (N.D. Cal. 1994).

In this case, Foster bases his negligent infliction of emotional distress claim solely on the

Morgan, Lewis & Bockius LLP
Attorneys At Law
Palo Alto

1-PA/3694648.1

9

DEFENDANTS' NOTICE OF MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF CASE NO. C-08-01336 PJH

allegation that "ARAMARK Corporation has breached their duty of care by allowing ARARMARK Sports, LLC, and its Managers to *intentionally inflict* Plaintiff with Emotional Distress causing Plaintiff injury resulting in damages". Complaint ¶72 (emphasis added). Here, the allegations of the Complaint state that the conduct in question was intentional and, thus, cannot form the basis for a negligent infliction claim. Moreover, there is no case law imposing any "duty of care" in the context of a former employer litigating a workers' compensation claim against a former employee. There are simply no facts which would implicate negligence of any kind on behalf of Defendants. Finally, the only actual conduct alleged in the Complaint consists of the workers' compensation counsel presenting Foster with a resignation document that contained an incorrect date, which he then corrected. Because Foster can plead no set of facts to support this claim, his claim for negligent infliction of emotional distress fails to state a claim and must be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their Motion to Dismiss; and for all other relief in favor of Defendants that the Court finds appropriate.

Dated: March 14, 2008                           MORGAN, LEWIS & BOCKIUS LLP


By:   /S/   Eric Meckley
Eric Meckley
Attorney for Defendants
Morgan, Lewis & Bockius LLP and Eric Meckley

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3694648.1                          10           DEFENDANTS' NOTICE OF MOTION TO DISMISS;
                                                     MEMORANDUM OF POINTS AND AUTHORITIES IN
                                                     SUPPORT THEREOF CASE NO. C-08-01336 PJH