1 | Mark Antoine Foster, In Pro Per
2 | 200 Corpus Cristie Road #A
  | Alameda, California 94502
  | (415) 756-1611
3 | (619) 646-3564

MAR 21  PM 12: 4

RICHARD W. WICKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8 | **UNITED STATES DISTRICT COURT**

9 | **NORTHERN DISTRICT OF CALIFORNIA**

10 | **SAN FRANCISCO DIVISION**

Case No.  **C-08-01336 MHP**

**MARK ANTOINE FOSTER,**

**Plaintiff,**

vs.

**MORGAN LEWIS and BOKIUS,
And ERIC MECKLEY, an
Individual and does 1 through 81
Defendants**

**ORDER GRANTING
DISQUALIFICATION OF
ATTORNEYS ERIC MECKLEY,
MELINDA REICHERT, SUE BOAG
AND MORGAN LEWIS & BOKIUS
TO ACT AS COUNCIL IN ABOVE
TITLED CASE**

/

**Date:  APRIL 28, 2008
Time:  2:00 pm**

The motion of Plaintiff MARK ANTOINE FOSTER for an order to remand to disqualify Attorneys Eric Meckley, Melinda Reichert, Sue Boag and Morgan Lewis & Bokius came on regularly for hearing by the court on APRIL 28, 2008. Plaintiff appeared in Pro Per; defendant appeared by counsel Morgan Lewis & Bokius

On proof made to the satisfaction of the court that the motion ought to be granted.

ORDER GRANTING DISQUALIFICATION OF ATTORNEYS ERIC MECKLEY, MELINDA REICHERT, SUE BOAG AND MORGAN LEWIS AND BOKIUS TO ACT AS COUNCIL IN THE ABOVE TITLED CASE                          C-08-01336 MHP

1    IT IS ORDERED that the motion be, and it hereby is, granted and that Attorneys Eric

2  Meckley, Melinda Reichert, Sue Boag and Morgan Lewis & Bokius be disqualified to act as

3  council in the above titled case.

4

5    Dated:                                    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  ORDER GRANTING DISQUALIFICATION OF ATTORNEYS ERIC MECKLEY, MELINDA
    REICHERT, SUE BOAG AND MORGAN LEWIS AND BOKIUS TO ACT AS COUNCIL IN
    THE ABOVE TITLED CASE                          C-08-01336 MHP

1  **Mark Antoine Foster, In Pro Per**
   **200 Corpus Cristie Road #A**
2  **Alameda, California 94502**
   **(415) 756-1611**
3  **(619) 646-3564**



FILED

OC MAR 21  PM 12: 40

...U.S. DISTRICT COURT
...ERN DISTRICT OF CALIFORNIA

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10                 **SAN FRANCISCO DIVISION**

11

12                                Case No.  **C-08-01336 MHP**
   **MARK ANTOINE FOSTER,**
13                                **NOTICE OF MOTION AND MOTION**
                                  **TO DISQUALIFY ATTORNEYS ERIC**
             **Plaintiff,**        **MECKLEY, MELINDA REICHERT,**
14                                **SUE BOAG AND MORGAN LEWIS &**
                                  **BOKIUS; MEMORANDUM OF**
             **vs.**               **POINTS AND AUTHORITIES;**
15                                **DECLARATION OF MARK**
   **ARAMARK SPORTS LLC**          **ANTOINE AND EXHIBITS 1 THRU 7**
   **and ARAMARK CORPORATION**     **ATTACHED THERETO**
16 **·, and DOES 1 through 73**
                                  DATE : APRIL 28, 2008
17           **Defendants**         TIME : 2:00 p.m

18 _____/

19      TO DEFENDANTS MORGAN LEWIS AND BOKIUS LLP, and ERIC MECKLEY as

20 an individual.

21      PLEASE TAKE NOTICE THAT ON April 28, 2008 at 2:00 pm or as soon thereafter as

22 the matter may be heard in the above titled court, located at 450 Golden Gate Ave, San

23 Francisco, California. Plaintiff Mark Antoine Foster will move this court for an order

24 disqualifying Attorneys Eric Meckley, Melinda Riechart, Sue Boag and law firm Morgan Lewis

25 MOTION AND NOTICE OF MOTION TO DISQUALIFY ATTORNEYS ERIC MECKLEY,          1
   MELINDA REICHERT, SUE BOAG AND MORGAN LEWIS & BOKIUS C-08-01336 MHP

1  & Bokius from proceeding to act as council in this case. The request for disqualification is based

2  on the following grounds; (1) Attorney Eric Meckley's misconduct and breach of fiduciary duty

3  as an attorney as plaintiff has alleged fraud and intentional deceit in his complaint against

4  attorney Meckley and his employer Morgan Lewis & Bokius, (2) a conflict of interest has a risen

5  between Plaintiff and Attorney Meckley, (b) a conflict of interest has arisen between plaintiff

6  and Morgan Lewis & Bokius; (c) a conflict of interest has arisen between, Morgan Lewis &

7  Bokius, Eric Meckley and the California State Bar and the American Bar Association, as they

8  have violated the statutory Laws of this well stated law and (3) opposing council Morgan Lewis,

9  Eric Meckley and Melinda Riechart may be a fact witness in the case, pursuant to rule 3.7 of the

10  rules or profession conduct, among other things.

