Mark Antoine Foster, In Pro Per
200 Corpus Cristie Road #A
Alameda, California 94502
(415) 756-1611
(619) 646-3564



FILED

08 MAR 21 PM 12: 39

U.S. DISTRICT COURT
N. DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

Case No.  **C-08-01336 MHP**

**MARK ANTOINE FOSTER,**

**Plaintiff,**

vs.

**ARAMARK SPORTS, LLC and ARAMARK CORPORATION, and DOES 1 through 73,**

**Defendants**

_____/

**NOTICE OF MOTION AND MOTION TO REMAND REMOVED ACTION, MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF MARK ANTOINE FOSTER AND EXHIBITS 1 THRU 3 ATTACHED THERETO; [PROPOSED] ORDER IN SUPPORT THEREOF**
**[28 U.S.C.S. §1447(c)]**

Date:  April 28, 2008
Time:  2:00 PM

TO DEFEDANTS ARAMARK SPORTS L.L.C., AND ARAMARK CORPORATION.

PLEASE TAKE NOTICE that on April 28, 2008 at 2PM or as soon thereafter as the

matter may be heard in the above entitled court, located at 450 Golden Gate Avenue, San

Francisco, California, PLAINTIFF MARK ANTOINE FOSTER will move this court

for an order remanding this cause to the Superior Court of the State of California for the City of

and County of San Francisco. This motion is made on the ground that the cause was improperly

removed in that 1) the notice of removal was not timely filed, in that defendants did not give

1   proper and/or prompt notice of the removal to the clerk of state court as required by section 1446

2   (d) of title 28 of the United States Code, and 2) this case is not within the jurisdiction of this

3   court, in that the complaint herein does not present a claim or right arising under the

4   Constitution, treaties, or laws of the United States with the meaning of 28 U.S.C. §1331, all of

5   which more clearly appears in the declaration of Mark Antoine Foster attached, and Exhibits 1- 3

6   attached hereto and made a part hereof. Plaintiff further moves this court for an order that

7   defendant Aramark Sports, L.L.C. pay plaintiff for all his costs and actual expenses, including

8   attorney fees, incurred by reason of the removal proceedings. All attached exhibits and a

9   memorandum of law in support of the above motion are attached hereto and made a part hereof.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

11      1.    Plaintiff MARK ANTOINE FOSTER brought this case against defendants

12   pursuant to California Codes of civil Procedure §1709, §1710 and §1572 for committing acts of

13   fraud and intentional deceit, mail fraud, wire fraud and conspiracy to defraud. A true and correct

14   copy of the original complaint and summons, with the accompanying attachments, is attached

15   hereto as Exhibit 1.

16      2.    On February 7, 2008, Plaintiff commences this action in the Superior Court of the

17   State of California in and for the county of San Francisco. Plaintiff also commenced similar

18   complaints to the defendants' appointed council Morgan Lewis and Bokius, and defendants'

19   third party administrators that are employed or contracted to handle their worker's compensation

20   claims, Specialty Risk Services. A true and correct copy of the original complaints and

21   summons, with the accompanying attachments, is attached hereto as Exhibit 2.

22      3.    On February 7, 2008, Plaintiff caused the complaints and summons to be served

23   on the Defendants and Morgan Lewis and Bokius and Specialty Risk Services.

24      4.    On March 7, 2007, Defendants improperly removed this case from the Superior

25

1  Court of California in and for the county of San Francisco. Defendants removed case on March

2  7, 2008 but did not promptly file a notice with the state court clerk pursuant to §1447(d), as it

3  was not filed until March 12, 2008, after expiration of the 30-day time limit for defendants to

4  remove the case. A true and correct copy of the notice showing it was not filed until March 12,

5  2008, is attached hereto as Exhibit 3.

6      5.    The Pleadings attached to this Notice constitute all the process, pleadings, and

7  orders filed in this action in San Francisco County Superior Court of which Defendants have

8  been served to date, as defendants have attached to their notice all of those processes, pleadings

9  and orders for the courts review.

10     6.    The pleadings, processes and orders attached to this notice support Plaintiffs

11  notice to Remand.

12     7.    Although venue may be proper in this district pursuant to 28 U.S.C. Section

13  §1441(a), Jurisdiction is not proper.

14     8.    Plaintiff will promptly serve defendants with this Notice to Remand.

15     9.    This notice is for remand is filed on behalf of Plaintiff Mark Antoine Foster who

16  is named for the State Court Action.

