1  MORGAN, LEWIS & BOCKIUS LLP
   ERIC MECKLEY, SBN 168181
2  One Market, Spear Street Tower
   San Francisco, CA 94105-1126
3  Tel: 415.442.1000
   Fax: 415.442.1001
4  emeckley@morganlewis.com

5  Attorney for Defendants
   ARAMARK Sports, LLC and ARAMARK
6  Corporation

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK ANTOINE FOSTER,<br><br>             Plaintiff,<br><br>vs.<br><br>ARAMARK SPORTS, LLC and<br>ARAMARK CORPORATION, and DOES<br>1 through 73,<br><br>             Defendants. | Case No. C-08-01336 MHP<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY ATTORNEYS ERIC MECKLEY, MELINDA RIECHERT, SUE BOAG, AND MORGAN LEWIS & BOCKIUS LLP**<br><br>Date:     April 28, 2008<br>Time:    2 p.m.<br>Location: Courtroom 15, 18th Floor<br><br>Judge    Hon. Marilyn H. Patel |

## I. INTRODUCTION

Plaintiff Mark Antoine Foster ("Plaintiff") seeks to disqualify attorneys Eric Meckley ("Meckley), Melinda S. Riechert[1] ("Riechert"), and Sue Boag[2] ("Boag") and the entire law firm of Morgan, Lewis and Bockius LLP ("MLB") from representing Defendants ARAMARK Sports, LLC and ARAMARK Corporation in this case.

> "[M]otions to disqualify counsel often pose the very threat to the integrity of the judicial process that they purport to prevent. They can be used to harass opposing counsel, to delay the litigation, to intimidate an adversary into accepting settlement on otherwise unacceptable terms, or for other strategic purposes."

*McPhearson v. Michaels Co.* (2002) 96 Cal.App.4th 843, 849-50 (citation omitted)

The above quote encapsulates both the reasons why Plaintiff filed the present Motion and the reasons why it should be denied. Plaintiff ignores well-established case law, cites inapposite authority, and relies upon completely unjustified, unsubstantiated and outrageous accusations against MLB and its attorneys. Plaintiff's Motion is entirely lacking in any substantive merit. Indeed, his Motion is nothing more than harassment, a litigation tactic, plain and simple. It should be denied in its entirety. Given the utter paucity of legal and/or factual support for the Motion, the Court could *sua sponte* issue an order to show cause why Plaintiff should not be sanctioned under Rule 11 for filing this Motion. Rule 11(c)(3).

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff Mark Antoine Foster ("Plaintiff") is a former employee of ARAMARK Sports LLC. On or around March 7, 2007, Plaintiff filed a lawsuit against ARAMARK Sports, LLC and two former co-workers, alleging a variety of claims relating to his former employment, including alleged harassment, retaliation and discrimination in violation of the Fair Employment & Housing Act, discrimination/failure to accommodate in violation of the Americans with Disabilities Act, and intentional infliction of emotional distress. That case was properly removed to the Northern District and is currently pending before this Court (Case No. C-08-00733 MHP).

---

[1] Riechert does not represent Defendants in the present action and has made no appearances in this action to date.

[2] Plaintiff presents *no argument* why Boag should be disqualified from the present case.

On or about February 7, 2008, Plaintiff filed four nearly identical lawsuits in San Francisco Superior Court, including the present action, entitled *Mark Antoine Foster v. ARAMARK Sports, LLC, ARAMARK Corporation, and Does 1 through 87*, Case No. CGC-08-471936, alleging causes of action for: (1) fraud and intentional deceit; (2) intentional misrepresentation of fact; (3) negligent misrepresentation; (4) suppression of fact; (5) intentional mail fraud, in violation of 18 U.S.C. Section 1341; (6) conspiracy to commit mail fraud, in violation of 18 U.S.C. Sections 1345 and 1349; (7) wire fraud, in violation of 18 U.S.C. Section 1343; (8) intentional infliction of emotional distress; and (8) negligent infliction of emotional distress. Plaintiff's claims for intentional mail fraud, conspiracy to commit mail fraud and wire fraud were brought under federal law. The remaining claims were all brought under California law.

