

MORGAN, LEWIS & BOCKIUS LLP
ERIC MECKLEY, SBN 168181
SUZANNE BOAG, SBN 250441
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
emeckley@morganlewis.com

Attorney for Defendants
ARAMARK Sports, LLC and ARAMARK
Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK ANTOINE FOSTER,<br><br>                    Plaintiff,<br><br>            vs.<br><br>ARAMARK SPORTS, LLC and<br>ARAMARK CORPORATION, and DOES<br>1 through 73,<br><br>                    Defendants. | Case No. C-08-01336 MHP<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT**<br><br>Date:      April 28, 2008<br>Time:     2 p.m.<br>Place:    Courtroom 15, 18th Floor<br><br>Judge:    Hon. Marilyn H. Patel |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7687260.1

Case No. C-08-01336 MHP

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ...................................................................................................1

II.  RELEVANT FACTS AND PROCEDURAL HISTORY ....................................1

III. ARGUMENT .......................................................................................................3

A.   Plaintiff's Motion For Remand Fails To Address, Let Alone Dispute, Diversity Jurisdiction Which Is A Separate And Independent Basis of Jurisdiction...............................................................................................3

B.   A Substantial Federal Question Exists Establishing Federal Jurisdiction Under 28 U.S.C. Section 1331.............................................................................4

C.   Defendants Promptly Notified The State Court Of Removal Thus Plaintiff's Argument That Removal Was Procedurally Defective Must Fail.........5

D.   Plaintiff May Not Avoid Federal Jurisdiction By Moving to Dismiss His Federal Cause Of Action After Removal...................................................6

E.   Plaintiff's Remaining Arguments and Legal Citations Are Simply Inapposite.................................................................................................8

1.   Plaintiff May Not Avoid Federal Jurisdiction Merely Because He Filed This Lawsuit—Containing Multiple Federal Claims—In State Court ...........................................................................................8

2.   Plaintiff's Federal Claims Are Not Elements Of Any State Cause Of Action Pled In Plaintiff's Complaint .........................................8

F.   Given That Proper Diversity Jurisdiction Exists As to Plaintiff's Present Lawsuit Against ARAMARK, The Court Should Not Remand Plaintiff's Original and Related Lawsuit (Case No. C-08-00733 MHP) Against ARAMARK And The Individual Defendants Because Doing So Would Result In Piecemeal Litigation.........................................................................9

IV.  CONCLUSION....................................................................................................9

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Alpena Power Co. v. Utility Workers Union of America, Local 286*
(E.D. Mich. 1987) 674 F.Supp.1286 ........................................................................... 6

*Carnegie-Mellon University v. Cohill*
(1988) 484 U.S. 343 ...................................................................................................... 7

*Caterpillar Inc. v. Williams*
(1987) 482 U.S. 386 ...................................................................................................... 7

*Easton v. Crossland Mortgage Company*
(9th Cir. 1997) 114 F.3d 979 ....................................................................................... 7

*Farm Credit Bank of St. Paul v. Ziebarth*
(D.C.N.D. 1992) 481 N.W. 2d 451 .............................................................................. 6

*Harrell v. 20th Century Ins. Co.*
(9th Cir. 1991) 934 F.2d 203 ................................................................................... 6, 7

*Herman v. Salomon Smith Barney*
(S.D. Cal. 2003) 266 F.Supp.2d 1208 ......................................................................... 5

*Hornung v. Master Tank & Welding Co.*
(D.C.N.C. 1957) 151 F.Supp.169 ............................................................................... 5

*Karambelas v. Hughes Aircraft*
(9th Cir. 1993) 992 F.2d 971 ....................................................................................... 5

*Merrell Dow Pharmaceuticals Inc. v. Thompson*
(6th Cir. 1985) 766 F.2d 1006 ..................................................................................... 8

*Sommers v. Abshire*
(E.D. Tex. 1995) 186 B.R. 407 .................................................................................... 6

*Sparta Surgical Corp. v. NASD*
(9th Cir. 1998) 159 F.3d 1209 .............................................................................. 4, 6, 7

**Statutes**

28 U.S.C.
§ 1441(a) ...................................................................................................................... 8
§ 1446(d) ................................................................................................................... 3, 5

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

## I.  INTRODUCTION

On February 7, 2008, Plaintiff Mark Antoine Foster ("Plaintiff") filed a Complaint in San Francisco County Superior Court which included federal claims of mail fraud, conspiracy to commit mail fraud, and wire fraud.  On March 7, 2008, Defendants ARAMARK Sports, LLC and ARAMARK Corporation ("Defendants") timely and properly removed this action to federal court based on diversity of citizenship jurisdiction and federal question jurisdiction.

