| | |
|---|---|
| 1 | ERIC MECKLEY, State Bar 168181 |
| 2 | SUZANNE BOAG, State Bar 250441<br>MORGAN, LEWIS & BOCKIUS LLP |
| 3 | One Market, Spear Street Tower<br>San Francisco, CA 94105-1126 |
| 4 | Tel: 415.442.1000<br>Fax: 412.442.1001 |
| 5 | E-mail: emeckley@morganlewis.com |
| 6 | Attorneys for Defendants |
| 7 | ARAMARK SPORTS, LLC and ARAMARK<br>CORPORATION |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

MARK ANTOINE FOSTER,

    Plaintiff,

vs.

ARAMARK SPORTS, LLC and ARAMARK CORPORATION, and DOES 1-73,

    Defendants.

Case No. C-08-01336 MHP

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

**[FRCP 12(b)(6)]**

Date:    April 28, 2008
Time:    2 p.m.
Place:    Courtroom 15, 18th Floor
Judge:    Hon. Marilyn H. Patel

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7690711.2

Case No. C-08-01336 MHP

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

I. **INTRODUCTION**

Plaintiff Mark Antoine Foster's ("Plaintiff") opposition to Defendants ARAMARK Sports, LLC's and ARAMARK Corporation's ("Defendants" or "ARAMARK") Motion to Dismiss ("Motion") is basically a repetitive regurgitation of the allegations contained in his initial Complaint. Plaintiff concedes that his Federal criminal claims should all be dismissed. As to the remaining claims, based upon the allegations stated in the Complaint and the documents he has attached as Exhibits to his various filings and/or incorporated by reference, Plaintiff has failed to demonstrate how any of these claims sufficiently state a claim upon which relief can be granted. As a result, Defendants' Motion should be granted.

II. **ARGUMENT**

A. **Plaintiff Concedes That His Second, Third, Fourth, And Sixth Causes Of Action For Mail Fraud, Conspiracy, Wire Fraud, And Negligent Infliction Of Emotional Distress Should Be Dismissed.**

Plaintiff states in his opposition to Defendants' Motion that "he does not contend he has a private right of action for [mail fraud, wire fraud and conspiracy] . . . the attorney general being the only one who can bring these charges through an indictment." Memorandum of Points and Authorities ("Memo P&A") 15:22-23; 16:1. As Plaintiff concedes, there is no private right of action for violation of any of the criminal statutes—18 U.S.C. Sections 1341, 1343, 1345, and 1349—he cites in his Complaint. Consequently, Defendants' motion to dismiss Plaintiff's Second, Third, and Fourth causes of action—all of which arise under criminal statutes—should be granted.

Plaintiff further concedes in his opposition that "Defendant ARAMARK Corporation may not be liable of the alleged Negligent Infliction of Emotional Distress." Memo P&A 17:5. Defendants' motion to dismiss the Sixth cause of action as to ARAMARK Corporation should be granted.

B. **Plaintiff's Remaining Claims Fail To State A Claim Upon Which Relief Can Be Granted.**

    1. Plaintiff's Fraud Claim Must Be Dismissed Because He Cannot Show That He Detrimentally Relied On Any Misrepresentation Or That He Was Damaged.

Plaintiff's alleges in his Complaint that Defendants violated California Civil Code Sections 1572, 1709, and 1710. Complaint ¶¶ 8-40. Section 1709 provides in pertinent part that "one who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers."

In order to proceed with a claim of fraud under California law, Plaintiff must establish: (1) misrepresentation; (2) scienter or knowledge of falsity; (3) intent to induce reliance; (4) actual, detrimental, and justifiable reliance, and (5) resulting damages. *Express, LLC v. Fetish Group, Inc.* (C.D. Cal. 2006) 464 F. Supp. 2d 965.

In his Complaint, Plaintiff alleges that Defendants made false representations by requesting that he sign an agreement confirming his voluntary resignation as of May 1, 2007 in the context of settlement negotiations related to his workers' compensation claim. Complaint ¶ 21. Plaintiff, however, acknowledges that he refused to agree that he resigned on May 1, 2007. Complaint ¶ 19. Rather, Plaintiff chose to change the date of the resignation to its correct date and signed the agreement stating he voluntarily resigned on June 15, 2006, not May 1, 2007. Complaint ¶ 20.

Plaintiff now *concedes* the lack of detrimental reliance on Defendants' alleged misrepresentation. In his opposition, Plaintiff acknowledges he "did not rely on the misrepresentation—the agreement dated May 1, 2007—as he recognized its falsity." Memo P&A 3:9-10. He now makes the confusing argument that he relied on the agreement *after* he altered it to reflect the correct date. Memo P&A 3:11. Because Plaintiff relied on the agreement *after he had corrected the alleged misrepresentation*, and he admittedly did not rely on the agreement at any time prior to correcting it, he did not rely on any misrepresentation *by Defendants* when he signed the agreement. Because he cannot establish this essential element of fraud, his fraud claim must be dismissed.

In addition, even if Plaintiff had relied on any alleged misrepresentation in the originally drafted agreement, he concedes in his opposition that his alleged damages are limited to emotional distress damages. Memo P&A 13:13-24. However, Plaintiff must be able to demonstrate that he suffered either a pecuniary loss or a loss of property as the result of Defendants' alleged fraud. *See Munson v. Fishburn* (1920) 183 Cal. 206 (" it must be shown that the plaintiff, as the result of fraud, suffered an injury of a pecuniary nature, or an injury to his property, rather than an injury to his feelings"). Because the only damage Plaintiff alleges to have suffered as the result of Defendants' supposed fraud is emotional distress, he has failed to establish a *prima facie* case for fraud and this claim must be dismissed.

