1  Mark Antoine Foster, In Pro Per
   200 Corpus Cristie Road #A
2  Alameda, California 94502
   (415) 756-1611
3  (619) 646-3564

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11

12                                          Case No.  **C-08- 1336 MHP**

    MARK ANTOINE FOSTER,                    PLAINTIFF'S         REPLY IN
13                                          SUPPORT OF MOTION TO REMAND
                Plaintiff,                  ACTION TO STATE COURT OPPOSING
14                                          DEFENDANT'S OPPOSITION; MEMO
        vs.                                 OF PTS & AUTHORITIES IN SUPPORT
15                                          THEREOF

    ARAMARK SPORTS LLC, and
16  ARAMARK CORPORATION,                    Date: April 28, 2008
     and DOES 1 Through 73                  Time: 2:00 p.m.
17              Defendants

18  _____/

                            **I. Introduction**
19
        Plaintiff MARK ANTOINE FOSTER hereby submits his SECOND reply to Defendant's
20
    Opposition to his motion to remand the above titled action to state court.
21
                    **MEMORANDUM OF POINTS AND AUTHORITIES**
22
                            **II. Rebuttal Argument**
23

24

25  PLAINTIFF'S SECOND REPLY IN SUPPORT OF MOTION TO REMAND ACTION TO
    STATE COURT OPPOSING DEFENDANT'S OPPOSTION
                                                        C- 08-0733 MHP

1

**A. Federal Question**

**First, Plaintiff reinstates all the grounds or arguments alleged in his first reply to Defendants' opposition to remand the above titled action or his original case.**

**Second, Defendant's state in section D. on page 6 of their opposition," Plaintiff may not avoid federal jurisdiction simply by dismissing his federal claim."**

Although the court may decline pendent or supplemental jurisdiction after the federal claim is dismissed and only state law claims remain. Plaintiff has presented enough evidence proving his original case is clearly a state law claim.

**Third, Defendants state on page 9 in section F., "Given that proper diversity jurisdiction exists as to plaintiff's present lawsuit against Aramark, the court should not remand plaintiff's original and related lawsuit (case no. C-08-00733 MHP) against Aramark and the individual defendants because doing so would result in piecemeal litigation".**

Defendant's argument that remanding Plaintiff's original case to state court would result in piecemeal litigation is groundless and without merit, due to the two cases not being parallel to each other, as they do not have all the same parties, nor the same claims.

"A threshold issue that must be decided in any Colorado River abstention case is whether the two actions are "parallel" If they are not, then the district court lacks the power to abstain. This is a legal issue over which we exercise plenary review. See Trent v. Dial Medical, Inc., 33 E. 3d 217, 223 (3rd Cir. 1994). Generally, cases are parallel when they involve the same parties and claims. Id. At 224. U.S. Court of Appeals, Ryan v. Johnson, No. 96-5419

Plaintiff's fraud claims are against Aramark Sports, L.LC. and Aramark Corporation. Plaintiff's employment discrimination claims are against Aramark Sports, L.L.C. and Ying Kee

PLAINTIFF'S SECOND REPLY IN SUPPORT OF MOTION TO REMAND ACTION TO
STATE COURT OPPOSING DEFENDANT'S OPPOSTION

2

C- 08-0733 MHP

1  McVicker and Matthew Lee as individuals. The two cases may be related in that the fraud claims
2  and employment discrimination claims were committed by Aramark Sports L.L.C., but because
3  they are different claims, (and because of the other reasons mentioned herein) the cases are not
4  parallel or of the same matter, and if the fraud cases remain in this court, and the original case is
5  remanded, it would not result in piecemeal litigation, therefore defendants claiming remanding
6  the original case to state court would result in piecemeal litigation is groundless.

7  " Generally, as between state and federal courts, the rule is that the pendency of an
8  action in state court is no bar to proceeding concerning the same matter in the federal court
9  having jurisdiction, but as between federal district courts, though no precise rule has evolved, the
10 general principle is to avoid duplicative litigation". Colorodo River Water Conser. Dist v. U.S.,
11 96 S. Ct. 1236 (1976).

12 Plaintiff alleges that it would not result in duplicative litigation if his original lawsuit is
13 remanded and his fraud cases remain in this court simply because they are not of the same matter
14 or parallel to each other.

15 "In upholding the district court's decision to dismiss the federal action, the Supreme court
16 focused its attention on what it considered the most important on the record before it: avoiding
17 piecemeal litigation. The extraordinary nature of the McCarran Amendment, which allows the
18 United States to be deprived of its right to adjudication in a federal forum, see 28 U.S.C. 1346,
19 was evidence of a clear federal policy that the state court systems were the preferred means for
20 avoiding the piecemeal adjudication of water disputes". U.S. Court of Appeals, Ryan v. Johnson,
21 No. 96-5419 citing Colorado River, 424 U.S. at 819, 96 S. Ct. at 1247.2

22 **Fourth, even though Plaintiff's original case and fraud cases are related they are**
23 **separate and independent claims that need to judged on their own merits.**

24

25 PLAINTIFF'S SECOND REPLY IN SUPPORT OF MOTION TO REMAND ACTION TO
   STATE COURT OPPOSING DEFENDANT'S OPPOSTION

3

C- 08-0733 MHP

1   The law required Plaintiff to file a separate and independent complaint due to the alleged
2   fraud acts was committed over a year after the original complaint was filed. The fraud claims
3   could not be considered supplemental; neither could Plaintiff amend his original complaint to
4   add the fraud claims. It was necessary for Plaintiff to allege the fraud claims in a separate an
5   independent complaint.

