MORGAN, LEWIS & BOCKIUS LLP
ERIC MECKLEY, SBN 168181
SUZANNE BOAG, SBN 250441
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:  415.442.1000
Fax:  415.442.1001
emeckley@morganlewis.com
sboag@morganlewis.com

Attorney for Defendants
ARAMARK SPORTS, LLC and ARAMARK
CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK ANTOINE FOSTER,<br><br>Plaintiff,<br><br>vs.<br><br>ARAMARK SPORTS, LLC and ARAMARK CORPORATION, and DOES 1 through 73,<br><br>Defendants. | Case No. C-08-01336 MHP<br><br>**MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER REMANDING ACTION TO STATE COURT**<br><br>**[LOCAL RULE 7-9]** |

1-SF/7698211.1

Case No. C-08-01336 MHP

MOTION FOR LEAVE OF COURT TO FILE MOTION FOR RECONSIDERATION

1   Pursuant to Northern District Civil Local Rule 7-9(b)(3), Defendants ARAMARK Sports,

2   LLC and ARAMARK Corporation ("Defendants") respectfully move for leave of Court to file a

3   Motion for Reconsideration of the Court's April 30, 2008 Order Granting Plaintiff's Motion to

4   Remand (the "Order") based upon "a manifest failure by the Court to consider material facts or

5   dispositive legal arguments which were presented to the Court before such interlocutary order".

6   Civil L.R. 7-9(b)(3).

7   Specifically, the Court's Order granting remand in Case Number C-08-01336 MHP

8   (pending against only ARAMARK Sports, LLC and ARAMARK Corporation) was premised

9   upon the Court's belief that: "**The notices of removal did not allege diversity jurisdiction**."

10  Order 1:22-23.

11  However, Defendants' Notice of Removal filed on March 7, 2008 **specifically alleged**

12  **diversity jurisdiction as a basis for removal**.  *See*, Docket Entry #1 (a file-endorsed copy of

13  which is attached hereto as Exhibit 1).  Defendants' Notice of Removal stated in bold in the

14  caption:  "**NOTICE OF REMOVAL OF ACTION        28 U.S.C. SECTION 1441(b) –**

15  **FEDERAL QUESTION AND DIVERSITY OF CITIZENSHIP**".  Furthermore, in Paragraph

16  6 of the Notice of Removal, Defendants made the following allegations:

17
18      6.    This Court also has original jurisdiction under 28 U.S.C. section 1332(a)
       due to diversity of citizenship and amount in controversy, and therefore may be
19      removed to this Court by Defendants pursuant to the provisions of 28 U.S.C.
       Section 1441(b):

20      (a)    Complete diversity between the parties exists.  Plaintiff Mark Foster, at
       the time this action was commenced, was and still is a citizen of the State of
21      California.  ARAMARK Corporation was and still is a corporation incorporated
       under the laws of the State of Delaware, with its principal places of business in
22      the State of Pennsylvania.  ARAMARK Sports, LLC was and is an entity
       organized under the laws of the State of Delaware with its principal place of
23      business in the State of Pennsylvania.  No member of ARAMARK Sports, LLC is
       a citizen of the State of California.
24
25      (b)    Under 28 U.S.C. § 1441(a) the citizenship of defendants sued under
       fictitious names shall be disregarded.  The inclusion of "Doe" defendants in
26      Plaintiff's state court complaint have no effect on removability.  *Newcombe v.*
       *Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998); 28 U.S.C. § 1441 (a)
27      (stating that for purposes of removal, the citizenship of defendants sued under
28

1    fictitious names shall be disregarded).   In determining whether diversity of
2    citizenship exists, only the named defendants are considered.  *Id.*

3    Defendants are informed and believe that the amount in controversy exceeds the
     sum or value of $75,000, exclusive of interests and costs.  Plaintiff alleges in his
4    Complaint that he was subject to fraud, intentional and negligent
     misrepresentation and intentional and negligent infliction of emotional distress,
5    and that as a result, he suffered emotional distress and mental anguish which
     impacted his future income opportunities and will lead him to see psychological
6    treatment.   Plaintiff seeks to recover several categories of damages including
     economic losses, emotional distress damages, punitive damages, and attorney
7    fees.  Were Plaintiff to prevail in this action, the amount of these damages could
8    exceed $75,000.

9    In addition, Defendants' Civil Cover Sheet which was filed with the Notice of Removal

10   specified diversity jurisdiction as the basis for removal.  *See*, Docket Entry #1-2 (a file-endorsed

11   copy of which is attached hereto as Exhibit 2).

