1  MORGAN, LEWIS & BOCKIUS LLP
   ERIC MECKLEY, SBN 168181
2  SUZANNE BOAG, SBN 250441
   One Market, Spear Street Tower
3  San Francisco, CA  94105-1126
   Tel:  415.442.1000
4  Fax:  415.442.1001
   emeckley@morganlewis.com
5  sboag@morganlewis.com

6  Attorney for Defendants
   ARAMARK SPORTS, LLC and ARAMARK
7  CORPORATION

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11  MARK ANTOINE FOSTER,                Case No. C-08-01336 MHP

12              Plaintiff,              **NOTICE OF MOTION AND MOTION
                                        FOR RECONSIDERATION OF ORDER
13        vs.                           REMANDING ACTION TO STATE
                                        COURT**
14  ARAMARK SPORTS, LLC and
    ARAMARK CORPORATION, and DOES       **[LOCAL RULE 7-9]**
15  1 through 73,
                                        Date:      June 16, 2008
16              Defendants.             Time:      2:00 p.m.
                                        Courtroom: 15, 18th Floor
17                                      Judge:     Hon. Marilyn H. Patel

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER
REMANDING CASE TO STATE COURT

TO PLAINTIFF, IN PRO PER:

PLEASE TAKE NOTICE THAT on June 16, 2008, at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 15 of the above-captioned Court, located at 450 Golden Gate Avenue, 18th Floor, San Francisco, California, the Honorable Marilyn H. Patel presiding, Defendants ARAMARK Sports, LLC and ARAMARK Corporation ("Defendants") will, and hereby do, move this Court, pursuant to Local Rule 7-9, to reconsider Judge Patel's April 28, 2008 Order remanding *Mark Antoine Foster v. ARAMARK Sports, LLC and ARAMARK Corporation*, Case No. C-08-1336 MHP to San Francisco Superior Court.  Defendants clearly alleged diversity jurisdiction as a basis for federal jurisdiction and it appears the Court granted remand without considering this material fact.

This Motion is made based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

Dated: May 5, 2008                    MORGAN, LEWIS & BOCKIUS LLP


By _____/S/_____
                        Eric Meckley
                        Attorneys for Defendant ARAMARK
                        Sports, LLC and ARAMARK Corporation

NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER
REMANDING CASE TO STATE COURT

## I.    INTRODUCTION

Defendants ARAMARK Sports, LLC and ARAMARK Corporation ("Defendants") request that the Court reconsider its April 30, 2008 Order granting Plaintiff's Motion to Remand. Reconsideration is appropriate because the Court's Order granting Plaintiff's Motion to Remand is premised on Defendants' purported failure to allege diversity jurisdiction as a basis for federal jurisdiction. However, Defendants' explicitly stated in their Notice of Removal that diversity jurisdiction existed and was, in fact, the basis for removal. The Court appears to have granted remand without considering this material fact. Defendants assert no new legal arguments in the present Motion but ask only that the Court reconsider its ruling for the reasons set forth below.

## II.    STATEMENT OF FACTS

On or about February 7, 2008, Plaintiff Mark Antoine Foster commenced this action in the Superior Court of the State of California in and for the County of San Francisco, entitled Mark Antoine Foster v. ARAMARK Sports, LLC, and ARAMARK Corporation, and Does 1-73, Case No. CGC-08-471936, alleging causes of action for: (1) fraud and intentional deceit; (2) intentional misrepresentation of fact; (3) negligent misrepresentation; (4) suppression of fact; (5) mail fraud (18 U.S.C. § 1341); (6) conspiracy to mail fraud (18 U.S.C. §§ 1345, 1349); (7) wire fraud (18 U.S.C. § 1343); (8) intentional infliction of emotional distress; and (9) negligent infliction of emotional distress.

On March 7, 2008, Defendants timely removed this action to the United States District Court, Northern District of California, explicitly alleging diversity jurisdiction as a basis for removal. Defendants included with their Notice of Removal a Civil Cover Sheet that also specified diversity jurisdiction as the basis for removal. Docket Entries #1 and 1-2 (file-endorsed copies of Defendants Notice of Removal and Civil Cover Sheet are attached hereto as Exhibits 1 and 2, respectively).

On March 21, 2008, Plaintiff filed a Motion to Remand the present case. Defendants timely filed an Opposition to Plaintiff's Motion to Remand on April 7, 2008. In their Opposition, Defendants again argued that complete diversity existed between the parties and that diversity jurisdiction was the bases for Defendants' removal. Docket Entry #34, Defendants' Opposition to

1  Plaintiff Motion to Remand, 3:23-28; 4: 1-14 (a file-endorsed copy of Defendants' Opposition to

2  Plaintiff Motion to Remand is attached hereto as Exhibit 3).

3       On April 2, 2008, Plaintiff filed a Motion to Dismiss his federal claims, i.e., mail fraud

4  (18 U.S.C. § 1341); conspiracy to mail fraud (18 U.S.C. §§ 1345, 1349); and wire fraud (18

5  U.S.C. § 1343).

6       On April 30, 2008, the Court issued an Order granting Plaintiff's Motion to Remand the

7  present case to state court.  The Order was premised upon the Court's belief that: "**The notices of**

8  **removal did not allege diversity jurisdiction**."  Order 1:22-23.

9       That same day, Defendants filed a Motion for Leave to File a Motion for Reconsideration

10  based on the fact that they had, in fact, alleged diversity jurisdiction as a basis for federal

11  jurisdiction in their Notice of Removal, and the Court appeared to grant remand without

12  considering this material fact.

