UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTOINE FOSTER,<br><br>    Plaintiff,<br><br>  v.<br><br>ARAMARK SPORTS, LLC and ARAMARK CORPORATION, and DOES 1 through 73,<br><br>    Defendants.<br>_____/ | No. C 08-01336 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Motion for Leave to File Motion for Reconsideration of Order of Remand** |

       On March 9, 2007 plaintiff commenced the first of many actions in the Superior Court of California alleging causes of action for: 1) constructive discharge; 2) retaliation; 3) failure to prevent discrimination and harassment; 4) harassment and discrimination based on sex; and 5) intentional infliction of emotional distress, all under California law. On January 23, 2008 plaintiff amended his complaint to include a claim for the violation of the Americans with Disabilities Act, 42 U.S.C. sections 12101 et seq. On January 31, 2008 defendants removed that action to this court. That action was subsequently remanded back to the state court on April 30, 2008. See Foster v. Aramark, et al., No. C 08-00733 MHP (N.D. Cal. April 30, 2008) (Patel, J.) (order granting remand). Defendants now seek leave to file a motion for reconsideration of the remand order in this action.

       On February 7, 2008 plaintiff commenced this action—a separate action—in the Superior Court of California against allegedly diverse defendants, alleging causes of action for: 1) fraud and intentional deceit; 2) intentional misrepresentation of fact; 3) negligent misrepresentation; 4) suppression of fact; 5) mail fraud, 18 U.S.C. section 1341; 6) conspiracy to mail fraud, 18 U.S.C. sections 1345, 1349; 7) wire fraud, 18 U.S.C. section 1343; 8) intentional infliction of emotional distress; and 9) negligent infliction of emotional distress. See Docket No. 1, Exh. 1. On the same

day, plaintiff commenced two other almost identical actions against presumably non-diverse defendants.[1]

On March 7, 2008 defendants in this action removed this action to this court alleging both federal question jurisdiction and diversity jurisdiction. See Docket No. 1. On March 21, 2008 plaintiff filed a motion to remand. On April 2, 2008 plaintiff filed a motion to dismiss his federal claims, *i.e.*, mail fraud, conspiracy to mail fraud and wire fraud. On April 30, 2008 this court allowed plaintiff to dismiss his federal claims and granted his motion to remand based upon its discretionary authority to remand an action if the basis for federal question jurisdiction is eliminated. See Docket No. 43; Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) (it is "generally within a district court's discretion to either retain jurisdiction to adjudicate the pendent state claims or to remand them to state court"). In its remand order, however, the court erroneously stated that "[t]he notices of removal did not allege diversity jurisdiction. See Docket No. 43 at 1:22–23. Defendants had alleged diversity jurisdiction. See generally Docket No. 1. The court now considers whether this action was properly removed to this court based on diversity jurisdiction.

As an initial matter, the court notes that had the plaintiff commenced only one action on February 7, 2008, naming in that action all the defendants he sued in the three separate actions filed the same day, that action would not have been removable due to a lack of complete diversity. The court also further notes that had plaintiff simply amended his action filed March 9, 2007 to allege new facts and theories of recovery, that matter would remain un-removable based on diversity jurisdiction. In any event, plaintiff chose to sue only diverse defendants in this action and consequently, the court must analyze the propriety of removal of this action based upon the complaint and notice of removal.

Under 28 U.S.C. section 1332(a), district courts have original jurisdiction in all civil actions between citizens of different states where the matter in controversy exceeds $75,000. Defendants allege that plaintiff is a citizen of California and that defendants are citizens of Delaware and Pennsylvania only. Consequently, at first blush the diversity of citizenship requirement appears to be met. However, our inquiry does not stop here. The court must look to the allegations to determine whether the jurisdictional amount is satisfied.

2

Plaintiff's removed complaint seeks general damages, emotional distress damages, statutory penalties, punitive damages, attorney's fees, pre-judgment interest, costs of suit and any further relief the court may deem proper. See Docket No. 1, Exh.1 at 22–23. However, the complaint does not specify a particular amount of damages.

In such a situation, where the amount in controversy is unclear from the plaintiff's complaint, the Ninth Circuit has held that "'the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403 (9th Cir. 1996) (quoting Gaus v. Miles, Inc., 980 F.2d 584, 586–67 (9th Cir. 1992)). Specifically, the court held that "in cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the statutory minimum]." Id. at 404; see also Abrego Abrego v. Dow Chemical Co. et al., 433 F.3d 676, 682–86 (9th Cir. 2006).

Defendants make the following argument regarding whether the amount in controversy requirement is met:

> Defendants are informed and believe that the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. Plaintiff alleges in his Complaint that he was subject to fraud, intentional and negligent misrepresentation and intentional and negligent infliction of emotional distress, and that as a result, he suffered emotional distress and mental anguish which impacted his future income opportunities and will lead him to see psychological treatment. Plaintiff seeks to recover several categories of damages including economic losses, emotional distress damages, punitive damages, and attorney fees. Were Plaintiff to prevail in this action, the amount of these damages could exceed $75,000.

See Docket No. 1 at 3.

This demonstration of proof, whereby defendants make a bald assertion based upon their information and belief that damages *could* exceed $75,000 is patently insufficient to meet the preponderance of the evidence standard applicable in this Circuit. Since the removal statute is strictly construed against removal jurisdiction, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus, 980 F.2d at 566 (citation omitted). Indeed, the case at bar is indistinguishable from Gaus, which found:

> [Defendant] simply alleges that 'the matter in current controversy . . . exceeds the [statutory minimum].' This allegation, although attempting to recite some 'magical

3

> incantation,' neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [defendant's] burden of setting forth, *in the removal petition itself*, the underlying facts supporting its assertion that the amount in controversy exceeds [the statutory minimum]. See Garza, 752 F.Supp. at 763 (holding that defendant's bald recitation that 'the amount in controversy exceeds [the statutory minimum],' without the defendant identifying any specific factual allegations or provisions in the complaint which might support that proposition, should provoke sua sponte remand).

Id. at 567 (emphasis added).

In fact, this case is weaker than Gaus where the removing defendant alleged "the amount in current controversy exceeds the sum of $50,000", that being the jurisdictional amount in effect at the time. Id. at 565. Here the Aramark defendants are more conjectural and only allege that "damages *could* exceed $75,000." See Docket No. 1 at 3.

The court has been unable to find any allegations or factual assertions in the removal petition to support the statement that the amount in controversy requirement has been met. Defendants' bald assertion is an insufficient basis on which to posit removal jurisdiction based on diversity. Thus, since the court no longer has federal question jurisdiction and diversity jurisdiction is inadequately pled, this court lacks jurisdiction.

In sum, defendants' motion for leave to file a motion for reconsideration of this court's remand order is GRANTED; however, upon reconsideration, for the foregoing reasons, the court finds removal jurisdiction based on diversity is lacking. The court's earlier order GRANTING REMAND is affirmed and supplemented by this order. The scheduled hearing date of June 16, 2008 for this motion is hereby vacated.

IT IS SO ORDERED.

Dated: May 7, 2008

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

4

**ENDNOTES**

1.      The defendants in the two other removed cases, Case Nos. C 08-01337 MHP and C 08-01421 MHP, did not allege diversity jurisdiction as a basis of removal.