Mark Antoine Foster, In Pro Per
200 Corpus Cristie Road #A
Alameda, California 94502
(415) 756-1611
(619) 646-3564

FILED
08 APR 21 PM 12: 32
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MARK ANTOINE FOSTER,

    Plaintiff,

vs.

ARAMARK SPORTS LLC, and
ARAMARK CORPORATION,
and DOES 1 Through 73
    Defendants

Case No. **C-08- 1336 MHP**

**PLAINTIFF'S REPLY TO DEFENDANTS'S REPLY IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS; MEMO OF PTS & AUTHORITIES IN SUPPORT THEREOF**
[FRCP 12(b)(6)]

Date: April 28, 2008
Time: 2:00 p.m.
Place: Courtroom 15, 18th /Floor
Judge: Hon. Marilyn H. Patel

## I. Introduction

Plaintiff MARK ANTOINE FOSTER hereby submits his reply to Defendants' reply in support of their motion to dismiss.

Plaintiff alleges that it is the Defendants' that are being repetitive in their arguments, not Plaintiff. Defendants' pleadings are frivolous and totally without merit. Plaintiff has admitted

PLAINTIFF'S REPLY TO DEFENDANT'S REPLY IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

C- 08-1336 MHP

1

1  that his federal claims should be dismissed, not because he feels the Defendants did not commit
2  the acts, but due to the reasons stated for the dismissals.

## MEMORANDUM OF POINTS AND AUTHORITIES

### II. Rebuttal Argument

**A.  Plaintiff Does Not Concede That His Sixth Cause Of Action For Negligent Infliction Of Emotional Distress Should Be Dismissed**

Plaintiff alleges that Defendants must have read his statement on page 17, lines 4 thru 8, in his opposition to their motion to dismiss, "Plaintiff recognizes Defendant Aramark Corporation may not be liable of the alleged Negligent Infliction of Emotional Distress, although Aramark Sports LLC certainly is.

Aramark Sports LLC does owe a duty of care to Plaintiff as a corporation to not allow their executive managers to subject Plaintiff to their Intentional Infliction of Emotional Distress and Fraud and Intentional Deceit, among other things mentioned herein."

Plaintiff hereby reinstates his argument pleaded in his opposition in section 7, beginning on page 17 and continuing on page 18.

**B.  Plaintiff's Remaining Claims Does Not Fail to State a Claim upon which Relief Can Be Granted**

**1.  Plaintiff's Fraud Claim Should Not Be Dismissed Because He Can Show That He Detrimentally Relied On A Misrepresentation And That He Was Damaged**

**a) Justifiable Reliance**

Defendants' argument is that Plaintiff can not establish justifiable reliance because he admittedly did not rely on any misrepresentation by Defendants when he signed the agreement; because he altered it knowing it was misrepresentation, and therefore did not depend on it as a

PLAINTIFF'S REPLY TO DEFENDANT'S REPLY IN SUPPORT OF OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS

C- 08-1336 MHP

2

1  misrepresentation.

2  Here the Defendants omit the fact that when plaintiff signed the agreement he did not know

3  that the Defendants were going to use it later to insist that because plaintiff signed it, it

4  confirmed that his termination was a "voluntary quit" as opposed to an "involuntary quit".

5  Plaintiff would not have signed it if he had known that this is what they were going to use it for.

6  Plaintiff stated in his opposition on page 4 and 5, lines 18-24 and 1-5 respectively:

7  "Plaintiff signed the agreement relying on it as being safe as a confirmation as to when

8  and how he actually voluntarily quit pursuant to the March 28, 2006 agreement. Plaintiff did not

9  know how the Defendants were going to later use it. Plaintiff alleges that there would be no

10  justifiable reliance only if he had not signed the agreement at all.

11  "Only '[if] the conduct of the plaintiff [in relying upon a misrepresentation] in the light of

12  his own intelligence and information was manifestly unreasonable' will he be denied recovery.

13  (Hefferan v. Freebairn, [*206] supra 34 Cal.2d at p 719)"( Winn v. McCulloch Corp. (1976) 60

14  Cal.App.3d 663, 671 [131] Cal. Rptr. 597], Cicone v. URS Corp, 183 Cal. App.3d 194;227 Cal

15  Rptr. 887; 1986 Cal. App. LEXUS 1804

16  "The misrepresentation must be of a material fact essential to the analysis undertaken by

17  the plaintiff and such that the plaintiff would not have acted as he did without it. Roddenberry v.