11  ## I.    FACTUAL AND PROCEDUAL BACKGROUND

12  1. On February 7, 2008, Plaintiff Mark Antoine Foster brought this case against

13  defendants pursuant to California code of Civil procedure 1709, 1710 and 1572 for

14  committing acts of Fraud and intentional Deceit, and referenced the defendants

15  committing mail fraud, wire fraud & conspiracy to defraud.

16  2. On February 7, 2008, Plaintiff also commenced similar complaints to Aramark's third

17  party administrators Specialty Risk Services who handles their worker's compensation

18  claims and Aramark's Employment Law Attorneys Morgan Lewis & Bokius.

19  3. On March 9, 2008, Plaintiff first initiated these series of lawsuits when he filed a

20  employment discrimination complaint against his former Employer Aramark Sports LLC.

21  4. On March 7, 2008, Defendants removed this case from San Francisco Superior Court

22  to this court.

23  5. Thereafter following the removal of the complaints, Melinda Riechart, a partner in the

24

25  MOTION AND NOTICE OF MOTION TO DISQUALIFY ATTORNEYS ERIC MECKLEY,
MELINDA REICHERT, SUE BOAG AND MORGAN LEWIS & BOKIUS C-08-01336 MHP

2

1    firm Morgan Lewis & Bokius joined Eric Meckley and Sue Boag in representing

2    Aramark and Morgan Lewis & Bokius.

3                    **II.    LEGAL ARGUMENT**

4    **1. Attorney Eric Meckley's Breach Of Fiduciary Duty And Knowledge Of Fraud &**

5    **Falsity**

6        Plaintiff alleges Attorney Eric Meckley's breached his Fiduciary Duty as an Attorney

7    with Plaintiff by aiding his clients in perpetuating a Fraudulent Scheme to defraud him.

8        On January 11, 2008, during Plaintiff's Court appointed Early Settlement Conference

9    (ESC) Defendant Attorney Meckley presented a document to Plaintiff he knew was a fraudulent

10   document to help his client cover up their Wrongful Termination and Disability Discrimination

11   of Plaintiff. In addition to distributing his ESC statement to Plaintiff, he was required to

12   distribute his ESC Statement to the San Francisco Superior Court, as the Fraudulent Document

13   was presented as a part of and in the Early Settlement Conference.

14       The Document presented was a Voluntary Resignation Agreement obtained on or around

15   May 7, 2007, over a year after plaintiff employment ended with Defendant Attorney Meckley's

16   client Aramark Sports LLC. Defendant Attorney Meckley knew exactly when plaintiff had ended

17   his employment with his client Aramark, and knew the document being presented was false as

18   Plaintiff was coerced to sign the document by his clients Workers Comp Attorney, Gray &

19   Prouty, as a condition to receiving his already agreed upon Workers Compensation check of

20   $5,500.

21       Attached to the Declaration of Mark Antoine Foster attached hereto as Exhibit 1, is a true

22   and correct copy of pages 11, i, and exhibit 6 of Aramark and Defendant Attorney's Meckley's

23   Early Settlement Conference Statement.

24

25   MOTION AND NOTICE OF MOTION TO DISQUALIFY ATTORNEYS ERIC MECKLEY,    3
     MELINDA REICHERT, SUE BOAG AND MORGAN LEWIS & BOKIUS C-08-01336 MHP

1   "An Attorneys presentation to court of statement of fact which is known to be false and

2   which tends to mislead court violates this section, whether or not attorney is successful in

3   misleading court, and intent to secure determination based on false statement is presumed.

4   Vickers V. State Bar of Cal. (1948) 196 P.2d 10, 32 Cal 2d 247; Pickering V. State Bar of

5   California (1944) 148 P.2d 1.24 Cal 2d 141.

6       Although Attorneys may not present evidence they know to be False or assist in

7   perpetrating known frauds on the court, they may ethically present evidence that they suspect,

8   but do not personally know is false. People v Riel (2000) 96 Cal Rptr. 2d 1, 22 Cal $th 1153, 998

9   F.2d 969, Rehearing Denied, Certiorari Denied 121 S. CT. 803, 531 U.S. 1087. 148 L. ED 690

10      Aramark and Defendant Attorney Meckley presented the fraudulent document to the

11   Court when he distributed it the San Francisco Superior Court and to Plaintiff and the panelists

12   participating in the Early Settlement Conference.

13      Disciplinary Rule 7-102 of the ABA states (A) (2) In his representation of a client, a

14   lawyer shall not knowingly advance a claim or defense that is unwarranted under existing law,

15   except that he may advance such claim or defense if it can be supported by good faith argument

16   for an extension, medication, or reversal of existing law. He also my not:

17   (3) Conceal or knowingly fail to disclose that which he is required by law to reveal,

18   (4) Knowingly use perjured testimony or false evidence

19   (5) Knowingly make a false statement of law or fact

20   (6) Participate in the creation or preservation of evidence when he knows or it is obvious that the

21   evidence is false

22   (7) Counsel or assist his client in conduct that the lawyer knows to be illegal or fraudulent.