17                              **II. LEGAL ARGUMENT**

18      Plaintiff's complaint was improperly removed from State Court due to 1) a procedural

19  defect in the removal process and 2) this case is not within the jurisdiction of this court, and this

20  case should be expeditiously remanded to state court based on the following grounds:

21  **1) FAILURE TO FILE A COPY OF THE REMOVAL WITH THE STATE**

22  **COURT CLERK IS A PROCEDURAL DEFECT**

23      Adair Pipeline Co. v. Pipeliners Local Union No. 798, 203 F. Supp. 434 (S.D. Tex. 1962)

24  affd 325 F. 2d 206 (5th Cir 1963); see also Covington v. Indemnity Ins. Co. 252 F. 2d 930, 933

25

1 | (5th Cir 1958) citing Mackay v. Uinta Develpoement Co. 229 U.S. 173, 33 S. Ct 638. 57 L. Ed

2 | 1138 (1913), cert denied. 357 U.S. 921, 78 S. Ct. 1362, 2 L. Ed. 2d 1365 (1958); Wright, Miller

3 | & Copper, Federal Practice and Procedure Sec. 3736, at 548 (1985).

4 | Defendants removed the case and/or filed their notice of removal on March 7, 2008 but

5 | did not file (or untimely filed) notice with the state court clerk until March 12, 2008, which was

6 | after the 30-day deadline to remove, which constitutes a defect in the removal process.

7 | **2) DEFENDANTS REMOVAL OF CASE WAS INEFFECTIVE OR THE**

8 | **REMOVAL WAS NOT IN EFFECT OR DOES NOT GO INTO EFFECT UNTIL THE**

9 | **STATE COURT CLERK WAS PROPERLY NOTIFIED**

10 | Pursuant to 28 U.S.C.S. §1446(d), the defendants must give written notice to all adverse

11 | parties and must file a copy of the notice with the clerk of the state court, which shall *effect* the

12 | removal. The state court will proceed no further in the case.

13 | Defendants did file and serve the notice of removal prior to or before the 30-day deadline

14 | to remove the case, but Defendants needed to also file the notice of removal with the clerk of the

15 | state court prior to the 30-day deadline to put the removal in *effect*.

16 | If Defendants had filed and served the notice of removal sometime prior to the deadline,

17 | for example a week before the deadline, but did not file the notice with the state court clerk until

18 | the 30th day it would be acceptable, as it would have satisfied the proper removal procedure, but

19 | defendants failed to do this.

20 | " The party removing accomplishes removal of the case from state court to federal court

21 | under the Federal removal statute by filing the notice of removal (in 1985, the petition for

22 | removal) with the appropriate federal court, promptly filing a copy of the notice with the clerk of

23 | state court and promptly giving written notice of removal to all adverse parties". District Court of

24 | Cluster county Nebraska, Fed. Depo Ins. Corp v. Elden Siangal (2002) case no. 2398, citing

25 |

1   Farm Credit Bank of St. Paul v. Ziebarth, 485 N.W. 2d 788 (N.D. 1992) cert. Denied, 113 S. CT.

2   501, 121 L. Ed. 2d 437, rehearing denied, 113 S. Ct. 1069, 122 L. Ed: 2d 373. Once these three

3   requirements are met, the state court jurisdiction ends and the state court shall proceed no further

4   unless the case is remanded by the federal court.

5        United States court of appeals for the Seventh Circuitr, Holmstom v. Peterson, case no.

6   3670 citing Thermtron Prods., 423 U.S. at 343. Although this version of §1447© spoke in terms

7   of "improvident" removal it was construed by the courts to mean removals that were defective in

8   terms of the statutory conditions that congress had planned on removal. A removal was

9   improvident if there was a "legal defect in the removal". Sheet Metal Workers Int'l Assn. V.

10  Seay, 693 F. 2d 1000, 1005 (10th Cir. 1982). As this court explained, it was "logical and

11  reasonable to interpret the term to mean noncompliance with congress " specific and detailed

12  statutory provisions". Rothner v. City of Chicago, 879 F. 2d. 1402, 1411 (7th Cir 1989).

13       Defendants were not in compliance with congress and/or federal law when they failed to

14  promptly file their notice of removal with the state court clerk, promptly is the "key" word and

15  "promptly" used in this context certainly at the least would mean filing the notice with the state

16  court clerk prior to the 30-day deadline expiring.