On or about February 7, 2008, Plaintiff also filed the following almost identical lawsuits in San Francisco County Superior Court against the following Defendants:

1. Specialty Risk Services[3] ("SRS") and Gretchen Devine. This case was removed to this Court on or around March 12, 2008 (Case No. 08-01421 MHP).

2. Gray & Prouty, Kempton Letts and Dana Mitchell.[4] To Defendants' knowledge this case is still pending in state court (Case No. CGC-08-471938).

3. Morgan Lewis & Bockius, LLP ("MLB") and Eric Meckley.[5] This case was removed to this Court on or around March 7, 2008 (Case No. 08-01337 MHP). Plaintiff filed a similar motion to remand this case to state court on March 21, 2008.

In each of the virtually identical lawsuits filed on February 7, 2008, Plaintiff alleges that he was asked to sign a document in connection negotiating the settlement of his workers' compensation claim that contained an inaccurate date for his resignation from ARAMARK

---

[3] SRS administered Plaintiff's workers' compensation claim against ARAMARK Sports, LLC.

[4] Gray & Prouty is the law firm representing ARAMARK Sports, LLC in connection with Plaintiff's workers' compensation claim against ARAMARK Sports, LLC.

[5] Morgan Lewis & Bockius, LLP represents Defendants in the present case, as well as in Plaintiff's lawsuit against Morgan Lewis & Bockius and Eric Meckley.

1  Sports, LLC. Plaintiff admits that during the settlement negotiations he corrected the inaccurate
2  date and inserted the correct date before signing the document and effectuating the settlement of
3  his workers compensation case

4  On March 7, 2008, Defendants timely removed this action to the United States District
5  Court, Northern District of California, pursuant to 28 U.S.C. Sections 1331 and 1332, based upon
6  federal question and diversity of citizenship jurisdiction.

7  On March 19, 2008, Hon. Marilyn H. Patel issued a Related Case Order, reassigning to
8  her Plaintiff's cases against ARAMARK Sports, LLC and ARAMARK Corporation and against
9  Morgan Lewis & Bockius, LLP and Eric Meckley. The Court also found that Foster's case
10 against Specialty Risk Services was related and assigned it to Judge Patel.

11 On March 21, 2008, Plaintiff filed the present Motion, as well as an identical Motion to
12 Disqualify Attorneys Eric Meckley, Melinda Riechert, Sue Boag, and Morgan Lewis and Bockius
13 LLP in his concurrent case against Morgan Lewis & Bockius, LLP and Eric Meckley.[6]

## III. ARGUMENT

### A. Plaintiff Lacks Standing To Move to Disqualify MLB And Its Attorneys Based On Any Alleged Conflict Of Interest.

Plaintiff predicates a substantial portion of his Motion on an alleged conflict of interest between himself and both MLB and Meckley, based on Plaintiff's recent lawsuit against MLB and Meckley. (Case No. C-08-1337 MHP). Memo P&A 14:23-24; 15:1-3. Plaintiff has no standing to bring his Motion based on a conflict of interest.

Generally, only *clients and former clients* of the attorney(s) at issue have standing to bring a disqualification motion based on a conflict of interest. *See Colyer v. Smith* (C.D.C.A. 1999) 50 F.Supp.2d 966, 972 (holding that "an attorney can have no sufficiently personal 'injury in fact' based on the conflict status of her opposing counsel to move to disqualify that adversary"). A conflict of interest exists when a lawyer's duty on behalf of one *client* obligates the lawyer to take action prejudicial to the interests of another *client*. *See Flatt v. Superior Court*

---

[6] Attorney Eric Meckley has not appeared in and does not represent himself in that action; he is represented by Melinda Riechert of MLB in that action.

*(Daniel)* 9 Cal.4th 275, 282 (citation omitted) (holding that a conflict of interest arises when a lawyer's "duty to contend for that which duty to another client requires him to oppose"). Plaintiff is not currently, nor has he ever been, a client of MLB, Riechert, Meckley, or Boag. Consequently, Plaintiff has no standing to bring this Motion on the ground that a conflict of interest exists between Plaintiff and any of the above-mentioned attorneys.