Plaintiff now seeks to have this Court remand this matter to state court, arguing that Defendants' removal was procedurally defective and that the present case is not within the jurisdiction of this Court because he is not seeking a remedy based on federal law.  However, Plaintiff's motion *completely ignores* the fact that Defendants removed this case based not only on federal question jurisdiction—which is the sole focus of Plaintiff's motion for remand—but also on diversity jurisdiction pursuant to 28 U.S.C. Section 1332.  Plaintiff does not challenge the existence of diversity jurisdiction and, for that reason alone, his motion for remand should be denied.

Because it is undisputed that diversity jurisdiction exists, the Court need not consider Plaintiff's arguments challenging federal question jurisdiction.  In any event, those arguments are without merit.  Plaintiff has pled *three federal claims,* under 18 U.S.C. Sections 1342, 1343, 1345, and 1349.

Contrary to Plaintiff's contention that Defendants' removal was procedurally defective, Defendants closely adhered to established procedure in removing this case to federal court.  As a result, Plaintiff's motion to remand should be denied.

## II.  RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff Mark Antoine Foster ("Plaintiff") is a former employee of ARAMARK Sports LLC.  On or around March 7, 2007, Plaintiff filed a lawsuit against ARAMARK Sports, LLC and two former co-workers, alleging a variety of claims relating to his former employment, including alleged harassment, retaliation and discrimination in violation of the Fair Employment & Housing Act, discrimination/failure to accommodate in violation of the Americans with Disabilities Act,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7687260.1                    1                    Case No. C-08-01336 MHP

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

1   and intentional infliction of emotional distress. That case is currently pending before this Court

2   (Case No. C-08-00733 MHP).

3       On or about February 7, 2008, Plaintiff filed four nearly identical lawsuits in San

4   Francisco Superior Court, including the present action, entitled *Mark Antoine Foster v.*

5   *ARAMARK Sports, LLC, ARAMARK Corporation, and Does 1 through 87*, Case No. CGC-08-

6   471936, alleging causes of action for: (1) fraud and intentional deceit; (2) intentional

7   misrepresentation of fact; (3) negligent misrepresentation; (4) suppression of fact; (5) intentional

8   mail fraud, in violation of 18 U.S.C. Section 1341; (6) conspiracy to commit mail fraud, in

9   violation of 18 U.S.C. Sections 1345 and 1349; (7) wire fraud, in violation of 18 U.S.C. Section

10  1343; (8) intentional infliction of emotional distress; and (8) negligent infliction of emotional

11  distress. Plaintiff's claims for intentional mail fraud, conspiracy to commit mail fraud and wire

12  fraud were brought under federal law. The remaining claims were all brought under California

13  law.

14      On or about February 7, 2008, Plaintiff also filed the following almost identical lawsuits

15  in San Francisco County Superior Court against the following Defendants:

16      1. Specialty Risk Services[1] ("SRS") and Gretchen Devine. This case was removed to this

17  Court on or around March 12, 2008 (Case No. 08-01421 MHP).

18      2. Gray & Prouty, Kempton Letts and Dana Mitchell.[2] To Defendants' knowledge this

19  case is still pending in state court (Case No. CGC-08-471938).

20      3. Morgan Lewis & Bockius, LLP ("MLB") and Eric Meckley.[3] This case was removed

21  to this Court on or around March 7, 2008 (Case No. 08-01337 MHP). Plaintiff filed a similar

22  motion to remand this case to state court on March 21, 2008.

23      In each of the virtually identical lawsuits filed on February 7, 2008, Plaintiff alleges that

24  he was asked to sign a document in connection with negotiating the settlement of his workers'

---

[1] SRS administered Plaintiff's workers' compensation claim against ARAMARK Sports, LLC.

[2] Gray & Prouty is the law firm representing ARAMARK Sports, LLC in connection with Plaintiff's workers' compensation claim against ARAMARK Sports, LLC.