        2.       Plaintiff's Claim For Intentional Infliction of Emotional Distress Should Be Dismissed Because Plaintiff Cannot Establish Conduct That Was Extreme And Outrageous.

One essential element of a claim for Intentional Infliction of Emotional Distress ("IIED") is "extreme and outrageous conduct." *See Tekle ex rel. Tekle v. U.S.* (9th Cir. 2006) 457 F.3d 1088, 1103. Plaintiff's claim for IIED rests entirely on his allegations regarding the negotiations surrounding the settlement of his workers' compensation claim. Complaint ¶¶18-20. Plaintiff offers no facts in either his Complaint or his opposition sufficient to state a claim upon which relief may be granted. In his opposition, Plaintiff simply relies on the same allegations as stated in his Complaint. Assuming Plaintiff's allegations to be true, they fall far short of demonstrating "extreme and outrageous conduct," and are insufficient as a matter of law to state a claim for intentional infliction of emotional distress. As evidenced by the letter forwarding the resignation agreement, *Plaintiff was represented by counsel in these negotiations!* Specifically, on May 2, 2007, C. Kempton Letts, the attorney for Defendants' workers' compensation claims adjuster/insurer, sent Plaintiff's workers' compensation attorney Mary Lou Williams the workers' compensation settlement paperwork and the resignation agreement with a letter explaining that the resignation agreement was a proposed Compromise and Release agreement reflecting Mr. Letts' and Ms. William's prior settlement discussions. *See*, Ex. 5 to Plaintiff's Motion to Disqualify Attorneys Eric Meckley, Melinda Riechert, Sue Boag, and Morgan Lewis & Bockius

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7690711.2      4      CASE NO. C-08-01336 MHP

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

LLP. This was an arms-length settlement negotiation between counsel in the context of litigation. Plaintiff has failed to cite any case law which would allow him to sue for IIED based on these undisputed facts. The alleged conduct clearly does not "exceed all bounds of that usually tolerated in a civilized community," particularly in light of the additional fact that Plaintiff does not dispute the resignation itself, but merely claims that the resignation date was incorrect, and he promptly corrected it.

> 3. Plaintiff's Claim For Negligent Infliction of Emotional Distress Against ARAMARK Sports LLC Must Be Dismissed Because Defendants Owed No Duty To Plaintiff.

Negligent infliction of emotional distress under California law is simply the tort of negligence to which the traditional elements of duty, breach of duty, causation, and damages apply. *Ess v. Eskaton Properties, Inc.* (2002) 97 Cal. App. 4th 120, 126. Plaintiff has failed to cite any case law imposing a "duty of care" in the context of a former employer litigating a workers' compensation claim against its former employee (particularly where both parties are represented by counsel in such litigation).

In his opposition, Plaintiff offers no facts or authority to counter Defendants' arguments that ARAMARK Sports LLC did not owe him a duty of care. He simply states that ARAMARK Sports LLC "does owe a duty of care to Plaintiff." Memo P&A 17:6-8. There is no case authority, however, to support the existence of a duty of care owed to Plaintiff by his former employer, and Plaintiff offers no facts which would implicate negligence of any kind on behalf of Defendant ARAMARK Sports LLC. The only actual conduct—alleged in both Plaintiff's Complaint and his opposition—involves Defendants' workers' compensation counsel presenting Plaintiff's workers' compensation attorney with a resignation document that contained an allegedly incorrect date, which Plaintiff then corrected. This does not constitute negligence. Because Plaintiff has plead no set of facts to support his allegations of negligence, and, specifically, because he is unable to establish any "duty of care" owed to him, his claim for

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7690711.2    5    CASE NO. C-08-01336 MHP

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

negligent infliction of emotional distress against ARAMARK Sports LLC fails to state a claim and must be dismissed.[1]

III. **CONCLUSION**

Plaintiff's opposition to Defendants' Motion to Dismiss fails to salvage Plaintiff's fatally flawed lawsuit. In fact, Plaintiff now concedes in his opposition that a number of his claims should be dismissed. As to the remaining claims, Plaintiff has failed to demonstrate how any of these claims sufficiently state a claim upon which relief can be granted. Defendants' Motion to Dismiss should be granted.

Dated: April 14, 2008

MORGAN, LEWIS & BOCKIUS LLP
ERIC MECKLEY

By _____
Eric Meckley
Attorneys for Defendants
ARAMARK SPORTS, LLC and
ARAMARK CORPORATION

---

[1] As stated, *supra*, Plaintiff conceded in his opposition that Defendant ARAMARK Corporation cannot be held liable for negligent infliction of emotional distress. Memo P&A 17:5.

## CERTIFICATE OF SERVICE

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is One Market, Spear Street Tower, San Francisco, California 94105-1126.

On **April 14, 2008**, I served the within document(s):

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing true and correct copies of the documents listed above in sealed envelopes with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☒ by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

☐ by transmitting via electronic mail the document(s) listed above to each of the person(s) as set forth below.

Mark Antoine Foster, *In Pro Per*
200 Corpus Cristi Road, #A
Alameda, CA 94501

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on **April 14, 2008**, at San Francisco, California.

JASMINE DIZON

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7675365.1

C-08-01337 MHP