6   "A supplemental complaint must be in furtherance of, and consistent with, the original
7   action. Erickson v. Boothe, 127 Cal. App. 2d 644, 274 P. 2d 460 (3rd Dist. 1954).

8   "Accordingly, a supplemental complaint may not add or substitute a new and distinct
9   cause of action, independent of that stated in the original complaint. Flood v. Simpson, 45 Cal.
10  App.3d 644, 119 Cal Rptr. 675 (2d Dist. 1975).

11  "Any new and distinct causes of action must be pleaded in a new action. [5 Witkin,
12  California Procedure (4th ed.) Pleading 1173]

13  Defendants state " In fact, the cases are so intertwined as to result in a "related case"
14  finding and reassignment to same judge, consequently litigating the two cases in different
15  tribunals would result in not only a duplication of time and effort on the part of the litigants and
16  the courts, but would also create the possibility of inconsistent results".

17  Plaintiff alleges this is far from the truth, because here the defendants want this court to
18  believe that the two cases are the same, as in alleging the same claims, they are not, as Plaintiff
19  has explained. The present case relates to claims of fraud against different parties, (as well as the
20  parties in the similar fraud cases, which happen to be the agents of Aramark) and was committed
21  over a year after Plaintiff's employment had ended with Aramark, and the original case relates
22  only to employment discrimination.

23  Plaintiff believes that Defendants filing a notice of related cases is a blatant attempt to 1)
24

PLAINTIFF'S SECOND REPLY IN SUPPORT OF MOTION TO REMAND ACTION TO
25  STATE COURT OPPOSING DEFENDANT'S OPPOSTION

4

C- 08-0733 MHP

1  keep Plaintiff's original case in this court, and 2) avoid answering Plaintiff's discovery served on
2  them, which is pending, and would prove even more Plaintiff alleged employment discrimination
3  claims, and 3) avoid losing summary judgment in state court.
4      If the original case had not been removed to this court, and had remained in state court till
5  the present, Plaintiff is confident he would have defeated Defendants' summary judgment and
6  would have been granted summary judgment. Defendants have presented no evidence to support
7  their defenses. The Defendants have only avoided prosecution by running and presenting excuses
8  not to proceed with this case, and they have not addressed the issues at hand. Defendants have
9  been extremely evasive, and have been unfair and tricky in their litigation tactics.
10     **Fourth, it is not necessary for Plaintiff's original case to remain in this court**
11 **because it is related. Plaintiff only needs to present evidence he has already acquired from**
12 **discovery derived from his original case, which proves his claims for wrongful termination**
13 **and disability discrimination.**
14     The district court does not need to rule on the merits of the original case to determine the
15 merits of the fraud claims because the court can take notice of the evidence derived from the
16 original case through Plaintiff's Declaration or Request for Judicial Notice.
17     This court also only needs to look at the original lawsuit, as it is pending in this court, to
18 help determine the validity of Plaintiff's fraud claims.
19     **Fifth, before defendants can claim that the original lawsuit should remain in this**
20 **court because it is related, the district court must first determine if it has jurisdiction over**
21 **the original case, which Plaintiff has shown that it does not, or that the district court can or**
22 **should decline pendant jurisdiction under the circumstances.**
23     Defendants have not cited any law to the contrary, other than the cases are related, as this
24
25 PLAINTIFF'S SECOND REPLY IN SUPPORT OF MOTION TO REMAND ACTION TO
   STATE COURT OPPOSING DEFENDANT'S OPPOSTION

5

C- 08-0733 MHP

1 argument also fails, because before the court rules on any merits of a case it must first establish

2 whether or not it has jurisdiction over that case.

3 District court may decline pendant jurisdiction after dismissal of a federal claim, or may

4 decline jurisdiction without dismissal of the federal claim if it is only an appendage.

5 Plaintiff alleges the original case being a related case, does not negate or rule out or

6 supersedes that fact that the district court may decline jurisdiction or does not have jurisdiction

7 over the original case.

8 **Sixth, Plaintiff' original case should be remanded, because prior to Defendants**

9 **removing case, Plaintiff served Defendants discovery that when given the proper response**

10 **based on the truth would prove his claims even more. Plaintiff alleges it would be unfair to**

11 **him as a litigant to have to reserve his discovery and wait for Defendants responses in this**

12 **court.**

13 Defendants did not want to respond to his discovery because they know the evidence

14 proving his claims is overwhelming.

15 Defendants have already delayed this case depriving plaintiff of his just remedy for the

16 alleged employment discrimination claims.

17 **Seventh, Plaintiff makes reference to the same grounds stated in this reply, as well**

18 **as the grounds he stated in his first reply, in response to section C. on page 6 of Defendants**

19 **Opposition to Remand in case number 08-1337, and section C. on page 8 of defendants'**

20 **opposition in case number 08-1421.**

21 ### III. Conclusion

22 Based on the forgoing, Plaintiff respectfully requests that Defendant's Opposition to his

23 Motion to Remand should be overruled, and Plaintiff's original case no. C-08-0733 should be

24

25 PLAINTIFF'S SECOND REPLY IN SUPPORT OF MOTION TO REMAND ACTION TO
STATE COURT OPPOSING DEFENDANT'S OPPOSTION

6

C- 08-0733 MHP

1 | remanded to state court.

2

3 | Date: April 16, 2008    /s/ Mark A. Foster
    Mark Antoine Foster, In Pro Per