12   Defendants therefore request that the Court grant Defendants leave to file a motion for

13   reconsideration of the Order granting Plaintiff's Motion to Remand, because Defendants clearly

14   alleged diversity jurisdiction as a basis for federal jurisdiction and it appears the Court granted

15   remand without considering this material fact.

16

17   Dated: April 30, 2008                          MORGAN, LEWIS & BOCKIUS LLP

18

19                                                  By _____ /S/ _____
20                                                     Eric Meckley
                                                       Attorney for Defendants
21                                                     ARAMARK SPORTS, LLC and
                                                       ARAMARK CORPORATION

22

23

24

25

26

27

28

MOTION FOR LEAVE OF COURT TO FILE MOTION FOR RECONSIDERATION

EXHIBIT 1

1  MELINDA S. RIECHERT, State Bar No. 65504
   MORGAN, LEWIS & BOCKIUS LLP
2  2 Palo Alto Square
   3000 El Camino Real, Suite 700
3  Palo Alto, CA 94306-2122
   Tel: 650.843.4000
4  Fax: 650.843.400

5  ERIC MECKLEY, State Bar 168181
   MORGAN, LEWIS & BOCKIUS LLP
6  One Market, Spear Street Tower
   San Francisco, CA 94105-1126
7  Tel: 415.442.1000
   Fax: 415.442.1001
8  emeckley@morganlewis.com

9  Attorney for Defendants
   ARAMARK SPORTS, LLC and ARAMARK
10 CORPORATION.

E-filing

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13                 SAN FRANCISCO DIVISION

14

15  MARK ANTOINE FOSTER,                Case No.

16              Plaintiff,              **NOTICE OF REMOVAL OF ACTION
                                        28 U.S.C. SECTION 1441(b) – FEDERAL**
17      vs.                             **QUESTION AND DIVERSITY OF
                                        CITIZENSHIP**
18  ARAMARK SPORTS, LLC and
    ARAMARK CORPORATION, and DOES
19  1 through 73,

20              Defendants.

21

22      **PLEASE TAKE NOTICE THAT** Defendants ARAMARK SPORTS, LLC and

23  ARAMARK CORPORATION. (collectively, "Defendants") submit this Notice of Removal and,

24  pursuant to 28 U.S.C. Section 1441, hereby remove to this Court the state action described below:

25      1.      On or about February 7, 2008, Plaintiff Mark Antoine Foster commenced this

26  action in the Superior Court of the State of California in and for the County of San Francisco,

27  entitled *Mark Antoine Foster v. ARAMARK Sports, LLC, and ARAMARK Corporation, and Does

28  1-73*, Case No. CGC-08-471936, alleging causes of action for: (1) fraud and intentional deceit;

1-SF/7669875.1

                                                            **NOTICE OF REMOVAL**

1    (2) intentional misrepresentation of fact; (3) negligent misrepresentation; (4) suppression of fact;

2    (5) mail fraud (18 U.S.C. § 1341); (6) conspiracy to mail fraud (18 U.S.C. §§ 1345, 1349);

3    (7) wire fraud (18 U.S.C. § 1343); (8) intentional infliction of emotional distress; and

4    (9) negligent infliction of emotional distress.  A true and correct copy of the Complaint and

5    Summons, with the accompanying attachments, is attached hereto as **Exhibit 1.**

6        2.    On February 7, 2008, Plaintiff caused the Complaint and Summons to be served

7    on Defendants.

8        3.    This Notice of Removal is timely filed, pursuant to 28 U.S.C. Section 1446(b), in

9    that it is filed within thirty (30) days of receipt of Plaintiff's Complaint.  No previous Notice of

10   Removal has been filed or made with this Court for the relief sought.

11       4.    This action is a civil action over which this Court has original jurisdiction pursuant

12   to 28 U.S.C. Sections 1331 and 1332(a).  This entire action is one which may be removed to this

13   Court by Defendants pursuant to the provisions of 28 U.S.C. Section 1441(b), in that it is a civil

14   action arising under the laws of the United States; specifically, Plaintiff has alleged claims for

15   violations of 18 U.S.C. Sections 1341, 1343, 1345, and 1349.

16       5.    Plaintiff's remaining state law causes of action are claims over which this Court

17   may properly exercise supplemental jurisdiction pursuant to 28 U.S.C. Section 1367(a) because

18   they form part of the same case or controversy as the claims over which this Court would have

19   original jurisdiction.