13  **III.    ARGUMENT**

14          **A.    The Court Should Reconsider Its Ruling On Plaintiff's Motion To Remand
                   On The Grounds That It Failed To Consider A Dispositive Legal Argument
15                  With Which It Was Presented.**

16       Civil Local Rule 7-9(b)(3) provides that the Court may reconsider a prior ruling based on

17  "a manifest failure by the Court to consider material facts or dispositive legal arguments which

18  were presented to the Court before such interlocutory order."  *See also, School Dist. No. 13,*

19  *Multnomah County v. AC and S, Inc.* (9th Cir. 1993) 5 F.3d 1255, 1266 (holding reconsideration

20  is appropriate where the district court "committed clear error or the initial decision was

21  manifestly unjust."); *Backlund v. Barnhart* (9th Cir. 1985) 778 F.2d 1386, 1388 (holding that the

22  purpose of a motion for reconsideration is "to correct manifest errors of law or fact.").

23       District courts have granted motions for reconsideration in situations where the court has

24  overlooked entire portions of a party's argument court in reaching its decision.  *See, e.g., Worbetz*

25  *v. Ward North America, Inc.* (3rd Cir. 2002) 54 Fed.Appx. 526 (affirming the district court's

26  decision granting motion for reconsideration on ruling of summary judgment where court

27  overlooked portions of opposition brief and portions of key deposition testimony considered

28  therein in making its decision); *see also Brambles USA Inc. v. Blocker* (D.Del. 1990) 735 F.Supp.

MOTION FOR RECONSIDERATION OF ORDER REMANDING CASE TO STATE COURT

1239 (stating that it is within the district court's discretion to grant a motion for reconsideration where the court "made an error not of reasoning but of apprehension.").

Defendants bring this Motion on the grounds that the Court overlooked portions of the allegations contained in Defendants' Notice of Removal regarding diversity jurisdiction.

Defendants' Notice of Removal filed on March 7, 2008 specifically alleged diversity for jurisdiction as a basis for removal. *See*, Exhibit 1. Defendants' Notice of Removal stated in bold in the caption: "**NOTICE OF REMOVAL OF ACTION 28 U.S.C. SECTION 1441(b) – FEDERAL QUESTION AND DIVERSITY OF CITIZENSHIP.**" Furthermore, in Paragraph 6 of the Notice of Removal, Defendants made the following allegations:

6.      This Court also has original jurisdiction under 28 U.S.C. section 1332(a) due to diversity of citizenship and amount in controversy, and therefore may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. Section 1441(b):

(a)      Complete diversity between the parties exists. Plaintiff Mark Foster, at the time this action was commenced, was and still is a citizen of the State of California. ARAMARK Corporation was and still is a corporation incorporated under the laws of the State of Delaware, with its principal places of business in the State of Pennsylvania. ARAMARK Sports, LLC was and is an entity organized under the laws of the State of Delaware with its principal place of business in the State of Pennsylvania. No member of ARAMARK Sports, LLC is a citizen of the State of California.

(b)      Under 28 U.S.C. § 1441(a) the citizenship of defendants sued under fictitious names shall be disregarded. The inclusion of "Doe" defendants in Plaintiff's state court complaint have no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998); 28 U.S.C. § 1441 (a) (stating that for purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded). In determining whether diversity of citizenship exists, only the named defendants are considered. *Id.*

Defendants are informed and believe that the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. Plaintiff alleges in his Complaint that he was subject to fraud, intentional and negligent misrepresentation and intentional and negligent infliction of emotional distress, and that as a result, he suffered emotional distress and mental anguish which impacted his future income opportunities and will lead him to see psychological treatment. Plaintiff seeks to recover several categories of damages including economic losses, emotional distress damages, punitive damages, and attorney fees. Were Plaintiff to prevail in this action, the amount of these damages could exceed $75,000.

1    In addition, Defendants' Civil Cover Sheet which was filed with the Notice of Removal

2    specified diversity jurisdiction as the basis for removal.  *See*, Exhibit 2.

3    Defendants therefore request that the Court grant Defendants' Motion for Reconsideration

4    of the Order granting Plaintiff's Motion to Remand, because Defendants clearly alleged diversity

5    jurisdiction as a basis for federal jurisdiction, and it appears the Court granted remand without

6    considering this material fact.

7    **IV.    CONCLUSION**

8    For the foregoing reasons, this Court should grant Defendants' Motion to Reconsider its

9    Order granting Plaintiff's Motion to Remand.  The Court should then deny Plaintiff's Motion to

10    Remand and rule upon Defendants' Motion to Dismiss for Failure to State a Claim Under Rule

11    12(b)(6).

12

13    Dated: May 5, 2008                                    MORGAN, LEWIS & BOCKIUS LLP

14

15                                                          By _____/S/_____

16                                                          Eric Meckley
                                                            Attorneys for Defendant ARAMARK
17                                                          Sports, LLC and ARAMARK Corporation

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR RECONSIDERATION OF ORDER REMANDING CASE TO STATE COURT

EXHIBIT 1

1   MELINDA S. RIECHERT, State Bar No. 65504
    MORGAN, LEWIS & BOCKIUS LLP
2   2 Palo Alto Square
    3000 El Camino Real, Suite 700
3   Palo Alto, CA 94306-2122
    Tel: 650.843.4000
4   Fax: 650.843.400

5   ERIC MECKLEY, State Bar 168181
    MORGAN, LEWIS & BOCKIUS LLP          E-filing
6   One Market, Spear Street Tower
    San Francisco, CA 94105-1126
7   Tel: 415.442.1000
    Fax: 415.442.1001
8   emeckley@morganlewis.com

9   Attorney for Defendants
    ARAMARK SPORTS, LLC and ARAMARK
10  CORPORATION.

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                  SAN FRANCISCO DIVISION

14                  CV  08        1336

15  MARK ANTOINE FOSTER,              Case No.                    EMC

16              Plaintiff,            **NOTICE OF REMOVAL OF ACTION**
                                      **28 U.S.C. SECTION 1441(b) – FEDERAL**
17          vs.                       **QUESTION AND DIVERSITY OF**
                                      **CITIZENSHIP**
18  ARAMARK SPORTS, LLC and
    ARAMARK CORPORATION, and DOES
19  1 through 73,