18  Roddenberry, 44 Cal.App. 4, 634, 655, 51 Cal. Rptr. 2d 907 (1996)."

19  Whether reliance is justified is a question of fact for the determination of the trier of fact.

20  The issue is whether the person who claims reliance was justified in relying on the representation

21  in light of his own knowledge and experience. (Gray v. Don Miller & Asc., Inc. (1984) 35 Cal.3d

22  498, 503 [198 Cal. Rptr. 551, 674 P.2d 253].Cicone v. URS Corp, 183 Cal. App.3d 194;227 Cal

23  Rptr. 887; 1986 Cal. App. LEXUS 1804

24

25  PLAINTIFF'S REPLY TO DEFENDANT'S REPLY IN SUPPORT OF OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS

3

C- 08-1336 MHP

1    Plaintiff alleges that the justifiable reliance and intent to defraud was established when
2    Plaintiff signed the document and returned it to the Defendants, as the Defendants caused
3    Plaintiff to alter his position to his injury or risk.

4    "The defendant must intend to induce the plaintiff to alter his or her position to his or her
5    injury or risk. Cal Civ. Code 1710. The intent to defraud or deceive is not required; the plaintiff
6    need only prove the defendants intent to cause another to alter his position. Nathanson v.
7    Murphy, 132 Cal App. 2d 363, 369-70, 282 P. 2d 174 (1955).

8    In Witkin 6. Causation: Reliance and Resulting Damage. (a)[§686], Actual Reliance:
9    Causal Connection Between Belief and Action, In discussing the three elements of the causation
10   aspect of actions for damages for fraud and deceit: Actual Reliance, the first of these, is a
11   combination of the Plaintiff's belief in the truth of the representations and his action in response
12   to the belief. The Plaintiff must plead that he believed the representations to be true (or that he
13   was ignorant of their falsity-which amounts to the same thing), and that in reliance on it (or
14   induced by it) he entered into the transaction, e.g. purchased property. These allegations appear
15   to be both simple and formal; the same general type of avertment could be made in any action for
16   fraud, substituting in each new case the particular transaction involved. ( See Edge v. Bryan
17   (1920) 47 C.A. 312, 314, 315 , 190 P. 476; 0n Judicial Council form, see supra, 668.)

18   Plaintiff alleges he relied on the VRA being presented as being safe to sign for three
19   reasons, which include: 1) that it was to confirm that Plaintiff resigned pursuant to the March 28,
20   2006 VRA, and that the March 28, 2006 VRA confirmed that he was forced to resign and that it
21   was an involuntary quit, and 2) that it was necessary for him to sign the new VRA to receive his
22   already agreed upon worker's compensation settlement of $5,500,and 3) because the VRA was
23   being presented by attorneys, it was reasonable to believe the document was legal.

24
25   PLAINTIFF'S REPLY TO DEFENDANT'S REPLY IN SUPPORT OF OPPOSITION TO         4
     DEFENDANTS' MOTION TO DISMISS
                                                                               C- 08-1336 MHP

1    "Reliance is established if the fraud was a substantial factor in inducing plaintiff's action,
2    though he relied in part on the advice of others." Witkin (a) [686]
3    Plaintiff alleges that he also relied on the document being safe because it was being
4    presented to him by attorneys who knew the truth regarding his termination and attorneys who he
5    expected to uphold the law, and not present a known fraudulent document.
6    Plaintiff also stated in his opposition on page 6, lines 13-21: *"In Plaintiff's complaint on*
7    *page 8, lines 12-22, Plaintiff explained how even though Defendants were not successful in*
8    *getting him to sign and agree he resigned on May 1, 2007, they planned to use the agreement*
9    *anyway to void-out the original agreement signed on March 28, 2006. Defendants planned on*
10   *using the agreement to say that plaintiff resigned on June 15, 2006; to give the impression that*
11   *he was not forced to resign pursuant to the March 28, 2006 agreement and that he voluntarily*
12   *resigned on his own. Plaintiff also explained that the mere existence of any voluntary resignation*
13   *agreement created after his employment had already ended was a fraud, because he had already*
14   *resigned or was forced to resign pursuant to the March 28, 2006 agreement, and no other*
15   *agreement was necessary."*
16   Plaintiff also stated this in his amended complaint and/or original complaint pending in
17   this court number C-08-0733," on page 18, paragraphs 69. and 70., *"Subsequent to the of the*
18   *original complaint filing, on or around July 24, 2007, defendants requested and coerced plaintiff*
19   *to sign a document confirming he voluntarily resigned on June 15, 2006, prior to defendants*
20   *paying a mutually agreed upon workers compensation settlement of 5,000 dollars.*
21   *Plaintiff is informed, believes and therefore alleges that the reason for defendants*
22   *requesting plaintiff to sign the document was because in the event plaintiff discovered that he*
23   *was not reasonably accommodated by the defendants, defendants would create the defense that*
24
25   PLAINTIFF'S REPLY TO DEFENDANT'S REPLY IN SUPPORT OF OPPOSITION TO
     DEFENDANTS' MOTION TO DISMISS