23   (8) Knowingly engage in other illegal conduct or conduct contrary to a Disciplinary Rule.

24   **(B) A lawyer who receives in formation clearly establishing that;**

25   MOTION AND NOTICE OF MOTION TO DISQUALIFY ATTORNEYS ERIC MECKLEY, MELINDA REICHERT, SUE BOAG AND MORGAN LEWIS & BOKIUS C-08-01336 MHP

4

1   (1) His client has, in the course of the representation perpetuated a fraud upon a person or

2       tribunal shall promptly call upon his to rectify the same, and if his refuses or is unable to

3       do so, he shall reveal the Fraud to the affected person or tribunal, except when the

4       information is protected as a privileged communication.

5   (2) A person other than his client has perpetrated a fraud upon a tribunal shall promptly

6       reveal the fraud to the tribunal

7   6a CF ABA Canons of Professional Ethics, Canon 30 (1908) 10. CF. ABA Canons of

8   Professional Ethic, Canons 22 29 (1908)

9   Precision Ins. Mfg V. Automotive M.M. Co., 324 U.S. 806, 89 L.ED, 1381

10  Aramark and Defendant Attorney Meckley knew from evidence derived from his own

11  discovery of Plaintiff in the employment Discrimination case against them that Plaintiff resigned

12  pursuant to Voluntary Agreement he signed on March 28, 2006, as Aramark and Defendant

13  Attorney Meckley possesses a copy or that agreement.

14  Attached to the Declaration of Mark Antoine Foster attached hereto as Exhibit 2, is a true and

15  correct copy of the Voluntary Resignation agreement that plaintiff signed on March 28, 2006.

16  Aramark and Defendant Attorney Meckley knew the voluntary resignation agreement

17  (VRA) Plaintiff signed on May 7, 2007 was a fraudulent document because he knew its purpose

18  was to void-out Plaintiff's VRA signed on March 28, 2006.

19  Aramark and Defendant Attorney Meckley knew Plaintiff was terminated or resigned

20  pursuant to the VRA Plaintiff signed on March 28, 2006 when he did not return to work or June

21  15, 2006.

22  Aramark and Defendant Attorney Meckley knew that they wrongfully terminated Plaintiff

23  pursuant to the contract signed on March 28, 2006 because they knew through their own

24

25  MOTION AND NOTICE OF MOTION TO DISQUALIFY ATTORNEYS ERIC MECKLEY,
    MELINDA REICHERT, SUE BOAG AND MORGAN LEWIS & BOKIUS C-08-01336 MHP    5

1   discovery did not offer Plaintiff a reasonable accommodation to his disability before terminating

2   plaintiff.

3       Attached to the Declaration of Mark Antoine Foster attached hereto as Exhibit 3, is a true and

4   correct copy of page 6 of Aramark' Sports LLC's answers to plaintiff employment

5   interrogatories evidencing Plaintiff was terminated on June 15, 2006 pursuant to the contract

6   signed on March 28, 2006.

7       Attached to the Declaration or Mark Antoine Foster attached hereto as Exhibit 4 is true and

8   correct copies of Plaintiff state disability check stubs submitted to Aramark and Defendant

9   Attorney Meckley in response to Defendant Meckley's Discovery showing plaintiff was disabled

10  on or around June 15, 2006.

11      Aramark and Defendant Attorney Meckley knew that the voluntary Resignation agreement

12  Plaintiff signed on or around May 7, 2007 was being used to cover-up their Aramark's wrongful

13  termination of plaintiff.

14      Defendant Attorney Meckley as a lawyer knew he was abusing his position as lawyer

15  presenting the VRA signed on May 7, 2007 at the ESC on January 11, 2008, a judicial

16  proceeding, to help deceive plaintiff into thinking it was legal and justified.

17      Aramark and Defendant Attorney Meckley knew presenting the VRA signed on May 7, 2007

18  in the Early Settlement Conference on January 11, 2008, as if Plaintiff had resigned pursuant to it

19  instead of the VRA he signed on March 28, 2006 was fraud and intentional deceit.

20      Aramark and Defendant Attorney Meckley knew when Plaintiff signed the VRA on or

21  around May 7, 2007, stating he resigned on June 15, 2006, was just to confirm he voluntarily

22  resigned pursuant to the VRA he signed on March 28, 2006, and that's why Plaintiff altered the

23  date on the new VRA to June 15, 2006 from May 1, 2007, as his client Aramark first presented a

24

25  MOTION AND NOTICE OF MOTION TO DISQUALIFY ATTORNEYS ERIC MECKLEY,
    MELINDA REICHERT, SUE BOAG AND MORGAN LEWIS & BOKIUS C-08-01336 MHP

6

1  date of plaintiff's Resignation as of May 1 2007, as they expected him to agree that he resigned

2  on that date, which was over a year after Plaintiff employment ended with his client Aramark.

3     Attached to the Declaration of Mark Antoine Foster attached hereto as Exhibit 5 is a true and

4  correct copy of the compromise and release agreement presented to plaintiff by the Law Offices

5  of Gray and Prouty evidencing plaintiff was coerced to sign the documents as a condition of

6  receiving his worker's compensation settlement of $5,500.