17  **3) DEFENDANTS HAVE WAIVED JURISDICTIONAL RIGHTS OR THE**

18  **RIGHT TO ARGUE ISSUES OF JURISDICTIONAL RIGHTS DUE TO FAILING TO**

19  **PROMPTLY FILE THEIR NOTICE OF REMOVAL WITH THE STATE COURT**

20  **CLERK**

21       United States District Court of Appeals for the seventh Circuit, Holmstom v. Peterson,

22  case no. 05-3670. " In Hurley v. Motor Coach Industries, Inc., 222 F. 3d 377 (7th Cir 2000), this

23  court addressed a similar question whether compliance with the forum defendant rule is

24  jurisdictional such that the defect could be raised at any time, or whether compliance was

25

1  nonjurisdictional and therefore subject to waiver. After reviewing the approaches of other courts,

2  this court concluded: " In short, the case as it arrived in federal court met every requirement for

3  federal jurisdiction; it simply took the wrong path, in a sense, because there was an in-state

4  defendant. This, we think, is more a matter of removal procedure and hence waivable, than a

5  matter of jurisdiction". Id. At 380 (emphasis added).

6          As ruled above, Hurley is in line with the majority of other circuits. Interpreting the 1988

7  version of §1447(C) the fifth circuit explained in re Shell Oil Co.; 932 F.2d 1518 (5th Cir. 1991)

8  the term "defect in removal procedure" in connection with §1447 (c)'s 30 day time limit for

9  motions to remand, was intended to distinguish those grounds for remand based on defects

10 present at the time of removal from those that may arise later in litigation see id. At 1521

11 (discussing David D. Siegel, Commentary on 1988 Revision of section §1447, 28 USCD 1447

12 (West Cum. Supp, 1991). The court noted that by focusing on defects that existed at the time of

13 removal, 1447(c)s 30 day time limit was intended to "prevent a party who is aware of a defect in

14 removal procedure from using the defect as insurance against later unfavorable developments in

15 Federal Court "in re Shell Oil Co., 932 F.2d at 1572 (quoting 14A Charles Alan Wright, Arthur

16 P. Miller & Edward H. Cooper Federal Practice & Procedure &3739, at 95 ( 2D ed Supp, 1990)

17 Cintevnal quotating marks omitted). In that light, the fifth Circuit concluded that the term "defect

18 in removal procedure" referred to " all non-jurisdictional defects existing at the time of

19 removal", including failure to comply with the forum defendant rule. In re Shell Oil Co., 932

20 F.2d at 1522-23.

21         The Third Circuit adopted this reasoning in Korea Exchange Bank, New York Brands v.

22 Track Wise Sales Corp., 66 F. 3d u6 (3d cir. 1995), When it held that the forum defendant rule

23 was a procedural requirement subject to §1447(c)s 30 day time limit. Id at 50 – 51.  In all, nine

24 of the ten Circuits  (including the third and fifth Circuits) that have considered the matter have

25

1  reached the same conclusion. See lively V. Wild Oats Mkts, Inc c156 F.3d 933 940 & 942 ( 9th

2  Cir 2006) ( collecting Cases)Thus, failure to comply with the defendant rule is a defect in

3  removal subject to §1447(d)'s jurisdictional bar.

4      Plaintiff alleges that failure to timely file notice of removal with the state court clerk is

5  also a defect in removal subject to §1447(d)'s jurisdictional bar.

6      "Even if proper grounds for removal exist, the case may be remanded if the court

7  determined that defendants was on notice of the removal issued through the complaint, but

8  delayed in bringing the petition. Removal Jurisdiction must be waived, Morris, Supra 236 F.3d at

9  1069

10      Plaintiff alleges Defendants delayed in bringing the petition in that they did not timely

11  file their notice of removal with the state court clerk, therefore Defendants did not effectively

12  remove the case, and removal jurisdiction must be waived.

13  **(4) IF THIS COURT REMANDS THIS CASE TO STATE COURT IT IS NOT**

14  **REVIEWABLE ON APPEAL.**

15      " Remand order based on defendants waiver of right of removal by participation in state

16  court action as within Bounds of 28U.S.C.s §1447 (c) and as not reviewable by appeal or other

17  wise; remand order based on untimeliness of removal as similarly not reviewable" Schmitt V.