B. **Plaintiff Lacks Standing To Move to Disqualify MLB And Its Attorneys Based On The Possibility That Meckley May Be Called As A Witness In Any Of Plaintiff's Lawsuits**

Plaintiff alleges that Meckley may be called as a fact witnesses in the present case, and as such, a conflict of interest exists. Memo P&A 2:9-10. Plaintiff is incorrect. Rule 5-210(C) of the Rules of Professional Conduct states that an attorney who may be called as witness by an opposing party may represent his or her client, provided the attorney's client gives informed written consent. CRPC 5-210(C) requires only that an attorney obtain the written consent of his or her own client, *not the written consent of the opposing party*. Thus, Plaintiff has no standing to object on this ground. The only parties with the proper standing to object on the basis that Meckley might be called as a witness are MLB/Meckley's clients in the present case, ARAMARK Sports, LLC and ARAMARK Corporation—and that is a privileged matter between MLB/Meckley and Defendants; it is simply none of Plaintiff's business and certainly does not constitute any ground for Plaintiff to move to disqualify Defendants' attorneys of record.

C. **Attorney Meckley Owes No Fiduciary Duty To Plaintiff**

Plaintiff alleges that Meckley breached his fiduciary duty to Plaintiff by "perpetuating a fraudulent scheme to defraud [Plaintiff]". Memo P&A 3:7-8. In order to establish a breach of fiduciary duty, Plaintiff must show *the existence of a fiduciary relationship*. *See Stanley v. Richmond* (1995) 35 Cal.App.4th 1070 (listing the existence of a fiduciary relationship as an essential element of a cause of action for breach of fiduciary duty). Meckley's only relationship with Plaintiff is as *opposing counsel* in two of Plaintiff's lawsuits against ARAMARK. It is undisputed that no fiduciary relationship exists between Plaintiff and Meckley.

In support of his argument, Plaintiff cites only one case, *Hartford v. State Bar* (1990) 50 Cal.3d 1139, which is entirely inapposite to the present case. In *Hartford*, an attorney who accepted stock owned by a disinterested third party as a pledge to secure payment by his clients of his attorney fees and expert witness fees in a civil action, was disciplined for selling the stock in violation of the pledge agreement (and without notice to the pledgor), notwithstanding the fact that the pledgor was not the attorney's client. The facts of *Hartford* case are entirely different from the present case, as Plaintiff has entrusted no power or property to Meckley or any other attorney at MLB. There is nothing in *Hartford* which supports the argument that Meckley or MLB owed Foster any fiduciary duty in the present case. As a result, Plaintiff's argument that Meckley and MLB should be disqualified because they breached an alleged fiduciary duty to Plaintiff must fail.

### D. It Is Undisputed that Neither MLB Nor Meckley Has Perpetrated A Fraud Against Plaintiff

Plaintiff dedicates over ten pages of his Motion to his rambling and repetitive argument that Meckley "perpetuated a fraudulent scheme to defraud [Plaintiff]." Memo P&A 3:7-8. The alleged "fraud" consists *solely* of Defendants' counsel serving a mediation brief on Plaintiff and a mediator attorney Bruce Highman in connection with an Early Settlement Conference sponsored by the Bar Association of San Francisco which the parties were ordered to attend by the San Francisco Superior Court. In the mediation brief, Defendants' stated the following:

> "On March 28, Plaintiff signed a Leave of Absence Request Form requesting a leave of absence for "emotional stress and mental anguish" from March 30, 2006, to return no later than June 15, 2006. The request contained the following language: "I understand that failure to report to work at the date specified above means that I am quitting voluntarily and I will, therefore, be terminated on that date." The date specified was June 15, 2006. The request was approved on March 28. Plaintiff was notified that request had been approved on March 29 and began his leave of absence on March 30. A true and correct copy of Plaintiff's request for leave is attached hereto as **Exhibit 5**.
>
> On June 12, 2006, Miller called Plaintiff to remind Plaintiff that he was scheduled to return to work on June 15. Plaintiff admittedly never returned Miller's call. Depo. Vol. II, 302:21-22. When Plaintiff failed to return to work on June 15, 2006, he effectively resigned his position, and his employment with ARAMARK

ended that same date. Plaintiff later confirmed his resignation in a signed writing, a true and correct copy of which is attached hereto as **Exhibit 6**."[7]