[3] Morgan Lewis & Bockius, LLP represents Defendants in the present case, as well as in Plaintiff's lawsuit against Morgan Lewis & Bockius and Eric Meckley.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7687260.1                          2                          Case No. C-08-01336 MHP

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

1  compensation claim that contained an inaccurate date for his resignation from ARAMARK

2  Sports, LLC.

3  On March 7, 2008, Defendants timely removed this action to the United States District

4  Court, Northern District of California, pursuant to 28 U.S.C. Sections 1331 and 1332, based upon

5  federal question *and* diversity jurisdiction.  Three business days later, on March 12, 2008,

6  Defendants served on Plaintiff a Notice to Adverse Party and State Court of Removal and filed

7  the Notice with the clerk of the San Francisco Superior Court, pursuant to 28 U.S.C. Section

8  1446(d).

9  On March 19, 2008, Hon. Marilyn H. Patel issued a Related Case Order, reassigning to

10  her Plaintiff's case against ARAMARK Sports, LLC and ARAMARK Corporation and Plaintiff's

11  case against Morgan Lewis & Bockius, LLP and Eric Meckley.  The Court has also found related

12  the action against Specialty Risk Services.

13  On March 21, 2008, Plaintiff filed a motion to remand in the present case, as well as his

14  concurrent case against Morgan Lewis& Bockius, LLP and Eric Meckley.

15  **III.    ARGUMENT**

16  While Plaintiff makes *thirteen arguments* in support of his motion to remand, his Motion

17  is based primarily on the following three arguments:  (1) Defendants' removal was procedurally

18  defective because Defendants failed to notify the state court of the removal within thirty days of

19  service of the Complaint; (2) Plaintiffs Complaint does not state a claim for relief arising under

20  federal law; and (3) Plaintiff may avoid federal jurisdiction by dismissing or severing his federal

21  claims.

22  As described below, these arguments do not support remand in the present case.

23  **A.    Plaintiff's Motion For Remand Fails To Address, Let Alone Dispute, Diversity**
   **Jurisdiction Which Is A Separate And Independent Basis of Jurisdiction**
24

25  Plaintiff ignores the fact that Defendants based their removal not only on the existence of

26  federal question jurisdiction, but also on diversity of citizenship jurisdiction, pursuant to 28

27  U.S.C. Section 1332.  As noted in Defendants' Notice of Removal, complete diversity between

28  the parties exists.  Plaintiff is a citizen of the State of California.  ARAMARK Corporation is a

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7687260.1                                      3                         Case No. C-08-01336 MHP
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

1  corporation incorporated under the laws of the State of Delaware, with its principal places of

2  business in the State of Pennsylvania.  ARAMARK Sports, LLC was and is an entity organized

3  under the laws of the State of Delaware with its principal place of business in the State of

4  Pennsylvania.  No member of ARAMARK Sports, LLC is a citizen of the State of California.

5      Further, the amount in controversy exceeds the sum or value of $75,000.  Plaintiff alleges

6  in his Complaint that he was subject to fraud, intentional and negligent misrepresentation and

7  intentional and negligent infliction of emotional distress, and that as a result, he suffered

8  emotional distress and mental anguish which impacted his future income opportunities and will

9  lead him to see psychological treatment.  Plaintiff seeks to recover several categories of damages

10  including economic losses, emotional distress damages, punitive damages, and attorney fees.  If

11  Plaintiff to prevail in this action, the amount of these damages could reasonably exceed $75,000.

12      Because diversity jurisdiction exists in the present case, which is a separate and

13  independent basis for removal, and because Plaintiff's motion does not dispute or challenge the

14  existence of diversity jurisdiction, his motion for remand must be denied.

15  **B.  A Substantial Federal Question Exists Establishing Federal Jurisdiction Under 28
    U.S.C. Section 1331.**

16

17      Plaintiff's contention that his federal claims do not give rise to a substantial federal

18  question and that he seeks remedies exclusively under state law are unsupported by the actual

19  plain language of his Complaint. Memo P&A 16:9-12.  Plaintiff's fifth, sixth, and seventh claims

20  are predicated entirely upon Defendants' alleged violation of federal law.  Memo P&A 11:1-2.