20       6.    This Court also has original jurisdiction under 28 U.S.C. section 1332(a) due to

21   diversity of citizenship and amount in controversy, and therefore may be removed to this Court

22   by Defendants pursuant to the provisions of 28 U.S.C. Section 1441(b):

23       (a)    Complete diversity between the parties exists. Plaintiff Mark Foster, at the time

24   this action was commenced, was and still is a citizen of the State of California.  ARAMARK

25   Corporation was and still is a corporation incorporated under the laws of the State of Delaware,

26   with its principal places of business in the State of Pennsylvania.  ARAMARK Sports, LLC was

27   and is an entity organized under the laws of the State of Delaware with its principal place of

28

1    business in the State of Pennsylvania. No member of ARAMARK Sports, LLC is a citizen of the

2    State of California.

3    (b)    Under 28 U.S.C. § 1441(a) the citizenship of defendants sued under fictitious

4    names shall be disregarded. The inclusion of "Doe" defendants in Plaintiff's state court

5    complaint have no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691

6    (9th Cir. 1998); 28 U.S.C. § 1441 (a) (stating that for purposes of removal, the citizenship of

7    defendants sued under fictitious names shall be disregarded). In determining whether diversity of

8    citizenship exists, only the named defendants are considered. *Id.*

9    (c)    Defendants are informed and believe that the amount in controversy exceeds the

10   sum or value of $75,000, exclusive of interests and costs. Plaintiff alleges in his Complaint that

11   he was subject to fraud, intentional and negligent misrepresentation and intentional and negligent

12   infliction of emotional distress, and that as a result, he suffered emotional distress and mental

13   anguish which impacted his future income opportunities and will lead him to see psychological

14   treatment. Plaintiff seeks to recover several categories of damages including economic losses,

15   emotional distress damages, punitive damages, and attorney fees. Were Plaintiff to prevail in this

16   action, the amount of these damages could exceed $75,000.

17   7.    The pleadings attached to this Notice as Exhibit 1 constitute all the process,

18   pleadings, and orders filed in this action in San Francisco County Superior Court of which

19   Defendants have served or been served to date.

20   8.    Venue is proper in this district pursuant to 28 U.S.C. Section 1441(a), because this

21   district embraces the county in which the removed action has been pending.

22   9.    Defendants will promptly serve Plaintiff with this Notice of Removal and will

23   promptly file a copy of this Notice of Removal with the clerk of the state court in which the

24   action is pending, as required under 28 U.S.C. Section 1446(d).

25   10.    This removal is being filed on behalf of all Defendants who have been named and

26   served in the state court action.

27   WHEREFORE, pursuant to these statutes and in accordance with the procedures set forth

28   in 28 U.S.C. Section 1446, Defendants pray that the above-captioned action pending in the

1    Superior Court of the State of California in and for the County of San Francisco be removed

2    therefrom to this Court.

3    Dated: March 7, 2008                              MORGAN, LEWIS & BOCKIUS LLP

4

5                                                      By
                                                          Eric Meckley
6                                                         Attorney for Defendants
                                                          ARAMARK SPORTS, LLC and
7                                                         ARAMARK CORPORATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 2

JS 44 (Rev. 11/04)   **CIVIL COVER SHEET**   ORIGINAL

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Mark Antonine Foster, In Pro Per

## DEFENDANTS

ARAMARK Sports, LLC and ARAMARK Corporation

**(b)** County of Residence of First Listed Plaintiff   Alameda
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Mark Foster, In Pro Per
200 Corpus Christie Road, #A
Alameda, CA 94501
Tel: 415.756.1611

Attorneys (If Known)
Eric Meckley, SBN 168181
Morgan Lewis & Bockius LLP
One Market Street, Spear Tower
San Francisco, CA 94105
Tel:   415.442.1000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | Seizure of | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | ☐ 345 Marine Product | ☐ 370 Other Fraud | Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| of Veteran's Benefits | Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | | ☐ 862 Black Lung (923) | Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle | Property Damage | **LABOR** | ☐ 863 DIWC/DIWW | ☐ 875 Customer Challenge |
| ☐ 195 Contract Product Liability | Product Liability | ☐ 385 Property Damage | ☐ 710 Fair Labor | (405(g)) | 12 USC 3410 |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury | Product Liability | Standards Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 441 Voting | ☐ 510 Motion to Vacate | ☐ 730 Labor/Mgmt. | | ☐ 892 Economic Stabilization |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | Reporting & | **FEDERAL TAX SUITS** | Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 443 Housing/ | Habeas Corpus: | Disclosure Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party | ☐ 895 Freedom of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | Information Act |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | Security Act | | ☐ 900 Appeal of Fee Determination Under |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | Equal Access to Justice |
| | | | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. Sections 1332(a)(1), 1341, 1343, 1345, and 1349

Brief description of cause: Plaintiff alleges claims of mail fraud, conspiracy to commit mail fraud, and wire fraud against Defendant.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ 0.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
March 7, 2008

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

NDC-JS44