20              Defendants.

21

22          **PLEASE TAKE NOTICE THAT** Defendants ARAMARK SPORTS, LLC and

23  ARAMARK CORPORATION. (collectively, "Defendants") submit this Notice of Removal and,

24  pursuant to 28 U.S.C. Section 1441, hereby remove to this Court the state action described below:

25          1.      On or about February 7, 2008, Plaintiff Mark Antoine Foster commenced this

26  action in the Superior Court of the State of California in and for the County of San Francisco,

27  entitled *Mark Antoine Foster v. ARAMARK Sports, LLC, and ARAMARK Corporation, and Does*

28  *1-73*, Case No. CGC-08-471936, alleging causes of action for: (1) fraud and intentional deceit;

1-SF/7669875.1

                                                        **NOTICE OF REMOVAL**

ORIGINAL

1    (2) intentional misrepresentation of fact; (3) negligent misrepresentation; (4) suppression of fact;

2    (5) mail fraud (18 U.S.C. § 1341); (6) conspiracy to mail fraud (18 U.S.C. §§ 1345, 1349);

3    (7) wire fraud (18 U.S.C. § 1343); (8) intentional infliction of emotional distress; and

4    (9) negligent infliction of emotional distress.  A true and correct copy of the Complaint and

5    Summons, with the accompanying attachments, is attached hereto as **Exhibit 1.**

6    2.    On February 7, 2008, Plaintiff caused the Complaint and Summons to be served

7    on Defendants.

8    3.    This Notice of Removal is timely filed, pursuant to 28 U.S.C. Section 1446(b), in

9    that it is filed within thirty (30) days of receipt of Plaintiff's Complaint.  No previous Notice of

10   Removal has been filed or made with this Court for the relief sought.

11   4.    This action is a civil action over which this Court has original jurisdiction pursuant

12   to 28 U.S.C. Sections 1331 and 1332(a).  This entire action is one which may be removed to this

13   Court by Defendants pursuant to the provisions of 28 U.S.C. Section 1441(b), in that it is a civil

14   action arising under the laws of the United States; specifically, Plaintiff has alleged claims for

15   violations of 18 U.S.C. Sections 1341, 1343, 1345, and 1349.

16   5.    Plaintiff's remaining state law causes of action are claims over which this Court

17   may properly exercise supplemental jurisdiction pursuant to 28 U.S.C. Section 1367(a) because

18   they form part of the same case or controversy as the claims over which this Court would have

19   original jurisdiction.

20   6.    This Court also has original jurisdiction under 28 U.S.C. section 1332(a) due to

21   diversity of citizenship and amount in controversy, and therefore may be removed to this Court

22   by Defendants pursuant to the provisions of 28 U.S.C. Section 1441(b):

23   (a)    Complete diversity between the parties exists. Plaintiff Mark Foster, at the time

24   this action was commenced, was and still is a citizen of the State of California.  ARAMARK

25   Corporation was and still is a corporation incorporated under the laws of the State of Delaware,

26   with its principal places of business in the State of Pennsylvania.  ARAMARK Sports, LLC was

27   and is an entity organized under the laws of the State of Delaware with its principal place of

28

1-SF/7669875.1                                    2                                    NOTICE OF REMOVAL

1    business in the State of Pennsylvania. No member of ARAMARK Sports, LLC is a citizen of the

2    State of California.

3        (b)      Under 28 U.S.C. § 1441(a) the citizenship of defendants sued under fictitious

4    names shall be disregarded. The inclusion of "Doe" defendants in Plaintiff's state court

5    complaint have no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691

6    (9th Cir. 1998); 28 U.S.C. § 1441 (a) (stating that for purposes of removal, the citizenship of

7    defendants sued under fictitious names shall be disregarded). In determining whether diversity of

8    citizenship exists, only the named defendants are considered. *Id.*

9        (c)      Defendants are informed and believe that the amount in controversy exceeds the

10    sum or value of $75,000, exclusive of interests and costs. Plaintiff alleges in his Complaint that

11    he was subject to fraud, intentional and negligent misrepresentation and intentional and negligent

12    infliction of emotional distress, and that as a result, he suffered emotional distress and mental

13    anguish which impacted his future income opportunities and will lead him to see psychological

14    treatment. Plaintiff seeks to recover several categories of damages including economic losses,

15    emotional distress damages, punitive damages, and attorney fees. Were Plaintiff to prevail in this

16    action, the amount of these damages could exceed $75,000.

17        7.      The pleadings attached to this Notice as Exhibit 1 constitute all the process,

18    pleadings, and orders filed in this action in San Francisco County Superior Court of which

19    Defendants have served or been served to date.

20        8.      Venue is proper in this district pursuant to 28 U.S.C. Section 1441(a), because this

21    district embraces the county in which the removed action has been pending.

22        9.      Defendants will promptly serve Plaintiff with this Notice of Removal and will

23    promptly file a copy of this Notice of Removal with the clerk of the state court in which the

24    action is pending, as required under 28 U.S.C. Section 1446(d).

25        10.     This removal is being filed on behalf of all Defendants who have been named and

26    served in the state court action.

27        WHEREFORE, pursuant to these statutes and in accordance with the procedures set forth

28    in 28 U.S.C. Section 1446, Defendants pray that the above-captioned action pending in the

1 | Superior Court of the State of California in and for the County of San Francisco be removed

2 | therefrom to this Court.