5

C- 08-1336 MHP

1  *plaintiff voluntarily quit, and they therefore had no reason to or was not obligated to*

2  *accommodate to plaintiff's disability, and that the CBA agreement gave the defendants the right*

3  *to terminate plaintiff's employment regardless of the fact that he was still disabled."*

4  *To mention, here Defendants were put on notice in December 07, as to how the*

5  *Defendants had planned on using the new VRA, and on January 11, 2008 they did.*

6  Plaintiff also alleged these facts in his similar complaints against Morgan Lewis and

7  Bokius on page 10, paragraph 25, and in his complaint against Aramark Sports, LLC and

8  Aramark Corporation, on page 10, paragraph 25, which state in pertinent part, *"Plaintiff at the*

9  *time these representations were made by Defendants, believed that the Defendants*

10  *representations were true. Due to believing, plaintiff thought it was acceptable or all right to*

11  *sign the document, and that it was not depriving him of any further rights and that there was a*

12  *legal forthright reason for defendants requesting him to sign the voluntary agreement. Aramark*

13  *and the defendants used their positions as attorneys to help present the document to trick*

14  *plaintiff, as if it was legal when actually it was not, as this shows that plaintiff's reliance on*

15  *defendant representation was justified."*

16  Plaintiff alleges that it is clear that his reliance was justified, and the Defendants are the only

17  parties to this action bringing forth confusing arguments. First, Defendants claimed that Plaintiff

18  could not establish justifiable reliance because he recognized the date or the falsity of the

19  representation or that it was a misrepresentation, now, after Plaintiff explained in detail how his

20  reliance was justified in his opposition, the Defendants makes this ridiculous argument that

21  Plaintiff's reliance is still not justified because he admittedly did not rely on any

22  misrepresentation by Defendants when he signed the agreement; because he altered it knowing it

23  was misrepresentation, and therefore did not depend on it as a misrepresentation. This argument

24

25  PLAINTIFF'S REPLY TO DEFENDANT'S REPLY IN SUPPORT OF OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS

C- 08-1336 MHP

6

1  is no different than or is the same argument in their motion to dismiss, as it is necessary for

2  Plaintiff to "hold the Defendant's hands" to explain to them again in detail how Plaintiff's

3  reliance was justified, as Plaintiff has presented at least three valid reasons why it is justified.

4  **b) Injury/ Causation and Damage**

5  Defendants go on to claim that even if Plaintiff had relied on any misrepresentation in the

6  originally drafted agreement, he concedes in his opposition that his alleged damages are limited

7  to emotional distress damages, and that he must be able to demonstrate that he suffered either a

8  pecuniary loss or a loss of property as the result of the Defendants alleged fraud. Defendants

9  state that because the only damage Plaintiff alleges to have suffered as the result of Defendants'

10 supposed fraud is emotional distress, he has failed to establish a prima facie case for fraud and

11 that his claim must be dismissed.

12 Plaintiff is informed, believes and therefore alleges that Defendants argument is without

13 merit and invalid because the statute does not limit recovery to pecuniary loss in fraud cases

14 where there are claims for emotional distress damages.