7     Attached to the Declaration of Mark Antoine Foster attached hereto as Exhibit 6 is a true and

8  correct copy of the new VRA Displaying the May 1 2007 date.

9     In determining discipline, the Supreme Court may take into account whether the attorney's

10 misconduct was negligent, as opposed to being intentionally fraudulent, the former warranting

11 less severe discipline than the latter. Waysman V. State Bar (1986) 41 Cal 3d 452, 458 224 Cal

12 Rptr. 101,714, P.2d 1239.

13    Plaintiff alleges that defendant Meckley acts were intentional Fraud & Deceit, as he knew he

14 was participating in a fraudulent Scheme, and as he had knowledge of the falsity and the fraud.

15    Plaintiff alleges that Defendant Meckley motive was to please his client and impress his

16 employer, as he overreached to accomplish this.

17    Aramark and Defendant Attorney Meckley knew when Plaintiff signed the new VRA it was

18 not to void out or disregard the VRA signed on March 28, 2006 as if it did not exist or Plaintiff

19 was not terminated pursuant to it, but to the contrary.

20    It was a grave breach of Professional Ethics on part of claimant's Attorney's to present

21 expert testimony knowing or suspecting it to be false and misleading in the absence of full

22 disclosure of the manner in which test of allegedly defectively designed winch was conducted

23 Xanudu Maritime Trust V. Meyer N.D. CAL 1998, 21 F. Supp 2d. 1104.

24

25 MOTION AND NOTICE OF MOTION TO DISQUALIFY ATTORNEYS ERIC MECKLEY,
MELINDA REICHERT, SUE BOAG AND MORGAN LEWIS & BOKIUS C-08-01336 MHP

7

1    Aramark and Defendant Attorney Meckley consciously ignored and disregarded and

2    suppressed the fact that plaintiff was terminated pursuant the VRA he signed on March 28, 2006,

3    and knew Plaintiff was terminated pursuant the VRA he signed on March 28, 2006. Aramark and

4    Defendant Attorney Meckley attempted to defraud Plaintiff into believing that they did not

5    wrongfully terminate him and that because he signed the new VRA he was not entitled to claim

6    wrongful termination, and that he resigned on his own.

7    An attorney including a criminal defense attorney, has a special duty to prevent and disclose

8    frauds upon the court. People V. Riel (2000) 96 CAL Rptr. 1, 22 Cal 4th 1153, 998 P. 2d 969

9    rehearing denied. Certiorari denied, 121 S.Ch 803, 531 U.S. 1087, 148L. Ed 2d 690

10    Committing any act involving dishonesty, moral turpitude or corruption, whether the act is

11    committed in the course of the attorney relations as an Attorney or otherwise, and regardless of

12    whether or not the act is a felony or misdemeanor. [Bus & Prof Code 6106]. If the act

13    constitutes a felony or misdemeanor .Conviction in a criminal proceeding is not a condition

14    precedent to disbarment or suspension of practices because of the act [Bus & Prof. Code 6106].

15    In his complaint against Morgan Lewis & Bokius and Eric Meckley, (filed after the ESC)

16    Plaintiff alleged Morgan Lewis & Bokius and their client Aramark intended to use the new VRA

17    to attempt to void out Plaintiffs VR Agreement signed on March 28, 2006. Defendant Attorney

18    Meckley demonstrated this or confirmed this fact when he presented the document his ESC

19    statement, which shows the intent.

20    Defendant Attorney Meckley knew or should have known that the VRA Plaintiff signed

21    on or around May 7, 2007 was fraudulently obtained, or at the least he should have been

22    concerned about it being a fraudulent document, and or how his client obtained it, after plaintiff

23    had no compatible relationship with his former employer Aramark, as it was over a year that

24    Plaintiff employment ended with his client.

25    MOTION AND NOTICE OF MOTION TO DISQUALIFY ATTORNEYS ERIC MECKLEY,
     MELINDA REICHERT, SUE BOAG AND MORGAN LEWIS & BOKIUS C-08-01336 MHP

8

1    Participating in scheme to defraud creditors properly subjects Attorney to disciplinary

2    action. Alled V. State Bar (1977) 141 CAL Rptr. 808, 20 Cal 3d 172, 570 P.2d 1226

3    The Supreme Court adopted the recommendation of the review department. It held that

4    petitioner owned a duty of adequate representation to each individual client in the video owner's

5    group, and that evidences supported the review department findings that the Attorney failed in

6    his duty to communicate with his clients and failed to perform substantially the services for

7    which he was retained. It held further that, although petitioners sale of the pledged stock did not

8    violate the rule requiring preservation of client funds in a trust account (Rules Prof Conduct,

9    Former Rule 8-10 (A) ), since the stock did not constitute "funds" he nevertheless owed a

10   fiduciary duty, as pledge to preserve the pledged property. His improper sale of the stock, it held,

11   constituted a violation of his oath and duties as an attorney under Bus & Prof. Code 6068

12   subd.(a) 6108. Hartford V. State Bar, 50 CAL 3d 1139, 270 Cal Rptr 12, 791 P.2d 598 (June

13   1990)

14   Defendant Attorney Meckley Acts constituted a violation of his oath and duties as an

15   Attorney under Bus & Prof. Code 6068 subd(a), 6103.

16   An Attorney owed a fiduciary duty as pledge to preserve the pledged property. An

17   Attorney may be disciplined for breach of fiduciary duty owed to a non-client. Hartford V. State

18   Bar.

19   Defendant Attorney Meckley owed a fiduciary duty to plaintiff as a non-client.

20   Professionals are held to a higher standard of care than an ordinary reasonable person would be.

21   Attorneys, for example must behave as a reasonable Attorney would do so rather than an

22   ordinary person and that difference matters in court.