18  Inc. Co. of North America (9th Cir 1988) 845 F. 2d 1546, 1557.

19      28 U.S.C.S. §1447 (d) as barring review of remand orders by appeal or mandamus, even

20  if district Court decision that under 28 U.S.C.S. §1447 (c), removal was improvident and without

21  jurisdiction, was erroneous. Kunzi V. Pan American world Airways, Inc (9th Cir 1987) 833 F.2d

22  1291, 1293.

23      Procedural defect of failure to obtain consent of all defendants as basis for denying

24  review of remand order under 28 U.S.C.S. 1447 (c). Aquon  Schulte V. Couan Election Comm.

25

1   (2006) 469 F.3d 1236, 1240 – 1241.

2       Whole Health V. Humana. No. 00-13754, U.S. Court of 11th circuit Appeals (2001) the

3   Supreme Court has held that sections §1447 (c) and (d) must be construed together, see

4   Thermtron Prod. Inc V Hermansdorfer, 423 U.S. 336, 345 –46, 96 S. Ct 584 46 L. Ed 2d 542

5   (1976), abrogated on other grounds in Quakenbush V Allstate Ins. Co. 517 U.S. 706, 116 S. Ct

6   171d, 135 L. Ed. 2d 1 (1996), " this means that only remand orders issued under 1447(c) and

7   invoking the grounds specified therein that removal was improvident and without jurisdiction are

8   immune from review under 1447(d) Id. At 346, 96 S.Ct 584. We have interpreted the statutory

9   language to mean that: [A] Remand order is reviewable if and only if it is openly based on

10  grounds other that (1) lack of District Court subject matter jurisdiction; or (2) a motion to

11  remand the case filed within 30 days of the notice of removal which is based upon a defect in the

12  removal procedure.

13  Dinesh Maniar, Amphova Wine Co. Inc. V. Federal Deposit Insurance Corp. No 90 – 16252 U.S.

14  Court of appeals Ninth Circuit.

15      The procedure for remanding a case to state court is found at 28 U.S.C. 1447 (c), which

16  reads, in pertinent part:

17      A motion to remand the case on the basis of any defect in removal procedure must be

18  made within 30 days after the filing of the notice of removal under section 1446 (a). If at any

19  time before final judgment it appears that the district court lacks subject matter jurisdiction the

20  case shall be remanded.

21      28 U.S.C. §1447(c)(1998), two issues arise under this statute; (1) Whether the untimely

22  removal of a case creates a jurisdictional defect under 1447(c) prohibits a district court form

23  remanding a case sua sponte on procedural grounds more than 30 days after case was removed.

24  We hold that untimely removal is a procedural defect not jurisdictional, and 1447(c) limits

25

1    district courts' power to remand a case sua sponte for such procedural defect. * after 30 days

2        " The district court remanded this case after it had been filed with the court for more than

3    five months because it found that the FDIC had not removed the case from state court within the

4    proper time frame." If the district court lacked subject matter jurisdiction because of untimely

5    removal, it could indeed was required to – remand the case at any time before final judgment.

6    We agree with the 5th circuit, however, that untimely removal is a procedural rather than a

7    jurisdictional defect. Loyd, 955 F.2d at 320-21; see also Siegel Commentary on 1988 revision,

8    28 USCA 1447(c) West Supp 1992) 30-day limit on remanding case applies to "mere defect in

9    the procedure used in the removal process, eg. Where the case was removed after the time

10   allowed for it by subdivision (b) of 1446).

11   **(5) THE STATE COURT HAS THE AUTHORITY TO HEAR FEDERAL**

12   **MATTERS IF IT WAS FIRST FILED IN STATE COURT, ESPECIALLY IF IT WAS**

13   **NOT REMOVED FROM STATE COURT**

14       The Doctrine set forth in Lasserot V United States 240 Federal reports March 12, 1917,

15   No. 2934

16       "Where plaintiff had first instituted a suit in the state court in which judgment had been

17   given to the defendant but findings had not yet been filed or judgment entered, the trial of a

18   subsequent suit in the federal court for the same relief was properly postponed until after the

19   judgment should be entered in the state court, and mandamus will not issue to compel the lower

20   federal court to proceed to trial in that suit; since where a state court and a court of the United

21   States may each take jurisdiction, the tribunal which first gets it holds it to the exclusion of the

22   other"

23       Plaintiff first instituted his suit in the state court, and findings have not been filed or

24   judgment entered.