The above-quoted language is 100% truthful and accurate. Plaintiff's accusation that submitting the above description and documents in the context of an Early Settlement Conference constituted "fraud" is completely without merit. Both of the above-referenced documents were signed by Plaintiff and both listed a June 15, 2006 resignation date. Plaintiff is certainly free to argue that the two documents he signed have a different meaning and import than that acribed to them by Defendants, however, Defendants have an equally legitimate right to argue their position that, taken together, these documents demonstrate that Plaintiff voluntarily resigned his employment effective June 15, 2006 and was not constructively discharged. Plaintiff seems not to comprehend that this is litigation. The parties are entitled to argue based on their interpretation of the evidence. Plaintiff has the mistaken belief that because Defendants' presentation and interpretation of the evidence is different that his, that constitutes "fraud". Defendants' counsel perpetrated no fraud against Plaintiff. Because the foundation of Plaintiff's argument for disqualification is premised upon this mistaken notion of "fraud," his Motion should be dismissed.[8]

### E.     Disqualification Would Be Entirely Inappropriate In The Present Case

Among the factors a court should consider when weighing a motion to disqualify counsel are: (1) a client's right to choose its own counsel, (2) the hardship inflicted upon the client by its counsel's disqualification, and (3) the threat to the judicial process from disqualification motions that are used simply for strategic purposes. *In re Airport Car Rental Antitrust Litigation* (N.D. Cal. 1979) 470 F. Supp. 495, 502 ("factors counseling against disqualification" include "the client's right to choose his counsel ad the harm to the client caused by an order of

---

[7] Defendants have attached a copy of the mediation brief (with the information about settlement negotiations/amounts redacted) as Exhibit 1 to the Meckley Declaration filed herewith. Plaintiff has submitted piecemeal portions of this document in support of his Motion. Because he so heavily relies upon it, Defendants believe it is important to have the entire document (except for the redacted settlement communications) to understand the whole context in which this supposed "fraud" occurred.

[8] It is truly ironic that Plaintiff is accusing Defendants' counsel of "fraud" considering that Plaintiff was convicted of, and sentenced to federal prison for, felony aiding and abetting mail fraud by the Hon. D. Lowell Jensen. *See, USA v. Foster*, CR-40190-DLJ-2.

disqualification" and the fact that "motions for disqualification are often used for strategic purposes"); *see also Zador Corp., N.V. v. Kwan* (1995) 31 Cal.App.4th 1285, 1302-03 ("it must be kept in mind that disqualification usually imposes a substantial hardship on the disqualified attorney's innocent client, who must bear the monetary and other costs of finding a replacement").

Plaintiff has brought this Motion solely for the strategic purpose of harassing counsel and Defendants. Plaintiff has a long history of filing frivolous lawsuits, administrative claims and frivolous motions. One need only search his name in the dockets of the San Francisco Superior Court, Alameda County Superior Court and Northern District federal court to discover the litany of frivolous litigation filed by Plaintiff, and Defendants' counsel will be more than happy to share this information with the Court at the hearing on this Motion.

Moreover, MLB and, specifically, attorneys Meckley and Boag, have spent more than one year litigating Plaintiff's underlying case on behalf of Defendant ARAMARK Sports, LLC and the individual defendants Matthew Lee and Ying Kee McVicker. Because the current case is so closely related to the underlying suit against ARAMARK Sports, LLC and the individual defendants—all of Plaintiff's lawsuits are revolve around his less than 12 months of employment with ARAMARK—to disqualify MLB from representing Defendants in the present litigation would inflict an unnecessary, unreasonable and unjustified hardship upon Defendants.

## IV. CONCLUSION

Plaintiff's disqualification motion should be denied in its entirety. Moreover, given the utter paucity of legal and/or factual support for the Motion, the Court could *sua sponte* issue an order to show cause why Plaintiff should not be sanctioned under Rule 11 for filing this Motion. Rule 11(c)(3).

DATED: April 7, 2008                                    MORGAN, LEWIS & BOCKIUS

                                                        By _____/S/_____
                                                        Eric Meckley
                                                        Attorneys for Defendants
                                                        ARAMARK Sports, LLC and ARAMARK
                                                        Corporation