21      To determine the existence of a federal question, courts look to the face of the complaint

22  for allegations that render a cause of action one that arises under federal law.  *Sparta Surgical*

23  *Corp. v. NASD* (9th Cir. 1998) 159 F.3d 1209, 1211.  Plaintiff's fifth, sixth, and seventh claims

24  are entitled, respectively, "Mail Fraud, 18 U.S.C. Section 1341," "Conspiracy to Defraud, 18

25  U.S.C. Sections 1345, 1349," and "Wire Fraud, 18 U.S.C. Section 1343."  Further, Plaintiff

26  makes definitive statements in his Complaint alleging that Defendants violated federal law. *See,*

27  *e.g.,* Complaint ¶ 56 ("Defendants conspiring to defraud Plaintiff violated . . . 18 U.S.C. Sections

28  1345 and 1349); ¶ 62 ("Defendant's use of the above mentioned methods of communication to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7687260.1                                4                          Case No. C-08-01336 MHP

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

1   defraud Plaintiff violated 18 U.S.C. Section 1343"). Consequently, the Complaint raises multiple

2   claims that are "necessarily federal in character," and where the "right to relief depends on the

3   resolution of a substantial, disputed federal question." *See Herman v. Salomon Smith Barney*

4   (S.D. Cal. 2003) 266 F.Supp.2d 1208, 1211.

5         Plaintiff relies on *Karambelas v. Hughes Aircraft* (9th Cir. 1993) 992 F.2d 971, 974,

6   quoting the following language from that case: "[A defendant] cannot merely by injecting a

7   federal question into an action that asserts what is plainly a state-law claim, transform the action

8   into one arising under federal law, thereby selecting the forum in which the claim shall be

9   litigated." In *Karembalas*, however, the plaintiff's complaint for wrongful termination did not

10  plead a federal cause of action, which is why the court reached the conclusion that removal was

11  improper. The holding of *Karembalas* is inapposite to the present case, because Plaintiff's fifth,

12  sixth, and seventh claims specifically plead federal claims under 18 U.S.C. Sections 1342, 1343,

13  1345, and 1349.

14  **C.**  **Defendants Promptly Notified The State Court Of Removal Thus Plaintiff's**
        **Argument That Removal Was Procedurally Defective Must Fail.**

15

16        Plaintiff erroneously argues that Defendants' removal was procedurally defective because

17  Defendants notified the state court of the removal after the statutory thirty (30) day period for

18  removal. Memo P&A 4:4-6.

19        Federal law requires that "*[p]romptly* after the filing of such notice of removal of a civil

20  action the defendant or the defendants shall give written notice thereof to all adverse parties and

21  shall file a copy of the notice with the clerk of such State court, which shall effect the removal."

22  28 U.S.C. § 1446(d) (emphasis added). It is well-established that 28 U.S.C. Section 1446(d) does

23  not require notification to state court within the same thirty-day period required for the initial

24  petition of removal, or even within a defined number of days after filing of the initial petition of

25  removal *See Hornung v. Master Tank & Welding Co.* (D.C.N.C. 1957) 151 F.Supp.169 (holding

26  that federal jurisdiction vested for all purposes when petition for removal was filed in federal

27  District Court, and later notice thereof and filing of copy thereof in state court operated

28  retroactively to effect removal as of date of filing of petition in federal District Court); *see also*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

1   *Alpena Power Co. v. Utility Workers Union of America, Local 286* (E.D. Mich. 1987) 674

2   F.Supp.1286 (holding that written notice of removal which was given to state court thirteen days

3   after filing of petition of removal was "prompt, and thus did not require" remand); *Sommers v.*

4   *Abshire* (E.D. Tex. 1995) 186 B.R. 407 ("Prompt notice does not specify a specific time period.

5   Certainly the receipt of written notice a few day after the removal satisfies the promptness

6   requirement of 28 U.S.C. Section 1446(d)").

7          Defendants filed their Notice to Adverse Party and State Court in the San Francisco

8   Superior Court on Wednesday, March 12, 2008, *three court days* after the Notice of Removal was

9   filed in federal court on Friday, March 7, 2008.  Consequently, based on established case law,

10  Plaintiff's argument that "Defendants needed to file the notice of removal with the clerk of the

11  state court prior to the 30-day deadline to put the removal into effect" is utterly without merit.

12  Plaintiff does not cite *any authority* which states that the notification to state court must be filed

13  within the thirty day deadline required for the initial petition of removal in order for the removal

14  to be effective.  Rather, in *Farm Credit Bank of St. Paul v. Ziebarth* (D.C.N.D. 1992) 481 N.W.

15  2d 451, which Plaintiff cites to support his argument that Defendants' removal was ineffective

16  because of the alleged untimely notice to state court, plainly states that "[t]he federal court

17  acquires jurisdiction *when the defendant files the notice for removal with the federal court*."