3 | Dated: March 7, 2008                              MORGAN, LEWIS & BOCKIUS LLP

4

5 | By _____

6 | Eric Meckley
  | Attorney for Defendants

7 | ARAMARK SPORTS, LLC and
  | ARAMARK CORPORATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1-SF/7669875.1                              4                              NOTICE OF REMOVAL

EXHIBIT 2

JS 44 (Rev. 11/04)                    **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Mark Antonine Foster, In Pro Per | ARAMARK Sports, LLC and ARAMARK Corporation |

**(b)** County of Residence of First Listed Plaintiff   Alameda
        (EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
        (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
        OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Mark Foster, In Pro Per
200 Corpus Christie Road, #A
Alameda, CA 94501
Tel: 415.756.1611

Attorneys (If Known)
Eric Meckley, SBN 168181
Morgan Lewis & Bockius LLP
One Market Street, Spear Tower
San Francisco, CA 94105
Tel: 415.442.1000

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury - | Seizure of | | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | Property 21 USC 881 | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product Liability | [ ] 640 R.R. & Truck | [ ] 830 Patent | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| Student Loans (Excl. Veterans) | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 660 Occupational | | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment | [ ] 345 Marine Product | [ ] 370 Other Fraud | Safety/Health | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| of Veteran's Benefits | Liability | [ ] 371 Truth in Lending | [ ] 690 Other | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | | [ ] 862 Black Lung (923) | Exchange |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle | Property Damage | **LABOR** | [ ] 863 DIWC/DIWW | [ ] 875 Customer Challenge |
| [ ] 195 Contract Product Liability | Product Liability | [ ] 385 Property Damage | [ ] 710 Fair Labor | (405(g)) | 12 USC 3410 |
| [ ] 196 Franchise | [ ] 360 Other Personal Injury | Product Liability | Standards Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 720 Labor/Mgmt. Relations | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| | [ ] 441 Voting | [ ] 510 Motion to Vacate | [ ] 730 Labor/Mgmt. | **FEDERAL TAX SUITS** | [ ] 892 Economic Stabilization |
| [ ] 210 Land Condemnation | [X] 442 Employment | Sentence | Reporting & | [ ] 870 Taxes (U.S. Plaintiff | Act |
| [ ] 220 Foreclosure | [ ] 443 Housing/ | **Habeas Corpus:** | Disclosure Act | or Defendant) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | Accommodations | [ ] 530 General | [ ] 740 Railway Labor Act | [ ] 871 IRS - Third Party | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 790 Other Labor Litigation | 26 USC 7609 | [ ] 895 Freedom of |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - | [ ] 540 Mandamus & | [ ] 791 Empl. Ret. Inc. | | Information Act |
| [ ] 290 All Other Real Property | Employment | Other | Security Act | | [ ] 900 Appeal of Fee |
| | [ ] 446 Amer. w/Disabilities - | [ ] 550 Civil Rights | | | Determination Under |
| | Other | [ ] 555 Prison Condition | | | Equal Access to Justice |
| | [ ] 440 Other Civil Rights | | | | [ ] 950 Constitutionality of |
| | | | | | State Statutes |

**V. ORIGIN** (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. Sections 1332(a)(1), 1341, 1343, 1345, and 1349

Brief description of cause: Plaintiff alleges claims of mail fraud, conspiracy to commit mail fraud, and wire fraud against Defendant.

**VII. REQUESTED IN** [ ] CHECK IF THIS IS A CLASS ACTION  DEMAND $ 0.00     CHECK YES only if demanded in complaint:
**COMPLAINT:**     UNDER F.R.C.P. 23                                    JURY DEMAND: [ ] Yes  [X] No

**VIII. RELATED CASE(S) IF ANY**
                (See instructions):  JUDGE _____     DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| March 7, 2008 | |

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

NDC-JS44

EXHIBIT 3

1  MORGAN, LEWIS & BOCKIUS LLP
   ERIC MECKLEY, SBN 168181
2  SUZANNE BOAG, SBN 250441
   One Market, Spear Street Tower
3  San Francisco, CA 94105-1126
   Tel: 415.442.1000
4  Fax: 415.442.1001
   emeckley@morganlewis.com
5
   Attorney for Defendants
6  ARAMARK Sports, LLC and ARAMARK
   Corporation
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11  | MARK ANTOINE FOSTER,                  | Case No. C-08-01336 MHP |

12  |                Plaintiff,             | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT** |
13  |                vs.                    |  |

14  | ARAMARK SPORTS, LLC and               | Date:   April 28, 2008 |
    | ARAMARK CORPORATION, and DOES         | Time:   2 p.m. |
15  | 1 through 73,                         | Place:  Courtroom 15, 18th Floor |

16  |                Defendants.            | Judge:  Hon. Marilyn H. Patel |

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................................................................1

II.   RELEVANT FACTS AND PROCEDURAL HISTORY ...................................................1

III.  ARGUMENT......................................................................................................................3

    A.   Plaintiff's Motion For Remand Fails To Address, Let Alone Dispute, Diversity Jurisdiction Which Is A Separate And Independent Basis of Jurisdiction.........................................................................................................3

    B.   A Substantial Federal Question Exists Establishing Federal Jurisdiction Under 28 U.S.C. Section 1331..................................................................................4

    C.   Defendants Promptly Notified The State Court Of Removal Thus Plaintiff's Argument That Removal Was Procedurally Defective Must Fail..........5

    D.   Plaintiff May Not Avoid Federal Jurisdiction By Moving to Dismiss His Federal Cause Of Action After Removal.................................................................6

    E.   Plaintiff's Remaining Arguments and Legal Citations Are Simply Inapposite.........................................................................................................8

        1.   Plaintiff May Not Avoid Federal Jurisdiction Merely Because He Filed This Lawsuit—Containing Multiple Federal Claims—In State Court ........................................................................................................8

        2.   Plaintiff's Federal Claims Are Not Elements Of Any State Cause Of Action Pled In Plaintiff's Complaint .......................................................8

    F.   Given That Proper Diversity Jurisdiction Exists As to Plaintiff's Present Lawsuit Against ARAMARK, The Court Should Not Remand Plaintiff's Original and Related Lawsuit (Case No. C-08-00733 MHP) Against ARAMARK And The Individual Defendants Because Doing So Would Result In Piecemeal Litigation.................................................................................9

IV.  CONCLUSION...................................................................................................................9