15 " A deceit action more commonly seeks to recover pecuniary loss, but [t]here is no essential

16 reason to prevent a deceit action from being maintained, for intentional misstatements at least,

17 where other types of interests are invaded; and there are a few cases in which it has been held to

18 lie for personal injuries, …" Prosser, supra, § 105, p. 684.) (5) "One who willfully deceives

19 another with intent to induce him to alter his position to his injury or risk, is liable for any

20 damage which he thereby suffers." (Civ. Code, § 1709.). The statute does not limit recovery to

21 pecuniary loss. Accordingly, the court in Work v. Campbell (1912) 164 Cal. 343 [128 P. 943],

22 held that a woman could maintain an action for deceit against a defendant whose intentional

23 misrepresentation caused the plaintiff's husband to desert her. "One who by a fraudulent

24

25 PLAINTIFF'S REPLY TO DEFENDANT'S REPLY IN SUPPORT OF OPPOSITION TO
   DEFENDANTS' MOTION TO DISMISS

   C- 08-1336 MHP

7

1  misrepresentation or nondisclosure of a fact that it is his duty to disclose causes physical harm to
2  the person…of another who justifiably relies upon the misrepresentation is subject to liability to
3  the other." (Rest.2d Torts, § 557A.) An action may be maintained to recover for physical harm
4  proximately caused by a defendant's deceit. Ohara v. Western Seven Trees Corp., 75 Cal. App.
5  3d 798: 142 Cal Rptr. 487

6  Plaintiff alleges that the Defendants deceitful and fraudulent actions have caused him
7  physical harm, and his claim is for personal injury.

8  Plaintiff alleges that if he does not acquire remedy for the Defendants' actions of fraud and
9  deceit or alleged fraud and deceit, he would continue to suffer emotional distress and mental
10 anguish, including physical pain which include other kinds of emotional distress such as fright,
11 nervousness, grief, anxiety, worry, shock, humiliation and indignity. Plaintiff alleges his mental
12 suffering may also include worry or anxiety about the effect of his injuries on his future capacity
13 to work and earn money. Plaintiff is afraid that he will be haunted with the thoughts and
14 memories of the malicious acts of the Defendants, which is his former employer Aramark and
15 their agents, Morgan Lewis and Bokius and Attorney Eric Meckley, not only for attempting to
16 defraud him, but Aramark causing the injury in the first place when Plaintiff was employed with
17 them, and Attorney Meckley engaging in the fraudulent activity to help his client cover it up
18 knowing they already caused him pain and suffering. Plaintiff alleges that this constitutes
19 "extreme and outrageous behavior" on the part of the Defendants.

20 Plaintiff alleges that emotional Distress and mental anguish damages are a lot more than just
21 "hurt feelings" as Defendants claim, as emotional distress and mental anguish results in physical
22 injury that cause symptoms, such as: insomnia, lack of appetite, nervousness, just to name a few.
23 Furthermore, Plaintiff has a right to damages claimed for pain and suffering as they are
24
25 PLAINTIFF'S REPLY TO DEFENDANT'S REPLY IN SUPPORT OF OPPOSITION TO
   DEFENDANTS' MOTION TO DISMISS
                                                                    8
                                                       C- 08-1336 MHP

1  classified as compensatory damages, which Plaintiff has alleged general and special damages in
2  his complaint.
3      Plaintiff has a right to damages for future pain and mental suffering, and that he has
4  presented enough evidence that such pain and suffering is reasonably certain to be incurred in the
5  future from the injuries sustained.
6      "The nature of the proof required to sustain an award of damages for future pain and
7  suffering depends on the nature and extent of the injury. Obviously, medical testimony as to
8  future pain and suffering is not necessary if the injuries are such that the jurors can assess the
9  pain and suffering from their common knowledge and experience. (See Mendoza v. Rudolf
10 (1956) 140 C.A.2d. 633, 636-637, 295 P. 2d. 445.) Generally, where plaintiff testifies as to pain
11 and suffering at the time of trial, the evidence is sufficient to justify an instruction on the issue of
12 future pain and suffering (Loper v. Morrison (1944) 23 C.2d 600, 145 P.2d 1, 611, 145 P.2d;
13 Parsell v. San Diego Consol, Gas & Electric. Co. (1941) 46 C.A.2d 212, 115 P. 2d 539.
14    Plaintiff alleges that it is clear that Defendants defense that Plaintiff's fraud claim must fail
15 because he fails to prove justifiable reliance and because he must prove a pecuniary loss in order
16 to establish damage and remedy for fraud is totally without merit and therefore his claim of fraud
17 must be not be dismissed.
18 **C. Plaintiff's Claim for Intentional Infliction of Emotional Distress Should Not Be**
19 **Dismissed Because Plaintiff Can Establish Conduct That Was Extreme and Outrageous**
20    Plaintiff reinstates his same argument in his opposition to Defendants' motion to dismiss his
21 complaint, which included the following:" *Plaintiff states on page 21 in paragraph 66 of his*
22 *complaint how defendants acts were outrageous intentional and malicious and done with*
23 *reckless disregard, and how Defendants knew defrauding plaintiff in the manner they did would*
24
25 PLAINTIFF'S REPLY TO DEFENDANT'S REPLY IN SUPPORT OF OPPOSITION TO
   DEFENDANTS' MOTION TO DISMISS
                                                                    C- 08-1336 MHP