23   The attorney bears the burden of showing that the findings of the state bar are not

24   supported by the evidence, and in meeting that burden, must demonstrate that the charges of

25   MOTION AND NOTICE OF MOTION TO DISQUALIFY ATTORNEYS ERIC MECKLEY,
     MELINDA REICHERT, SUE BOAG AND MORGAN LEWIS & BOKIUS C-08-01336 MHP

9

1  unprofessional conduct are not sustained by convincing proof and to a reasonable certainty (per

2  Lucas, C.J., Arquelles and Eagleson JJ. ) Kapelus V. State Bar .44 cal. 3d 129, 242 Cal Rptr, 196

3  745 P.2d P.2d 917 (Dec 1987)

4      Plaintiff alleges that he has presented convincing evidence to a reasonable certainty

5  proving Defendant Attorney Meckley's unprofessional conduct and breach of fiduciary duty.

6      Defendant Attorney Meckley knew he was construing to help carryout a scheme help

7  shield his client from Plaintiff's claim of wrongful termination and disability discrimination.

8      Defining breach of fiduciary duty –

9      To determine breach of duty's existence, a determination is made as to the standard of

10  care and an evaluation of the defendants conduct in reflection of that determined standard. If

11  duty of care by the defendant can be proven, using the reasonable care standard, then negligence

12  can be an issue. The defendant needs to have recognized the risks created by her on his acting

13  and to understand what could happen from those risks taken. The general standard of care is then

14  applied to the specific circumstances of the situation and the jury must establish whether the

15  defendant conduct was negligent. When the courts decides if duty was owned they consider the

16  objective or subjective standard. Objective standard considers the defendants actions against a

17  hypothetical reasonable person. With the subjective standard, the court considers whether the tort

18  feasor, the person who is allegedly negligent, believes her or his actions were reasonable. For

19  example, if someone attempts to rob an elderly woman in a parking lot and she happens to have a

20  gun and shoots her attacker, the objective standard would ask if a reasonable person would have

21  acted the same way. In the subjective standard the courts would ask the elderly woman if she

22  though she was acting in a reasonable fashion.

23      If a plaintiff, is unable to prove the defendant's negligence because pertinent information

24  is inaccessible, them the plaintiff can rely on res ipsa loquitur, as this means is that the act

25  MOTION AND NOTICE OF MOTION TO DISQUALIFY ATTORNEYS ERIC MECKLEY,
   MELINDA REICHERT, SUE BOAG AND MORGAN LEWIS & BOKIUS C-08-01336 MHP

10

1  speaks for itself and needs no other information to determine negligence. But, in order to use

2  this, the Plaintiff must prove two things: The event which injured themselves only happens when

3  negligence has occurred; the item or instrument which caused the injury was under exclusive

4  control of the defendant and the plaintiff injuries were not due to their own act.

5  The Key Factor to remember in considering negligence is whether the duty of care was

6  even owed to the Plaintiff, by the defendant and whether or not that duty was breached.

7  Defendant Attorney Meckley owed plaintiff a duty of care as an Attorney to uphold law

8  and not engage in a fraudulent activity he knew would deprive plaintiff of his rights. Plaintiff has

9  presented credible evident supporting his claims against defendant Attorney Meckley but can

10 also rely on res ipsa loquitur, as the acts of Defendant Attorney Meckley speaks for itself and

11 Plaintiff needs no other information to determine negligence.

12 If the Attorney's misconduct involved an illegal transaction, the court may consider as a

13 mitigating factor the fact that the Attorney was merely a "follower", rather than an instigator in

14 the transaction. The Court may also consider the fact that the transaction occurred in connection

15 with the Attorney's personal affairs, and that the Attorney did not stand to benefit personally

16 from the transaction [see in re Chira (1986) 42 cal 3d 904, 909, 231 Cal Rptr. 560, 727 P. 2d

17 753].

18 Plaintiff alleges that Defendant Attorney Meckley was an instigator not merely a

19 "follower" in that he knew or had knowledge of the falsity of the document (VRA) and knew

20 presenting it in the manner in which he did was deceitful, therefore there are no mitigating

21 circumstances defendant Attorney Meckley can claim. Also Defendant Attorney Meckley's

22 motive was to fraudently shield his employer from a wrongful termination claim, and impress his

23 client and employer.

24

25 MOTION AND NOTICE OF MOTION TO DISQUALIFY ATTORNEYS ERIC MECKLEY,   11
   MELINDA REICHERT, SUE BOAG AND MORGAN LEWIS & BOKIUS C-08-01336 MHP

1    Plaintiff alleges that defendant Attorney Meckley probably would not have presented the

2   document in the Early Settlement Conference Statement, (which he also had to distribute a copy

3   to the coordinator of the Early Settlement Program, Commissioner Arlene Borick), if he had

4   been served with the fraud lawsuit prior to January 11, 2008, the date of the Early Settlement

5   Conference. He probably would not have presented it, because he would have know that his

6   actions would have solidified plaintiff's claims of fraud, as he "overreached" in his efforts to

7   help defraud Plaintiff of his wrongful termination claim.