25

NOTICE OF MOTION AND MOTION TO REMAND REMOVED ACTION    C-08-01336    **9**

1    "Where one court has taken possession of property by its process, a suit in a co-ordinate

2    jurisdiction to affect the same property, while it should not be dismissed, its prosecution should

3    be stayed until the proceedings in the court which first secured jurisdiction or the property are

4    concluded or until ample time for their conclusion shall have elapsed. The possession of the res

5    vests in the court which first acquires jurisdiction power to hear and determine the controversies

6    relating thereto, and prevents the exercise of a like power by a court of co-ordinate jurisdiction.

7    Gunby V. Armstrong 133 Fed.417, 66C.C.A. 627.

8        Plaintiff believes the State court has secured jurisdiction of the claim because it was first

9    filed instate court and it was not properly removed, and the 30-day requirement for removal has

10   passed.

11       Similar decisions are WA Bash Railroad V. Adelbert College, 208 U.S. 38, 54 28 Sup CCT.

12   182, 52 L.Ed 379; Farmers loan, etc. V. Lake St.F.Co, 177 U.S. 57, 61 20 Sup.Ct 564, 44 c. Ed

13   667,

14   **(6) IF STATE COURT COMMITS AN ERROR IN DEALING WITH THE FEDERAL**

15   **ISSUES DEFENDANTS CAN SEEK REMEDY THROUGH THE STATE APPELLATE**

16   **COURTS AND ULTIMATELY THE SUPREME COURT.**

17       People of the State of California v. H&R Block, U.S. District Court For the Northern District

18   of California, case no. C06-2058 SC

19       See also Atlanta Coast Lime R.F. Co V. Brotherhood of Locomotive Engineers; 398 U.S.

20   281, 287, 90 S. Ct 1739, 26 L. Ed 2d 234

21       Plaintiff is not seeking criminal prosecution for the references to the mail fraud, wire fraud

22   and conspiracy; he only seeks relief in civil court for the monetary damages or noneconomic

23   damages for the emotional distress and mental anguish caused by the fraud and intentional

24   deceit. The state will not be deciding on any criminal proceedings as plaintiff is not seeking

25

1  criminal prosecution and will only use the references to mail and wire fraud and conspiracy to

2  prove his claims of fraud and intentional deceit.

3  **(7) EVEN IF FEDERAL PREEMPTION EXIST, DEFENDANTS WAIVED THEIR**

4  **RIGHTS TO ARGUE JURISDICTIONAL MATTERS**

5  The Third Circuit adopted this reasoning in Korea Exchange Bank, New York Brands v.

6  Track Wise Sales Corp., 66 F. 3d u6 (3d cir. 1995), When it held that the forum defendant rule

7  was a procedural requirement subject to §1447(c)s 30 day time limit. Id at 50 – 51. In all, nine

8  of the ten Circuits (including the third and fifth Circuits) that have considered the matter have

9  reached the same conclusion. See lively V. Wild Oats Mkts, Inc c156 F.3d 933 940 & 942 (9th

10  Cir 2006) (collecting Cases) Thus, failure to comply with the defendant rule is a defect in

11  removal subject to 1447(d)'s jurisdictional bar.

12  Plaintiff alleges that failure to timely file notice of removal with the state court clerk is

13  also a defect in removal subject to §1447(d)'s jurisdictional bar.

14  "Even if proper grounds for removal exist, the case may be remanded if the court

15  determined that defendants was on notice of the removal issued through the complaint, but

16  delayed in bringing the petition. Removal Jurisdiction must be waived, Morris, Supra 236 F.3d at

17  1069

18  Plaintiff alleges Defendants delayed in bring the petition in that they did not timely file

19  their notice of removal with the state court clerk, therefore Defendants did not effectively

20  remove the case, and removal jurisdiction must be waived.

21  8) PLAINTIFF ALLEGES DEFEDANTS PURPOSELY IMPROPERLY REMOVED

22  CASE TO SHUFFLE CASE BACK TO STATE COURT IN THE EVENT THEY RECEIVED

23  UNFAVORABLE DEVELOPMENTS IN FEDERAL COURT, AND TO ESCAPE SCRUNITY

24  AND EXPOSURE OF THEIR ILLEGAL ACTS TO FEDERAL COURT

25

1    Plaintiff believe that defendants purposely did not timely file their notice of removal because

2    they wanted to be able to insure they could escape scrutiny and prevent exposure of their illegal

3    acts to the federal court, and the embarrassment that would follow the exposure. Defendants

4    council Morgan & Lewis are professional attorneys and know what proper procedure is in

5    removing a case. The similar cases against Morgan & Lewis and Specialty Risk Services

6    attached hereto shows the pattern or similar defect in the removal process committed by each of

7    those defendants. Plaintiff believes Defendants' council Morgan & Lewis expect or may

8    anticipate favoritism from the Federal Court due to their reputation in the Federal Court or trying

9    cases in the Federal Court system, and the fact that the judges are familiar with the defendants'

10    attorneys Morgan & Lewis.