18  (emphasis added).

19  **D.    Plaintiff May Not Avoid Federal Jurisdiction By Moving to Dismiss His Federal**
       **Cause Of Action After Removal.**

20

21          Plaintiff alleges that he can "easily sever or dismiss his . . . claims for mail fraud, wire

22  fraud, and conspiracy."  Memo of P&A 13:21-22.  Plaintiff is incorrect.

23          Plaintiff may not avoid federal jurisdiction simply by dismissing his federal claims.  First,

24  Plaintiff cannot avoid the jurisdiction of the federal court because diversity of citizenship

25  jurisdiction exists here.  Even if that were not the case, a federal court has "the power to hear

26  claims that would not be independently removable even after the basis for removal jurisdiction is

27  dropped from the proceedings."  *Harrell v. 20th Century Ins. Co.* (9th Cir. 1991) 934 F.2d 203,

28  205 (citation omitted); *see also, Sparta* (9th Cir. 1998)159 F.3d 1209, 1213 (holding that the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7687260.1                                6                          Case No. C-08-01336 MHP

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

1  district court properly denied the motion to remand made soon after removal, although plaintiff

2  amended complaint to delete references to federal claim). A plaintiff may not compel remand by

3  amending a complaint to eliminate the federal question upon which removal was based. *Sparta*,

4  159 F.3d at 1213; *cf. Carnegie-Mellon University v. Cohill* (1988) 484 U.S. 343, 357 (stating that

5  a district court can consider whether the plaintiff has engaged in manipulative tactics, such as

6  manipulating the forum by deleting all federal-law claims from the complaint and requesting

7  remand). Rather, jurisdiction must be analyzed on the basis of the pleadings filed at the time of

8  removal without reference to subsequent amendments. *Sparta*, 159 F.3d at 1213. It is "generally

9  within a district court's discretion either to retain jurisdiction to adjudicate the pendent state

10  claims or to remand them to state court." *Harrell* at 205.

11      This litigation is properly in federal court based not only on diversity jurisdiction but also

12  on Plaintiff's *multiple federal claims,* pled in Plaintiff's Complaint prior to removal. While

13  Plaintiff is correct that "the party who brings the suit is master to decide what law he will rely

14  upon," Plaintiff *chose to rely upon a federal law* in seeking to hold Defendants liable. *Caterpillar

15  Inc. v. Williams* (1987) 482 U.S. 386, 392. If Plaintiff had wanted to avoid federal jurisdiction, he

16  should not have included federal claims in his Complaint.

17      Further, while Plaintiff states that he is "the master of his complaint and may avoid federal

18  jurisdiction by exclusive reliance on state law," Plaintiff cites as authority for this proposition

19  *Easton v. Crossland Mortgage Company* (9th Cir. 1997) 114 F.3d 979, a case with facts unrelated

20  to the present case. In *Easton*, the plaintiff had merely made reference to a federal claim in his

21  Complaint, without pleading a distinct federal claim, and it was upon this mere reference to a

22  federal claim that Defendant sought to remove the case to federal court based on federal question

23  jurisdiction. In the present case, however, Plaintiff pled *three separate claims* based upon

24  Defendants' alleged violation of the federal law. The fact that the headings for his fifth, sixth,

25  and seventh claims contain the actual federal statutes upon which his claims for mail fraud,

26  conspiracy, and wire fraud are based proves that Plaintiff did not merely "include references to"

27  federal law, as he alleges in his motion. Memo P&A 14:3.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

E. **Plaintiff's Remaining Arguments and Legal Citations Are Simply Inapposite.**

    1.    **Plaintiff May Not Avoid Federal Jurisdiction Merely Because He Filed This Lawsuit—Containing Multiple Federal Claims—In State Court.**

Plaintiff argues that "the State court has secured jurisdiction of [this case] because it was first filed in state court." Memo P&A 10:8-10. Plaintiff completely misses the mark with this argument.

A state court cannot "secure" jurisdiction merely because a lawsuit was first filed in state court. Were this the case, *no removal* would be proper. Rather, federal law states that "*any civil action commenced in state court* of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." 28 U.S.C. § 1441(a) (emphasis added). Because diversity jurisdiction exists, and because Plaintiff's Complaint contains three claims "arising under the laws of the United States," as discussed, *supra*, the present action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1332.