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

i                Case No. C-08-01336 MHP

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

1

## TABLE OF AUTHORITIES

2

Page

3   **Cases**

4   *Alpena Power Co. v. Utility Workers Union of America, Local 286*
    (E.D. Mich. 1987) 674 F.Supp.1286 .............................................................................................................6

5
    *Carnegie-Mellon University v. Cohill*
6   (1988) 484 U.S. 343............. .............................................................................................................7

7   *Caterpillar Inc. v. Williams*
    (1987) 482 U.S. 386................................................................................................................................7

8
    *Easton v. Crossland Mortgage Company*
9   (9th Cir. 1997) 114 F.3d 979 ..................................................................................................................7

10  *Farm Credit Bank of St. Paul v. Ziebarth*
    (D.C.N.D. 1992) 481 N.W. 2d 451..........................................................................................................6

11
    *Harrell v. 20th Century Ins. Co.*
12  (9th Cir. 1991) 934 F.2d 203 ...............................................................................................................6, 7

13  *Herman v. Salomon Smith Barney*
    (S.D. Cal. 2003) 266 F.Supp.2d 1208.....................................................................................................5

14
    *Hornung v. Master Tank & Welding Co.*
15  (D.C.N.C. 1957) 151 F.Supp 169 ..........................................................................................................5

16  *Karambelas v. Hughes Aircraft*
    (9th Cir. 1993) 992 F.2d 971 ..................................................................................................................5

17
    *Merrell Dow Pharmaceuticals Inc. v. Thompson*
18  (6th Cir. 1985) 766 F.2d 1005................................................................................................................8

19  *Sommers v. Abshire*
    (E.D. Tex. 1995) 186 B.R. 407................................................................................................................6

20
    *Sparta Surgical Corp. v. NASD*
21  (9th Cir. 1998) 159 F.3d 1209...........................................................................................................4, 6, 7

22  **Statutes**

23  28 U.S.C.
    § 1441(a)..................................................................................................................................................8
24  § 1446(d)..............................................................................................................................................3, 5

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

ii                                    Case No. C-08-01336 MHP

## I. INTRODUCTION

On February 7, 2008, Plaintiff Mark Antoine Foster ("Plaintiff") filed a Complaint in San Francisco County Superior Court which included federal claims of mail fraud, conspiracy to commit mail fraud, and wire fraud. On March 7, 2008, Defendants ARAMARK Sports, LLC and ARAMARK Corporation ("Defendants") timely and properly removed this action to federal court based on diversity of citizenship jurisdiction and federal question jurisdiction.

Plaintiff now seeks to have this Court remand this matter to state court, arguing that Defendants' removal was procedurally defective and that the present case is not within the jurisdiction of this Court because he is not seeking a remedy based on federal law. However, Plaintiff's motion *completely ignores* the fact that Defendants removed this case based not only on federal question jurisdiction—which is the sole focus of Plaintiff's motion for remand—but also on diversity jurisdiction pursuant to 28 U.S.C. Section 1332. Plaintiff does not challenge the existence of diversity jurisdiction and, for that reason alone, his motion for remand should be denied.

Because it is undisputed that diversity jurisdiction exists, the Court need not consider Plaintiff's arguments challenging federal question jurisdiction. In any event, those arguments are without merit. Plaintiff has pled *three federal claims,* under 18 U.S.C. Sections 1342, 1343, 1345, and 1349.

Contrary to Plaintiff's contention that Defendants' removal was procedurally defective, Defendants closely adhered to established procedure in removing this case to federal court. As a result, Plaintiff's motion to remand should be denied.

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff Mark Antoine Foster ("Plaintiff") is a former employee of ARAMARK Sports LLC. On or around March 7, 2007, Plaintiff filed a lawsuit against ARAMARK Sports, LLC and two former co-workers, alleging a variety of claims relating to his former employment, including alleged harassment, retaliation and discrimination in violation of the Fair Employment & Housing Act, discrimination/failure to accommodate in violation of the Americans with Disabilities Act,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7687260.1                              1                        Case No. C-08-01336 MHP

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

1  and intentional infliction of emotional distress. That case is currently pending before this Court

2  (Case No. C-08-00733 MHP).

3  On or about February 7, 2008, Plaintiff filed four nearly identical lawsuits in San

4  Francisco Superior Court, including the present action, entitled *Mark Antoine Foster v.*

5  *ARAMARK Sports, LLC, ARAMARK Corporation, and Does 1 through 87*, Case No. CGC-08-

6  471936, alleging causes of action for: (1) fraud and intentional deceit; (2) intentional

7  misrepresentation of fact; (3) negligent misrepresentation; (4) suppression of fact; (5) intentional

8  mail fraud, in violation of 18 U.S.C. Section 1341; (6) conspiracy to commit mail fraud, in

9  violation of 18 U.S.C. Sections 1345 and 1349; (7) wire fraud, in violation of 18 U.S.C. Section

10  1343; (8) intentional infliction of emotional distress; and (8) negligent infliction of emotional

11  distress. Plaintiff's claims for intentional mail fraud, conspiracy to commit mail fraud and wire

12  fraud were brought under federal law. The remaining claims were all brought under California

13  law.

14  On or about February 7, 2008, Plaintiff also filed the following almost identical lawsuits

15  in San Francisco County Superior Court against the following Defendants:

16  1. Specialty Risk Services[1] ("SRS") and Gretchen Devine. This case was removed to this

17  Court on or around March 12, 2008 (Case No. 08-01421 MHP).

18  2. Gray & Prouty, Kempton Letts and Dana Mitchell.[2] To Defendants' knowledge this

19  case is still pending in state court (Case No. CGC-08-471938).

20  3. Morgan Lewis & Bockius, LLP ("MLB") and Eric Meckley.[3] This case was removed

21  to this Court on or around March 7, 2008 (Case No. 08-01337 MHP). Plaintiff filed a similar

22  motion to remand this case to state court on March 21, 2008.