9

1  *certainly cause him to suffer severe emotional distress and mental anguish.*

2  *Plaintiff also states just how outrageous Defendants actions were; Defendants knowing*
3  *Plaintiff had already suffered emotional and psychological injury due to the previous acts of the*
4  *Defendants while Plaintiff worked at the Carnelian Room, as evidence presented by Plaintiff to*
5  *Defendants by way of discovery proves Plaintiff's injuries, and that Defendants were aware of*
6  *those injuries.*

7  **D. Plaintiff's Claim For Negligent Infliction Of Emotional Distress Against Aramark Sports**
8  **LLC Must Not Be Dismissed Because Defendants Does Owe Duty To Plaintiff.**

9  Again, Plaintiff reinstates his same argument alleged in his opposition regarding Aramark
10 Sports LLC being liable for Negligent Infliction of Emotional Distress, which in pertinent part
11 stated: *Aramark Sports LLC does owe a duty of care to Plaintiff as a corporation to not allow*
12 *their executive managers to subject Plaintiff to their Intentional Infliction of Emotional Distress*
13 *and Fraud and Intentional Deceit, among other things mentioned herein.*

14 *Plaintiff alleges that it was despicable conduct to allow their agents and managers to*
15 *continue to cause Plaintiff emotional distress and mental anguish after already allowing them to*
16 *injure Plaintiff while he was employed with them, which caused his mental disability.*

17 *Plaintiff alleges that Aramark Sports LLC is negligent and vicariously liable for the acts of*
18 *their agents and managers, and knew or should have known the acts were being committed.*

19 **III. CONCLUSION**

20 Defendants' motion to dismiss should be denied, because Plaintiff has not failed to
21 demonstrate how his claims sufficiently state a claim upon which relief can be granted.

23 Dated: April 20, 2008                         Mark Antoine Foster, In Pro Per

25 PLAINTIFF'S REPLY TO DEFENDANT'S REPLY IN SUPPORT OF OPPOSITION TO
   DEFENDANTS' MOTION TO DISMISS

C- 08-1336 MHP

UNITED STATTES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MARK ANTOINE FOSTER                                  Case Number: C-08-1336 MHP
                                                     CERTIFICATE OF SERVICE
        PLAINTIFF,

v.

ARAMARK SPORTSS LLC, and
ARAMARK CORPORATION,
And does 1 thru 73

        DEFENDANTS

I, the undersigned, am over 18 years of age and not a party to this action. I am a resident of or employed in the county where the mailing took place.

My residence or business address is 200 Corpus Cristie Rd, # A, Alameda, CA 04501

On date April 21, 2008   I served the document(s):

    PLAINTIFF'S REPLY TO DEFENDANTS' REPLY IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS; MEMO OF PTS AND AUTHORITIES

I SERVED THE FOLLOWING DOCUMENTS BY CAUSING THE DOCUMENTS(S) LISTED ABOVE TO BE PERSONALLY DELIVERED TO THE PERSON(S) AT THE ADDRESS(ES) SET FORTH BELOW.

   1)Eric Meckley, Melinda Reichert, Morgan Lewis and Bokius, One Market, Spear Street Tower, San Francisco, California, 2) Aramark Sports LLC and Aramark Corporation, 555 California Street, San Francisco, CA

The name of the person served was Aramark Sports LLC and Aramark Corporation

The address of the persons served is 555 California Street, San Francisco, CA

I declare under penalty of perjury under the laws of the States of California that the foregoing is true and correct.

Date: April 21, 2008

Johnny Baskerville                                   _[signature]_