8    Plaintiff believes and recognizes that all lawyers want to succeed financially, socially

9   professionally, and politically, but if this factor makes them do things behind a plaintiff's back

10   that is wrong, and it is of course an injustice. Plaintiff also believes many Lawyers have the

11   misguided idea their job is to be clever in a way that skirts the rules riding as close to the edge as

12   they can, they think it's good lawyering to play a "gotcha" game, twisting the meaning of words,

13   and knowingly hide evidence. A few lawyers even go so far as to cross the line and knowingly

14   violate the rules, intentionally allow perjury, physically hide tangible evidence and tell the court

15   it's missing, and even cite cases that don't even exist.

16    Plaintiff alleges that Defendant Attorney Meckley thinks its good lawyering to play

17   "gotcha" games and twist the meaning or words. Defendant Meckley intent was to present the

18   new VRA and say " see we gotcha, you signed off that you voluntarily resigned on your own,

19   and my client didn't wrongfully terminate you", knowing this was not true, as this is why the

20   efforts to obtain the document were initiated and the mere fact that the new VRA exists or was

21   created after plaintiff employment had already ended is a fraud.

22    In a disciplinary proceeding against an attorney, the evidence sustained charges that he

23   violated his oath as an attorney and that he committed acts involving moral turpitude and

24   dishonestly, justifying a recommendation of the board of bar governors that he be suspended

25   MOTION AND NOTICE OF MOTION TO DISQUALIFY ATTORNEYS ERIC MECKLEY,    12
    MELINDA REICHERT, SUE BOAG AND MORGAN LEWIS & BOKIUS C-08-01336 MHP

1 | from practice for one year, where, at the time he prepared and filed a complaint for a woman

2 | client in a personal injury action, he knew that an allegation as to a named man being Plaintiff's

3 | husband was not true and that the purported husband was the husband of another woman whose

4 | divorce action was then pending. Pickering V. State Bar 124 C.2d 141.

5 | Defendant Attorney Meckley knew the VR Agreement was a fraudulent document

6 | obtained by fraudulent means and was being used for fraudulent purposes. Plaintiff believes

7 | Defendant Attorney Meckley should be suspended and /or disbarred because be violated his oath

8 | as an Attorney and that he committed acts involving moral in turpitude and dishonesty.

9 | Under Bus & Prof Code 6068. Declaring that it is the duty of an Attorney "never to seek

10 | to mislead the judge by an artifice or false statement or fact of law", the presentation to a court of

11 | a statement of fact know to be false presumes an intent to secure a determination based thereon

12 | and is a clear violation of the quoted provision. Pickering V. State Bar

13 | Plaintiff alleges he has shown defendant Attorney Meckley's motive, intent, and

14 | knowledge of falsity.

15 | **2. CIRCUMSTANTIAL EVIDENCE**

16 | It is no coincidence that there would be a casual link in time as to when the new VRA

17 | was obtained, which was after Plaintiff and Aramark had already agreed on a settlement

18 | regarding the workers claim of $5,500, as the agreement was handled by Aramark's Worker

19 | Compensation Lawyers Gray & Prouty, and after Morgan Lewis & Bokius and Defendant

20 | Attorney Eric Meckley were retained as council against plaintiff in the representation of the

21 | employment discrimination claim.

22 | In April 1, 2007 before Plaintiff was offered the new VRA, which was on or around May

23 | 1, 2007, Morgan Lewis & Bokius's Attorney Sue Boag contacted Plaintiff to offer him a global

24 | settlement offer to settle the employment discrimination claim and workers compensation

25 | MOTION AND NOTICE OF MOTION TO DISQUALIFY ATTORNEYS ERIC MECKLEY, MELINDA REICHERT, SUE BOAG AND MORGAN LEWIS & BOKIUS C-08-01336 MHP

13

1 | claim, Plaintiff declined. Soon thereafter on or around May 1, 2008 Plaintiff was presented with

2 | the new VRA and was coerced to sign it. Aramark requested that he sign and agree that he

3 | voluntarily resigned on May 1, 2007, and that as a condition, insisted that he sign it to receive his

4 | already agreed upon worker compensation settlement on $5,500 dollars. Plaintiff altered the date

5 | to reflect or confirm that he resigned on June 15, 2006, over a year prior to May 1, 2007, as this

6 | date confirmed that Plaintiff actually resigned or June 15, 2006 pursuant to the March 28, 2006

7 | VRA, in which he agreed to return (if he was able) on June 15, 2006. Plaintiff was still disabled

8 | or June 15, 2006 and was not able to return. Plaintiff was also afraid of continued retaliation,

9 | from Aramark if he did return. (see employment discrimination claim presently pending in this

10 | court and subject to remand).

11 | Attached to the Declaration of Mark Antoine Foster attached hereto as Exhibit 7, is a true

12 | and correct copy of the VRA displaying the altered date of June 15, 2006.