11    **9) ALTHOUGH PLAINTIFF COMPLAINT INCLUDES STATE CLAIMS AND**

12    **REFERENCES FEDERAL VIOLATIONS, PLAINTIFF HAS THE RIGHT TO SEEK**

13    **REMEDY IN STATE COURT, BECAUSE IT IS THE TRIBUNAL IN WHICH HE FIRST**

14    **FILED**

15    The Doctrine set forth in Lasserot V United States 240 Federal reports March 12, 1917, No.

16    2934

17    "Where plaintiff had first instituted a suit in the state court in which judgment had been given

18    to the defendant but findings had not yet been filed or judgment entered, the trial of a subsequent

19    suit in the federal court for the same relief was properly postponed until after the judgment

20    should be entered in the state court, and mandamus will not issue to compel the lower federal

21    court to proceed to trial in that suit; since where a state court and a court of the United States

22    may each take jurisdiction, the tribunal which gets it first holds it to the exclusion of the other"

23    Plaintiff first instituted his suit in the state court, and findings have not been filed or

24    judgment entered.

25

1   "Where one court has taken possession of property by its process, a suit in a co-ordinate

2   jurisdiction to affect the same property, while it should not be dismissed, its prosecution should

3   be stayed until the proceedings in the court which first secured jurisdiction or the property are

4   concluded or until ample time for their conclusion shall have elapsed. The possession of the res

5   vests in the court which first acquires jurisdiction power to hear and determine the controversies

6   relating thereto, and prevents the exercise of a like power by a court of co-ordinate jurisdiction.

7   Gunby V. Armstrong 133 Fed.417, 66C.C.A. 627.

8       Plaintiff believes the State court has secured jurisdiction of the claim because it was first

9   filed in state court and it was not properly removed, and the 30-day requirement for removal has

10  passed.

11  Similar decisions are WA Bash Railroad V. Adelbert College, 208 U.S. 38, 54 28 Sup CCT. 182,

12  52 L.Ed 379; Farmers loan, etc. V. Lake St.F.Co, 177 U.S. 57, 61 20 Sup.Ct 564, 44 c. Ed 667,

13  **10) EVEN IF JURISDICTION WAS ARGUABLE PLAINTIFF IS THE MASTER**

14  **OF HIS COMPLAINT AND MAY AVOID FEDERAL JURISDICTION BY EXCLUSIVE**

15  **RELIANCE ON STATE LAW**

16      Easton v. Crossland Morg. Corp 114 F.3d 979 (9th Cir 1997); Duncan v. Stuetzle, 76 F.

17  3d 1480, 1485 (9th Cir. 1996).

18      "Where Plaintiff's claim involves both federal ground and a state ground, the plaintiff is

19  free to ignore the federal question and pitch his claim on state ground." Carpenters Southern Cal

20  Admin. V.  Majestic Housing 743 F.2d 1341 (1984).

21      Plaintiff can easily severe or dismiss his perceived claims for mail fraud, wire fraud and

22  conspiracy.

23      "Federal question jurisdiction exists only in those cases in which well-pleaded complaint

24  establishes either that federal law creates cause of action or that plaintiff's right to relief

25

1   necessarily depends on resolution of substantial questions of federal law." Easton v. Crossland

2   Morg. Corp 114 F.3d 979 (9th Cir 1997).

3       Although Plaintiff included references to federal violations, Plaintiff need not rely on

4   Federal law to acquire relief for the alleged mail fraud, wire fraud and conspiracy. Plaintiff can

5   seek remedy for these violations under Fraud and Intentional Deceit, which is the "root" of the

6   claim.

7       The mail fraud, wire fraud and conspiracy are only an appendage to the acts of fraud and

8   intentional deceit. The fraud and intentional deceit acts were committed first and was a

9   prerequisite to the acts of mail and wire fraud and conspiracy.