    2.    **Plaintiff's Federal Claims Are Not Elements Of Any State Cause Of Action Pled In Plaintiff's Complaint.**

Plaintiff alleges that his federal claims for mail fraud, conspiracy, and wire fraud are not "necessary element[s] of his state law claim and . . . no federal preemption exists." Memo P&A 16:1-2. Plaintiff cites as authority for this proposition *Merrell Dow Pharmaceuticals Inc. v. Thompson* (6th Cir. 1985) 766 F.2d 1006. Plaintiff has interpreted *Merrell* out of context. The plaintiff in *Merrell* referred to a federal cause of action – under the Food, Drug and Cosmetic Act ("FDCA") –as one available criterion for determining whether Merrell Dow was negligent. *Merrell* involved the question of whether removal was proper if the action alleged in part that the alleged FDCA violation constituted a rebuttable presumption of negligence. That situation is entirely different from the present case, in which Plaintiff has alleged separate and independent federal law claims under which he seeks to hold Defendants liable and recover monetary damages.

Further, Defendants do not contend that Plaintiff's federal claims in any way preempt any of his state law causes of action. Rather, in addition to the existence of diversity jurisdiction,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7687260.1          8          Case No. C-08-01336 MHP

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

1    Plaintiff has pled three federal claims which are sufficient to establish federal jurisdiction.

2    **F.    Given That Proper Diversity Jurisdiction Exists As to Plaintiff's Present Lawsuit
         Against ARAMARK, The Court Should Not Remand Plaintiff's *Original* and *Related*
3        Lawsuit (Case No. C-08-00733 MHP) Against ARAMARK And The Individual
         Defendants Because Doing So Would Result In Piecemeal Litigation.**

4

5            As discussed, *supra*, remand is improper because Defendants' have properly removed the

6    present case to federal court based on diversity jurisdiction, and Plaintiff has failed to challenge—

7    or even make mention of—diversity jurisdiction.  As a result, remand of Plaintiff's *original* and

·8   *related* lawsuit against ARAMARK Sports, LLC, Ying Kee McVicker, and Matthew Lee, Case

9    No. C-08-00733 MHP, would be improper, because both cases are sufficiently related and

10   intertwined, and remanding the original case would result in piecemeal litigation.[4]

11           Plaintiff's original lawsuit and the present case arise out of the same alleged transactions

12   and occurrences – Plaintiff's alleged wrongful termination and ARAMARK's attempt to

13   allegedly defraud him in an effort to escape liability from the allegations in his original suit.  In

14   fact, the cases are so intertwined as to result in a "related case" finding and reassignment to the

15   same judge. Consequently, litigating the two cases in different tribunals would result in not only a

16   duplication of time and effort on the part of the litigants and the courts, but would also create the

17   possibility of inconsistent results.  As such, remand should be denied in this present case and *also*

18   in Case No. C-08-00733 MHP.

19   **IV.    CONCLUSION**

20           Plaintiff failed to address – let alone dispute -- the fact that the present case is properly in

21   federal court based on diversity of citizenship jurisdiction.  Further, Defendants timely filed their

22   petition of removal in federal court and "promptly" notified both Plaintiff and the state court a

23   mere three court days later.  Diversity jurisdiction exists, and the Court should deny Plaintiff's

24   motion to remand.

25

26

27

[4]    Defendants' filed their Opposition to Plaintiff's Motion to Remand Case No. C-08-00733 MHP on March
28     24, 2008 which is scheduled to be heard at the same time as the Motion to Remand in the present case.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7687260.1                                    9                        Case No. C-08-01336 MHP

MORGAN, LEWIS & BOCKIUS LLP

Date: April 7, 2008

_____/S/_____

Eric Meckley
Attorneys for Defendants
ARAMARK Sports, LLC and ARAMARK
Corporation

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7687260.1                    10                    Case No. C-08-01336 MHP

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

**PROOF OF SERVICE**

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is One Market, Spear Street Tower, San Francisco, California 94105-1126.

On **April 7, 2008**, I served the within document(s):

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT**

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒    by placing true and correct copies of the documents listed above in sealed envelopes with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐    by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

☐    by transmitting via electronic mail the document(s) listed above to each of the person(s) as set forth below.

Mark Foster, *In Pro Per*
200 Corpus Cristi Road, #A
Alameda, CA 94501

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **April 7, 2008**, at San Francisco, California.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

*Mary Gonzalez*
Mary Gonzalez

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7675388.1

c

PROOF OF SERVICE