23  In each of the virtually identical lawsuits filed on February 7, 2008, Plaintiff alleges that

24  he was asked to sign a document in connection with negotiating the settlement of his workers'

25
---
[1] SRS administered Plaintiff's workers' compensation claim against ARAMARK Sports, LLC.

26  [2] Gray & Prouty is the law firm representing ARAMARK Sports, LLC in connection with Plaintiff's workers' compensation claim against ARAMARK Sports, LLC.

27  [3] Morgan Lewis & Bockius, LLP represents Defendants in the present case, as well as in Plaintiff's lawsuit against Morgan Lewis & Bockius and Eric Meckley.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7687260.1                                2                          Case No. C-08-01336 MHP

1    compensation claim that contained an inaccurate date for his resignation from ARAMARK
2    Sports, LLC.

3        On March 7, 2008, Defendants timely removed this action to the United States District
4    Court, Northern District of California, pursuant to 28 U.S.C. Sections 1331 and 1332, based upon
5    federal question *and* diversity jurisdiction. Three business days later, on March 12, 2008,
6    Defendants served on Plaintiff a Notice to Adverse Party and State Court of Removal and filed
7    the Notice with the clerk of the San Francisco Superior Court, pursuant to 28 U.S.C. Section
8    1446(d).

9        On March 19, 2008, Hon. Marilyn H. Patel issued a Related Case Order, reassigning to
10   her Plaintiff's case against ARAMARK Sports, LLC and ARAMARK Corporation and Plaintiff's
11   case against Morgan Lewis & Bockius, LLP and Eric Meckley. The Court has also found related
12   the action against Specialty Risk Services.

13       On March 21, 2008, Plaintiff filed a motion to remand in the present case, as well as his
14   concurrent case against Morgan Lewis& Bockius, LLP and Eric Meckley.

15   **III.    ARGUMENT**

16       While Plaintiff makes *thirteen arguments* in support of his motion to remand, his Motion
17   is based primarily on the following three arguments: (1) Defendants' removal was procedurally
18   defective because Defendants failed to notify the state court of the removal within thirty days of
19   service of the Complaint; (2) Plaintiffs Complaint does not state a claim for relief arising under
20   federal law; and (3) Plaintiff may avoid federal jurisdiction by dismissing or severing his federal
21   claims.

22       As described below, these arguments do not support remand in the present case.

23   **A.    Plaintiff's Motion For Remand Fails To Address, Let Alone Dispute, Diversity
         Jurisdiction Which Is A Separate And Independent Basis of Jurisdiction**
24

25       Plaintiff ignores the fact that Defendants based their removal not only on the existence of
26   federal question jurisdiction, but also on diversity of citizenship jurisdiction, pursuant to 28
27   U.S.C. Section 1332. As noted in Defendants' Notice of Removal, complete diversity between
28   the parties exists. Plaintiff is a citizen of the State of California. ARAMARK Corporation is a

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7687260.1                              3                    Case No. C-08-01336 MHP

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

1    corporation incorporated under the laws of the State of Delaware, with its principal places of

2    business in the State of Pennsylvania. ARAMARK Sports, LLC was and is an entity organized

3    under the laws of the State of Delaware with its principal place of business in the State of

4    Pennsylvania. No member of ARAMARK Sports, LLC is a citizen of the State of California.

5    Further, the amount in controversy exceeds the sum or value of $75,000. Plaintiff alleges

6    in his Complaint that he was subject to fraud, intentional and negligent misrepresentation and

7    intentional and negligent infliction of emotional distress, and that as a result, he suffered

8    emotional distress and mental anguish which impacted his future income opportunities and will

9    lead him to see psychological treatment. Plaintiff seeks to recover several categories of damages

10   including economic losses, emotional distress damages, punitive damages, and attorney fees. If

11   Plaintiff to prevail in this action, the amount of these damages could reasonably exceed $75,000.

12   Because diversity jurisdiction exists in the present case, which is a separate and

13   independent basis for removal, and because Plaintiff's motion does not dispute or challenge the

14   existence of diversity jurisdiction, his motion for remand must be denied.

15   **B.    A Substantial Federal Question Exists Establishing Federal Jurisdiction Under 28**
     **U.S.C. Section 1331.**

16

17   Plaintiff's contention that his federal claims do not give rise to a substantial federal

18   question and that he seeks remedies exclusively under state law are unsupported by the actual

19   plain language of his Complaint. Memo P&A 16:9-12. Plaintiff's fifth, sixth, and seventh claims

20   are predicated entirely upon Defendants' alleged violation of federal law. Memo P&A 11:1-2.

21   To determine the existence of a federal question, courts look to the face of the complaint

22   for allegations that render a cause of action one that arises under federal law. *Sparta Surgical*

23   *Corp. v. NASD* (9th Cir. 1998) 159 F.3d 1209, 1211. Plaintiff's fifth, sixth, and seventh claims

24   are entitled, respectively, "Mail Fraud, 18 U.S.C. Section 1341," "Conspiracy to Defraud, 18

25   U.S.C. Sections 1345, 1349," and "Wire Fraud, 18 U.S.C. Section 1343." Further, Plaintiff

26   makes definitive statements in his Complaint alleging that Defendants violated federal law. *See,*

27   *e.g.,* Complaint ¶ 56 ("Defendants conspiring to defraud Plaintiff violated . . . 18 U.S.C. Sections

28   1345 and 1349); ¶ 62 ("Defendant's use of the above mentioned methods of communication to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7687260.1                                4                              Case No. C-08-01336 MHP

DEFENDANTS OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

1    defraud Plaintiff violated 18 U.S.C. Section 1343"). Consequently, the Complaint raises multiple

2    claims that are "necessarily federal in character," and where the "right to relief depends on the

3    resolution of a substantial, disputed federal question." *See Herman v. Salomon Smith Barney*

4    (S.D. Cal. 2003) 266 F.Supp.2d 1208, 1211.