13 | Although the new VRA was presented by Gray & Prouty, Plaintiff believes Defendant

14 | Attorney Meckley knew all along about the new VRA and knew how it was being obtained, and

15 | knew what it was going to be used for, and knew he was the one who was going to use it.

16 | Defendant Attorney Meckley wanted to trick Plaintiff into believing that the new VRA was

17 | valid.

18 | Actual harm is not necessary to merit disciplinary action for misleading Court and

19 | violating oath of Attorney if actual deception is intended and shown. Reznick V. State Bar

20 | (1969) 1 Cal. 3d 198, 204, 81 Cal Rptr 769, 460 P.2d 96

21 | Breach of fiduciary duty owed to non-client is basis for Attorney Discipline, Hartford V.

22 | State Bar, (1990) 50 Cal 3d 1139, 1153 270 Cal Rptr. 12, 791 P.2d 598

23 | Even outside Attorney – Client context, Attorney's breach or fiduciary duty owed to

24 |

25 | MOTION AND NOTICE OF MOTION TO DISQUALIFY ATTORNEYS ERIC MECKLEY, MELINDA REICHERT, SUE BOAG AND MORGAN LEWIS & BOKIUS C-08-01336 MHP

**14**

1   another warrants discipline, Morales V. State Bar (1988) 44 cal.3d 1037, 1044 –1045, 245 Cal

2   Rptr. 3a8, 751 P.2d 457.

3                              **3. CONFLICT OF INTEREST**

4           Plaintiff alleges that due to him filing his complaint s against Morgan Lewis & Bokius &

5   Eric Meckley alleging fraud & Intentional Deceit, intentional misrepresentation of material fact,

6   negligent misrepresentation, suppression of fact, breach of Fiduciary duty, intentional infliction

7   of emotional distress and negligent infliction of emotional distress, it has created several

8   conflicts of interest; (1) A conflict of interest has arisen between Plaintiff and defendant Attorney

9   Meckley. And for Defendant Attorney Meckley to continue to act as council for Aramark and

10  Morgan Lewis & Bokius after Plaintiff has shown that Defendant Attorney Meckley knows

11  Plaintiff has in possession enough substantial evidence to prove his claims against him, Plaintiff

12  is appalled and shocked that defendant Attorney Meckley would have the nerve to continue to

13  act as council against him knowing the alleged claims are pending against him. He knows he has

14  a duty to withdraw as council knowing that he may be a fact witness in this case against him and

15  the case against his client Aramark.

16          When charges are pending against a member, the member may opt to resign and

17  relinquish the right to practice law and thus avoid the prospect of formal discipline [see Call

18  Rules of Ct. Rule 9.21Ca]

19  The phase "charges pending" means the member [Cal State Bar Rules Pro Rule 650]:

20      • Is the subject of an investigation or a disciplinary proceeding;

21      • Is the subject of a criminal investigation or charge; or

22      • Has been convicted of a felony or misdemeanor

23  Plaintiff claims pending against Defendant Attorney Meckley establish that

24      (1) He is subject of an investigation or a disciplinary proceeding and

25  MOTION AND NOTICE OF MOTION TO DISQUALIFY ATTORNEYS ERIC MECKLEY,          **15**
    MELINDA REICHERT, SUE BOAG AND MORGAN LEWIS & BOKIUS C-08-01336 MHP

1    (2) He is subject of a criminal investigation or charge; and therefore should voluntarily

2         withdrawn from this case

3    Pursuant to the ABA Disciplinary Rule (DR 5 – 101 Refusing Employment When the

4    Interests or the Lawyer may impair his independent professional judgment

5         (A) Except with the consent of his client after full disclosure a lawyer shall not accept

6              employment if the exercise of his professional judgment or behalf of his client

7              will be or reasonably may be affected by his own financial, business, property, or

8              personal interests.

9         (B) A lawyer shall not accept employment in contemplated or pending litigation if he

10             knows or it is obvious that he or a lawyer in his firm ought to be called as a

11             witness, except that he may undertake the employment and he or a lawyer in his

12             firm may testify;

13   (1) If the testimony will relate solely to an uncontested matter

14   (2) If the testimony will relate solely to a matter of formality and there is no reason to believe

15        that substantial evidence will be offered in opposition to the testimony.

16   (3) If the testimony will relate solely to the nature and value of legal services rendered in the

17        case by the lawyer or his firm to the client

18   CF. ABA Canons of Professional Ethics, Canon 6 (1908) and ABA opinion 181(1938) 104

19   (1934), 103, 72 (1932)

20   Pursuant to DR 5 – 102 withdrawal as counsel when the Lawyer becomes a witness

21   (A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns

22        or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of

23        his client, he shall withdraw from the conduct of the trial and his firm, if any shall

24        continue the representation in the trial, except that he may continue the representation

25   MOTION AND NOTICE OF MOTION TO DISQUALIFY ATTORNEYS ERIC MECKLEY,
     MELINDA REICHERT, SUE BOAG AND MORGAN LEWIS & BOKIUS C-08-01336 MHP        **16**

1    and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5 –

2    101(b) (1) through (4)

3    (3) A conflict of interest has arisen between Plaintiff and Morgan Lewis & Bokius. Again it

4    is unethical for any Attorney employed by Morgan Lewis  &Bokius to act as council in

5    this case and the case against Aramark for same reasons mentioned herein.