10      The acts of mail and wire fraud and conspiracy would not exist if the acts of fraud and

11  intentional deceit had not been committed first.

12      Defendants needed to first plan the fraud, create the document and plan to use their

13  attorneys to help carryout the fraud and intentional deceit. The mail was then used to further the

14  fraudulent scheme to defraud plaintiff of his wrongful termination and disability discrimination

15  claim, which enhanced the acts of fraud and intentional deceit. The relief for remedy lies or is

16  rooted in the fraud and intentional deceit. The acts of mail and wire fraud and conspiracy need

17  only be referenced to help sustain or prove the acts of fraud and intentional deceit.

18      Therefore, the civil relief Plaintiff is seeking, which is non-economic damages for the

19  emotional stress and mental anguish, can be acquired from the state court under codes of civil

20  procedure §1709, §1710 and §1572 or fraud and intentional deceit.

21      Plaintiff relief does not necessarily depend on resolution of substantial question of

22  Federal Law.

23      It would surely be up to the Attorney General and the Federal court to pursue criminal

24  prosecution for the alleged acts or references made to the mail fraud, wire fraud and conspiracy

25

1  | in Plaintiff's complaint.

2  |     Plaintiff seeks remedy in state court, civil division, not criminal division for the non-

3  | economic damages and meant to only reference the mail fraud, wire fraud and conspiracy to help

4  | prove his claim of fraud and intentional deceit. If Plaintiff intended to seek criminal prosecution

5  | he would have followed the proper procedure to accomplish this and it would be filed in federal

6  | court, criminal division.

7  |     United Mine Workers v. Gibbs, 383 U.S. 715, 86 S. Ct 1130, 16 L. Ed.2d 218 (1996), Id.

8  | At 726, 86 S. Ct at 1139 (footnote omitted). Applying this standard, the Court listed several

9  | situations in which declining pendent jurisdiction would be appropriate: (1) when "[n]eedless

10 | decisions of state law should be avoided"; (2) when the federal claims are dismissed before trial,

11 | or during the course of a case, when it appears "that a state law claim constitutes the real body of

12 | a case, to which the federal claim is only an appendage"; (3) when "state issues substantially

13 | predominate, whether in terms of proof, of the scope of the issues raised, or of the

14 | comprehensiveness of the remedy sought" and finally (4) when there are reasons "independent of

15 | jurisdictional considerations, such as the likelihood of jury confusion in treating divergent legal

16 | theories of relief." Id at 726- 27, 86 S. Ct. at 1139.

17 | **(11) EVEN IF JURISDICTION WAS ARGUABLE PLAINTIFF REFERENCING**

18 | **MAIL FRAUD, WIRE FRAUD AND CONSPIRACY DOES NOT CONVERT HIS**

19 | **CLAIM INTO A FEDERAL CAUSE OF ACTION BECAUSE THE FEDERAL**

20 | **STATUTE IS NOT A NECESSARY ELEMENT OF THE STATE CLAIM, AND NO**

21 | **PREEMPTION EXISTS**

22 |     "Conversely, the mere reference of a federal statute in a pleading will not convert a state

23 | law claim into a federal cause of action if the federal statute is not a necessary element of the

24 | state law claim and no preemption exists" Easton vs Crossland Mortg.Corp

25 |

1    Plaintiff references to mail fraud wire fraud and conspiracy is not a necessary Element of

2    his state law claim and federal law and no preemption exists.

3    "Complete preemption occurs only when congress intends not merely to preempt a

4    certain amount of State law, but also intends to transfer jurisdiction of the subject matter from

5    state to Federal Court" Wayne v. DHL Worldwide Express 294 F. 3d 1179 (9th Cir 2002)

6    Plaintiff's reference to mail fraud, wire fraud and conspiracy does not prevent his state

7    claim, or prosecution in state court, nor does it provide a base for federal jurisdiction under the

8    complete preemption doctrine.