5        Plaintiff relies on *Karambelas v. Hughes Aircraft* (9th Cir. 1993) 992 F.2d 971, 974,

6    quoting the following language from that case: "[A defendant] cannot merely by injecting a

7    federal question into an action that asserts what is plainly a state-law claim, transform the action

8    into one arising under federal law, thereby selecting the forum in which the claim shall be

9    litigated." In *Karembalas*, however, the plaintiff's complaint for wrongful termination did not

10   plead a federal cause of action, which is why the court reached the conclusion that removal was

11   improper. The holding of *Karembalas* is inapposite to the present case, because Plaintiff's fifth,

12   sixth, and seventh claims specifically plead federal claims under 18 U.S.C. Sections 1342, 1343,

13   1345, and 1349.

14       C.   **Defendants Promptly Notified The State Court Of Removal Thus Plaintiff's
             Argument That Removal Was Procedurally Defective Must Fail.**

15

16       Plaintiff erroneously argues that Defendants' removal was procedurally defective because

17   Defendants notified the state court of the removal after the statutory thirty (30) day period for

18   removal. Memo P&A 4:4-6.

19       Federal law requires that "*[p]romptly* after the filing of such notice of removal of a civil

20   action the defendant or the defendants shall give written notice thereof to all adverse parties and

21   shall file a copy of the notice with the clerk of such State court, which shall effect the removal."

22   28 U.S.C. § 1446(d) (emphasis added). It is well-established that 28 U.S.C. Section 1446(d) does

23   not require notification to state court within the same thirty-day period required for the initial

24   petition of removal, or even within a defined number of days after filing of the initial petition of

25   removal *See Hornung v. Master Tank & Welding Co.* (D.C.N.C. 1957) 151 F.Supp.169 (holding

26   that federal jurisdiction vested for all purposes when petition for removal was filed in federal

27   District Court, and later notice thereof and filing of copy thereof in state court operated

28   retroactively to effect removal as of date of filing of petition in federal District Court); *see also*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7687260.1                                5                        Case No. C-08-01336 MHP

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

1  *Alpena Power Co. v. Utility Workers Union of America, Local 286* (E.D. Mich. 1987) 674

2  F.Supp.1286 (holding that written notice of removal which was given to state court thirteen days

3  after filing of petition of removal was "prompt, and thus did not require" remand); *Sommers v.*

4  *Abshire* (E.D. Tex. 1995) 186 B.R. 407 ("Prompt notice does not specify a specific time period.

5  Certainly the receipt of written notice a few day after the removal satisfies the promptness

6  requirement of 28 U.S.C. Section 1446(d)").

7      Defendants filed their Notice to Adverse Party and State Court in the San Francisco

8  Superior Court on Wednesday, March 12, 2008, *three court days* after the Notice of Removal was

9  filed in federal court on Friday, March 7, 2008. Consequently, based on established case law,

10  Plaintiff's argument that "Defendants needed to file the notice of removal with the clerk of the

11  state court prior to the 30-day deadline to put the removal into effect" is utterly without merit.

12  Plaintiff does not cite *any authority* which states that the notification to state court must be filed

13  within the thirty day deadline required for the initial petition of removal in order for the removal

14  to be effective. Rather, in *Farm Credit Bank of St. Paul v. Ziebarth* (D.C.N.D. 1992) 481 N.W.

15  2d 451, which Plaintiff cites to support his argument that Defendants' removal was ineffective

16  because of the alleged untimely notice to state court, plainly states that "[t]he federal court

17  acquires jurisdiction *when the defendant files the notice for removal with the federal court*."

18  (emphasis added).

19  **D.    Plaintiff May Not Avoid Federal Jurisdiction By Moving to Dismiss His Federal**
20  **Cause Of Action After Removal.**

21      Plaintiff alleges that he can "easily sever or dismiss his . . . claims for mail fraud, wire

22  fraud, and conspiracy." Memo of P&A 13:21-22. Plaintiff is incorrect.

23      Plaintiff may not avoid federal jurisdiction simply by dismissing his federal claims. First,

24  Plaintiff cannot avoid the jurisdiction of the federal court because diversity of citizenship

25  jurisdiction exists here. Even if that were not the case, a federal court has "the power to hear

26  claims that would not be independently removable even after the basis for removal jurisdiction is

27  dropped from the proceedings." *Harrell v. 20th Century Ins. Co.* (9th Cir. 1991) 934 F.2d 203,

28  205 (citation omitted); *see also. Sparta* (9th Cir. 1998)159 F.3d 1209, 1213 (holding that the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7687260.1                                    6                            Case No. C-08-01336 MHP

1   district court properly denied the motion to remand made soon after removal, although plaintiff
2   amended complaint to delete references to federal claim). A plaintiff may not compel remand by
3   amending a complaint to eliminate the federal question upon which removal was based. *Sparta*,
4   159 F.3d at 1213; *cf. Carnegie-Mellon University v. Cohill* (1988) 484 U.S. 343, 357 (stating that
5   a district court can consider whether the plaintiff has engaged in manipulative tactics, such as
6   manipulating the forum by deleting all federal-law claims from the complaint and requesting
7   remand). Rather, jurisdiction must be analyzed on the basis of the pleadings filed at the time of
8   removal without reference to subsequent amendments. *Sparta*, 159 F.3d at 1213. It is "generally
9   within a district court's discretion either to retain jurisdiction to adjudicate the pendent state
10  claims or to remand them to state court." *Harrell* at 205.

11      This litigation is properly in federal court based not only on diversity jurisdiction but also
12  on Plaintiff's *multiple federal claims,* pled in Plaintiff's Complaint prior to removal. While
13  Plaintiff is correct that "the party who brings the suit is master to decide what law he will rely
14  upon," Plaintiff *chose to rely upon a federal law* in seeking to hold Defendants liable. *Caterpillar*
15  *Inc. v. Williams* (1987) 482 U.S. 386, 392. If Plaintiff had wanted to avoid federal jurisdiction, he
16  should not have included federal claims in his Complaint.