6    An attorney who represented a charitable corporation involved in a business transaction with

7    a concern having limited partners and in which the attorney was a general partner, violated Rules

8    Prof. Conduct, rule 5-102, by bringing an acting on behalf of the charitable corporation against

9    the limited partners without revealing his conflict of interest and obtaining the written consent of

10   all parties, by failing to name either the partnership itself or himself as defendants, the Attorney

11   shielded both himself and one client from liability at the expense of another client. The

12   Attorney's culpability was aggravating by the fact that he resolutely refused to excuse himself

13   from the action even after recusal was requested by the trial court in that action.  Kapelus V.

14   State Bar 44 Cal 3d 179, 242 Cal Rptr. 196 745 P.2d 917 (Dec 1987).

15   ## 3. AGGRAVATING CIRCUMSTANCES

16   An aggravating circumstances is defined as an event or factor established clearly and

17   convincingly by the State Bar Court as having surrounded a members professional misconduct,

18   and as demonstrating that a greater degree of sanction than that set forth in the standards for the

19   particular act of professional misconduct found or acknowledged is needed to protect the public,

20   the courts, and the legal profession adequately [Cal.State Bar Stds. For Attorneys Sanctions, Std.

21   1.2 (b), the following circumstances are considered aggravating under the standards [Cal. State

22   Bar Stds. For Attorneys Sanctions, Std. 1.2(b)(i) – (vi)]:

23   * The existence of a prior record of discipline and the nature and extent of that record.

24

25
MOTION AND NOTICE OF MOTION TO DISQUALIFY ATTORNEYS ERIC MECKLEY,
MELINDA REICHERT, SUE BOAG AND MORGAN LEWIS & BOKIUS C-08-01336 MHP

- The fact that current misconduct found or acknowledged by the member evidences multiple acts of wrongdoing or demonstrates a pattern of misconduct.

- The fact that the members' misconduct significantly harmed a client, the public, or the administration of Justice

- The member's indifference toward rectification of an atonement for the consequences of his or her misconduct

- The members' lack of candor to and (cooperation) with any victims of the member's misconduct or with the State Bar during disciplinary investigation or proceedings

Plaintiff alleges defendant attorney Meckley violated several of these codes.

## 4. MORGAN LEWIS & BOKIUS'S NEGLIGENCE

First, Morgan Lewis & Bokius is negligent in allowing one of their Attorneys to breach their Fiduciary duty with a non-client. Second, they are negligent in allowing one of their attorneys' to engage in a fraudulent act with their client. Thirdly, they are negligent in allowing Defendant Attorney Meckley, Sue Boag and Melinda Riechart, a Partner in the firm, to act as council in this case against them and the case against their client Aramark.

## 5. DUTY TO WITHDRAW VOLUNTARILY

Morgan Lewis & Bokius, Eric Meckley, Sue Boag and Melinda Riechart all have a duty to withdraw as council in this case and the case against their client Aramark.

Failing to discharge duties to best of one's knowledge and ability, willfully violating a court order, withdrawing from Employment without taking steps to avoid prejudice to client, willfully failing to use reasonable diligence and best judgment to accomplish purpose of employment, misleading court by false statement of fact or law and commingling funds and failing properly to pay, on request, funds in possession belonging to client, in violation of the Rules of Prof. Conduct, Warrants three year suspension, not with execution of order stayed

1  and Attorney placed or three years probation. Chefsky V. State Bar of Ca. (1984) 202 Cal Rptr.

2  349, 36 Cal 3d 116, 680 P.2d 82, modified 206 Cal Rptr 859, 687 P.2d. 1165

3  **6. DUTIES OF AN ATTORNEY**

4  Defendants Attorney Meckley violated his duties of an Attorney pursuant to Bus & Prof. Code

5  6067 and 6068 (a)(b)(c)(d)(g).

6      (a) To support the Constitution and laws of the United States and of this State

7      (b) To counsel or maintain those actions, proceedings or defenses only as appears to

8          him or her legal or justly, except the defense of a person charged with a public

9          offense

10      (c) To employ, for the purpose of maintaining the causes confided to him or those

11          means only as are consistent with truth, and never seek to mislead the judge or

12          any judicial office by an artifice or false statement of fact or law.

13      (a) Not to encourage either the commencement or the continuance of an action or

14          proceeding from any corrupt motive of passion of intensity.

15  Defendant Eric Meckley and Morgan Lewis & Bokius has an obligation to the State Bar to report

16  the Misconduct pursuant to Bus & Prof. Code 6068 (0)(1)(2)(3)(4)(5)(6)(7)(8)(9)(10).

17      Based on the foregoing, Plaintiff respectfully requests that this court grant an order

18  disqualifying Attorneys Eric Meckley, Melinda Reichert, Sue Boag and Morgan Lewis & Bokius

19  from acting as council in this case.

20  Date: *March 21, 2008*　　　　　　　　　*Mark A Foster*
　　　　　　　　　　　　　　　　　　　　　　　　Mark Antoine Foster, In Pro Per

21

22

23

24