9    **(12) EVEN IF JURISDICTION WAS ARGUABLE, PLAINTIFF'S COMPLAINT**

10   **ALLEGED STATE LAW CLAIMS AND SEEKS REMEDIES EXCLUSIVELY UNDER**

11   **STATE LAW, THEREFORE IT DOES NOT STATE CLAIM ARISING UNDER**

12   **FEDERAL LAW FOR PURPOSES OF FEDERAL QUESTION JURISDICTION**

13   "Complaint which alleged state law claims and which sought remedies exclusively under

14   state law did not state claim raisings under federal law for purpose of federal question

15   jurisdiction, even though complaint included incidental references to Title VII and Federal

16   Constitution, Civil Rights Act of 1964, 42 U.S.C. 2000(e)." Easton v. Crossland Morg. Corp 114

17   F.3d 979 (9th Cir 1997).

18   "The counts of the complaint alleging sexual harassment claimed that the described

19   conduct was in violation of Title VII of the Civil Rights Act of 1964, Cal Govt Code 12940"

20   Easton v. Crossland Morg. Corp 114 F.3d 979 (9th Cir 1997)

21   "Accordingly, a Plaintiff cannot merely by injecting a federal question into an action that

22   asserts what is plainly a state-law claim, transform the action into one arising under federal law,

23   thereby selecting the forum in which the claim shall be litigated, Karambelas v. Hughes Aircraft

24   co. (9th Cir 1993) 992 F.2d 941,974.

25

1       Defendants also cannot merely inject a federal question into an action that asserts what

2   plainly is a state law claim to transform the action into one selecting the forum in which the

3   claim shall be litigated.

4       "A violation of a federal stature as an element of a state cause of action when Congress

5   has determined that there should be no private, federal cause of action for the violation, does not

6   state a claim "arising under the Constitution, laws, or treaties of the United States" with the

7   meaning of 28 U.S.C. 1331 Merrell Dow Pharmaceuticals Inc. v Thompson 766 F. 2d, 1006.

8       Plaintiff's references to mail fraud wire fraud and conspiracy is an element of his state

9   cause of action and therefore does not state a claim "arising under the Constitution, laws, or

10  treaties of the United States" with the meaning of 28 U.S.C. 1331.

11      For example, a case alleging wrongful termination in violation of public policy, where

12  the public policy is grounded in both state and federal statute. A complaint referencing both

13  federal and state sources of public policy is usually not a federal cause of action and thus cannot

14  be the basis of removal.

15      Plaintiff claimed fraud and intentional deceit, which are clearly claims violating public

16  policy under both state and federal law.

17      " Consequently, the causes of action did not arise under federal law and, therefore, were

18  improperly removed to federal court". Merrell Dow Pharmaceuticals Inc. v Thompson 766 F. 2d,

19  1006.

20  **(13) EVEN IF JURISDICTION WAS ARGUABLE, PLAINTIFF COULD NOT**

21  **HAVE BROUGHT HIS CASE TO FEDERAL COURT TO BEGIN WITH BECAUSE HIS**

22  **COMPLAINT WAS INADVERTENTLY NOT WELL PLEADED**

23      "District court may remove action from state court only if action could have been brought

24  in district court originally; in absence of diversity jurisdiction, this issue turns of presence or

25

1  absence of federal question" 28 U.S.C. Section 1441(a.b.) Ramirez vs. Fox Television Station,

2  998 F.2d 743 (9th Cir 1993.

3      "Since a defendant may remove a case only if the claim could have been brought in

4  Federal Court 28 U.S.C. 1441(b), moreover, the question for removal jurisdiction must also be

5  determined by reference to the "well-pleaded" complaint. Merrell Dow Pharmaceuticals vs.

6  Thompson, Louisville vs. Nashville R. Co vs. Mottley 211 U.S. 149(1908)

7      Plaintiff inadvertently did not plead his complaint well, which may have created

8  confusion as to what relief he was seeking. Although it is obvious if Plaintiff desired to seek

9  criminal prosecution he would have followed the proper procedure to do so.

10  **(14) THE DISTRICT COURT SHOULD SUA SPONTE REMAND THIS CASE TO**

11  **THE STATE COURT**

12      Additionally, the Federal District Court may Sua Sponte Remand an action <28 U.S.C.S.

13  1447(c). Indeed, when there is a lack of federal jurisdiction, the district court to which an action

14  is removed has an immediate and continuing duty to remand the case on its own motion [

15  Strasser v KLM Royal Dutch Airlines C. D. Cal 1986) 631 F. Supp 1254, 1258.

16      Wherefore, pursuant to these statements and in accordance with the procedures set forth

17  in 28 U.S.C. Section §1447(c), Plaintiff prays that the above-captioned action pending in the

18  Superior Court of the State of California in and for the County of San Francisco be remanded to

19  the Superior Court of the State of California in and for the County of San Francisco.

20

21  Date: *March 21, 2008*    Mark Antoine Foster, In Pro Per

22

23

24

25