17      Further, while Plaintiff states that he is "the master of his complaint and may avoid federal
18  jurisdiction by exclusive reliance on state law," Plaintiff cites as authority for this proposition
19  *Easton v. Crossland Mortgage Company* (9th Cir. 1997) 114 F.3d 979, a case with facts unrelated
20  to the present case. In *Easton,* the plaintiff had merely made reference to a federal claim in his
21  Complaint, without pleading a distinct federal claim, and it was upon this mere reference to a
22  federal claim that Defendant sought to remove the case to federal court based on federal question
23  jurisdiction. In the present case, however, Plaintiff pled *three separate claims* based upon
24  Defendants' alleged violation of the federal law. The fact that the headings for his fifth, sixth,
25  and seventh claims contain the actual federal statutes upon which his claims for mail fraud,
26  conspiracy, and wire fraud are based proves that Plaintiff did not merely "include references to"
27  federal law, as he alleges in his motion. Memo P&A 14:3.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7687260.1                                   7                          Case No. C-08-01336 MHP

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

**E.    Plaintiff's Remaining Arguments and Legal Citations Are Simply Inapposite.**

> **1.    Plaintiff May Not Avoid Federal Jurisdiction Merely Because He Filed This Lawsuit—Containing Multiple Federal Claims—In State Court.**

Plaintiff argues that "the State court has secured jurisdiction of [this case] because it was first filed in state court." Memo P&A 10:8-10. Plaintiff completely misses the mark with this argument.

A state court cannot "secure" jurisdiction merely because a lawsuit was first filed in state court. Were this the case, *no removal* would be proper. Rather, federal law states that "*any civil action commenced in state court* of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." 28 U.S.C. § 1441(a) (emphasis added). Because diversity jurisdiction exists, and because Plaintiff's Complaint contains three claims "arising under the laws of the United States," as discussed, *supra,* the present action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1332.

> **2.    Plaintiff's Federal Claims Are Not Elements Of Any State Cause Of Action Pled In Plaintiff's Complaint.**

Plaintiff alleges that his federal claims for mail fraud, conspiracy, and wire fraud are not "necessary element[s] of his state law claim and . . . no federal preemption exists." Memo P&A 16:1-2. Plaintiff cites as authority for this proposition *Merrell Dow Pharmaceuticals Inc. v. Thompson* (6th Cir. 1985) 766 F.2d 1006. Plaintiff has interpreted *Merrell* out of context. The plaintiff in *Merrell* referred to a federal cause of action – under the Food, Drug and Cosmetic Act ("FDCA") –as one available criterion for determining whether Merrell Dow was negligent. *Merrell* involved the question of whether removal was proper if the action alleged in part that the alleged FDCA violation constituted a rebuttable presumption of negligence. That situation is entirely different from the present case, in which Plaintiff has alleged separate and independent federal law claims under which he seeks to hold Defendants liable and recover monetary damages.

Further, Defendants do not contend that Plaintiff's federal claims in any way preempt any of his state law causes of action. Rather, in addition to the existence of diversity jurisdiction,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7687260.1                                8                          Case No. C-08-01336 MHP

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

1  Plaintiff has pled three federal claims which are sufficient to establish federal jurisdiction.

2  **F.  Given That Proper Diversity Jurisdiction Exists As to Plaintiff's Present Lawsuit**
3     **Against ARAMARK, The Court Should Not Remand Plaintiff's *Original* and *Related***
      **Lawsuit (Case No. C-08-00733 MHP) Against ARAMARK And The Individual**
4     **Defendants Because Doing So Would Result In Piecemeal Litigation.**

5       As discussed, *supra*, remand is improper because Defendants' have properly removed the

6  present case to federal court based on diversity jurisdiction, and Plaintiff has failed to challenge—

7  or even make mention of—diversity jurisdiction. As a result, remand of Plaintiff's *original* and

8  *related* lawsuit against ARAMARK Sports, LLC, Ying Kee McVicker, and Matthew Lee, Case

9  No. C-08-00733 MHP, would be improper, because both cases are sufficiently related and

10 intertwined, and remanding the original case would result in piecemeal litigation.[4]

11      Plaintiff's original lawsuit and the present case arise out of the same alleged transactions

12 and occurrences – Plaintiff's alleged wrongful termination and ARAMARK's attempt to

13 allegedly defraud him in an effort to escape liability from the allegations in his original suit. In

14 fact, the cases are so intertwined as to result in a "related case" finding and reassignment to the

15 same judge. Consequently, litigating the two cases in different tribunals would result in not only a

16 duplication of time and effort on the part of the litigants and the courts, but would also create the

17 possibility of inconsistent results. As such, remand should be denied in this present case and *also*

18 in Case No. C-08-00733 MHP.

19 **IV.  CONCLUSION**

20      Plaintiff failed to address – let alone dispute -- the fact that the present case is properly in

21 federal court based on diversity of citizenship jurisdiction. Further, Defendants timely filed their

22 petition of removal in federal court and "promptly" notified both Plaintiff and the state court a

23 mere three court days later. Diversity jurisdiction exists, and the Court should deny Plaintiff's

24 motion to remand.

25

26

27

[4]    Defendants' filed their Opposition to Plaintiff's Motion to Remand Case No. C-08-00733 MHP on March
       24, 2008 which is scheduled to be heard at the same time as the Motion to Remand in the present case.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7687260.1                          9                          Case No. C-08-01336 MHP

1                                         MORGAN, LEWIS & BOCKIUS LLP

2

3  Date: April 7, 2008                         _____/S/_____
                                               Eric Meckley
4                                              Attorneys for Defendants
                                               ARAMARK Sports, LLC and ARAMARK
5                                              Corporation

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7687260.1                      10                      Case No. C-08-01336 MHP

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND