**UNITED STATES DISTRICT COURT**
**Northern District of California**
**450 Golden Gate Avenue**
**San Francisco, California 94102**

www.cand.uscourts.gov

Richard W. Wieking
Clerk

General Court Number
415.522.2000

May 23, 2008

San Francisco County Superior Court
400 McAllister Street, Room 103
San Francisco, CA 94102

RE:  CV 08-01336 MHP   MARK A. FOSTER-v-ARAMARK SPORTS
     **Your Case Number: (CGC-08-471936)**

Dear Clerk,

    Pursuant to an order remanding the above captioned case to your court, transmitted herewith are:

        (✔)    Certified copies of docket entries

        (✔)    Certified copies of Remand Order

        ()    Other

    Please acknowledge receipt of the above documents on the attached copy of this letter.

        Sincerely,

        RICHARD W. WIEKING, Clerk

        by:  Gina Agustine-Rivas
        Case Systems Administrator

Enclosures
Copies to counsel of record

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTOINE FOSTER, | No. C 08-01336 MHP |
| Plaintiff, | **MEMORANDUM & ORDER** |
| v. | **Re: Motion for Leave to File Motion for Reconsideration of Order of Remand** |
| ARAMARK SPORTS, LLC and ARAMARK CORPORATION, and DOES 1 through 73, | |
| Defendants. | |

On March 9, 2007 plaintiff commenced the first of many actions in the Superior Court of California alleging causes of action for: 1) constructive discharge; 2) retaliation; 3) failure to prevent discrimination and harassment; 4) harassment and discrimination based on sex; and 5) intentional infliction of emotional distress, all under California law. On January 23, 2008 plaintiff amended his complaint to include a claim for the violation of the Americans with Disabilities Act, 42 U.S.C. sections 12101 et seq. On January 31, 2008 defendants removed that action to this court. That action was subsequently remanded back to the state court on April 30, 2008. See Foster v. Aramark, et al., No. C 08-00733 MHP (N.D. Cal. April 30, 2008) (Patel, J.) (order granting remand). Defendants now seek leave to file a motion for reconsideration of the remand order in this action.

On February 7, 2008 plaintiff commenced this action—a separate action—in the Superior Court of California against allegedly diverse defendants, alleging causes of action for: 1) fraud and intentional deceit; 2) intentional misrepresentation of fact; 3) negligent misrepresentation; 4) suppression of fact; 5) mail fraud, 18 U.S.C. section 1341; 6) conspiracy to mail fraud, 18 U.S.C. sections 1345, 1349; 7) wire fraud, 18 U.S.C. section 1343; 8) intentional infliction of emotional distress; and 9) negligent infliction of emotional distress. See Docket No. 1, Exh. 1. On the same

Case 3:08-cv-01366-MHP   Document 54   Filed 05/28/2008   Page 2 of 5

1  day, plaintiff commenced two other almost identical actions against presumably non-diverse
2  defendants.¹

3       On March 7, 2008 defendants in this action removed this action to this court alleging both
4  federal question jurisdiction and diversity jurisdiction.  <u>See</u> Docket No. 1.  On March 21, 2008
5  plaintiff filed a motion to remand.  On April 2, 2008 plaintiff filed a motion to dismiss his federal
6  claims, *i.e.*, mail fraud, conspiracy to mail fraud and wire fraud.  On April 30, 2008 this court
7  allowed plaintiff to dismiss his federal claims and granted his motion to remand based upon its
8  discretionary authority to remand an action if the basis for federal question jurisdiction is eliminated.
9  <u>See</u> Docket No. 43; <u>Harrell v. 20th Century Ins. Co.</u>, 934 F.2d 203, 205 (9th Cir. 1991) (it is
10 "generally within a district court's discretion to either retain jurisdiction to adjudicate the pendent
11 state claims or to remand them to state court").  In its remand order, however, the court erroneously
12 stated that "[t]he notices of removal did not allege diversity jurisdiction.  <u>See</u> Docket No. 43 at
13 1:22–23.  Defendants had alleged diversity jurisdiction.  <u>See generally</u> Docket No. 1.  The court now
14 considers whether this action was properly removed to this court based on diversity jurisdiction.

15       As an initial matter, the court notes that had the plaintiff commenced only one action on
16 February 7, 2008, naming in that action all the defendants he sued in the three separate actions filed
17 the same day, that action would not have been removable due to a lack of complete diversity.  The
18 court also further notes that had plaintiff simply amended his action filed March 9, 2007 to allege
19 new facts and theories of recovery, that matter would remain un-removable based on diversity
20 jurisdiction.  In any event, plaintiff chose to sue only diverse defendants in this action and
21 consequently, the court must analyze the propriety of removal of this action based upon the
22 complaint and notice of removal.

23       Under 28 U.S.C. section 1332(a), district courts have original jurisdiction in all civil actions
24 between citizens of different states where the matter in controversy exceeds $75,000.  Defendants
25 allege that plaintiff is a citizen of California and that defendants are citizens of Delaware and
26 Pennsylvania only.  Consequently, at first blush the diversity of citizenship requirement appears to
27 be met.  However, our inquiry does not stop here.  The court must look to the allegations to
28 determine whether the jurisdictional amount is satisfied.

2

Plaintiff's removed complaint seeks general damages, emotional distress damages, statutory penalties, punitive damages, attorney's fees, pre-judgment interest, costs of suit and any further relief the court may deem proper. See Docket No. 1, Exh.1 at 22–23. However, the complaint does not specify a particular amount of damages.

In such a situation, where the amount in controversy is unclear from the plaintiff's complaint, the Ninth Circuit has held that "'the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403 (9th Cir. 1996) (quoting Gaus v. Miles, Inc., 980 F.2d 584, 586–67 (9th Cir. 1992)). Specifically, the court held that "in cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the statutory minimum]." Id. at 404; see also Abrego Abrego v. Dow Chemical Co. et al., 433 F.3d 676, 682–86 (9th Cir. 2006).

Defendants make the following argument regarding whether the amount in controversy requirement is met:

> Defendants are informed and believe that the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. Plaintiff alleges in his Complaint that he was subject to fraud, intentional and negligent misrepresentation and intentional and negligent infliction of emotional distress, and that as a result, he suffered emotional distress and mental anguish which impacted his future income opportunities and will lead him to see psychological treatment. Plaintiff seeks to recover several categories of damages including economic losses, emotional distress damages, punitive damages, and attorney fees. Were Plaintiff to prevail in this action, the amount of these damages could exceed $75,000.

See Docket No. 1 at 3.

This demonstration of proof, whereby defendants make a bald assertion based upon their information and belief that damages *could* exceed $75,000 is patently insufficient to meet the preponderance of the evidence standard applicable in this Circuit. Since the removal statute is strictly construed against removal jurisdiction, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus, 980 F.2d at 566 (citation omitted). Indeed, the case at bar is indistinguishable from Gaus, which found:

> [Defendant] simply alleges that 'the matter in current controversy . . . exceeds the [statutory minimum].' This allegation, although attempting to recite some 'magical

3

incantation,' neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [defendant's] burden of setting forth, *in the removal petition itself*, the underlying facts supporting its assertion that the amount in controversy exceeds [the statutory minimum]. See Garza, 752 F.Supp. at 763 (holding that defendant's bald recitation that 'the amount in controversy exceeds [the statutory minimum],' without the defendant identifying any specific factual allegations or provisions in the complaint which might support that proposition, should provoke sua sponte remand).

Id. at 567 (emphasis added).

In fact, this case is weaker than Gaus where the removing defendant alleged "the amount in current controversy exceeds the sum of $50,000", that being the jurisdictional amount in effect at the time. Id. at 565. Here the Aramark defendants are more conjectural and only allege that "damages *could* exceed $75,000." See Docket No. 1 at 3.

The court has been unable to find any allegations or factual assertions in the removal petition to support the statement that the amount in controversy requirement has been met. Defendants' bald assertion is an insufficient basis on which to posit removal jurisdiction based on diversity. Thus, since the court no longer has federal question jurisdiction and diversity jurisdiction is inadequately pled, this court lacks jurisdiction.

In sum, defendants' motion for leave to file a motion for reconsideration of this court's remand order is GRANTED; however, upon reconsideration, for the foregoing reasons, the court finds removal jurisdiction based on diversity is lacking. The court's earlier order GRANTING REMAND is affirmed and supplemented by this order. The scheduled hearing date of June 16, 2008 for this motion is hereby vacated.

IT IS SO ORDERED.

Dated: May 7, 2008

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California

4

**ENDNOTES**

1. The defendants in the two other removed cases, Case Nos. C 08-01337 MHP and C 08-01421 MHP, did not allege diversity jurisdiction as a basis of removal.

ADRMOP, CLOSED, E-Filing, ProSe, RELATE

# U.S. District Court
## California Northern District (San Francisco)
### CIVIL DOCKET FOR CASE #: 3:08-cv-01336-MHP
#### Internal Use Only

| | |
|---|---|
| Foster v. Aramark Sports LLC et al | Date Filed: 03/07/2008 |
| Assigned to: Hon. Marilyn H. Patel | Date Terminated: 05/02/2008 |
| Relate Case Cases: 3:08-cv-00733-MHP | Jury Demand: None |
| 3:08-cv-01337-MHP | Nature of Suit: 442 Civil Rights: Jobs |
| Case in other court: San Francisco Superior Court, CGC 08-471936 | Jurisdiction: Federal Question |
| Cause: 28:1332 Diversity-Employment Discrimination | |

**Plaintiff**

**Mark Antoine Foster**     represented by    **Mark Antoine Foster**
200 Corpus Cristie Road #A
Alameda, CA 94502
(415) 756-1611
PRO SE

V.

**Defendant**

**Aramark Sports LLC**     represented by    **Eric Meckley**
Morgan, Lewis & Bockius LLP
Spear Street Tower, One Market Street
San Francisco, CA 94105
415-442-1000
Fax: 415-442-1001
Email: emeckley@morganlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melinda S. Riechert**
Morgan, Lewis & Bockius, LLP
2 Palo Alto Square
3000 El Camino Real
Suite 700
Palo Alto, CA 94306
(650) 843-4000
Fax: (650) 843-4001
Email: mriechert@morganlewis.com
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | | |
|---|---|---|---|
| **Aramark Corporation** | | represented by | **Eric Meckley**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Melinda S. Riechert**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 03/07/2008 | 1 | NOTICE OF REMOVAL (no process) from San Francisco Superior Court. Their case number is CGC 08-471936. (Filing fee $350; receipt number 34611016743). Filed by Aramark Sports LLC, Aramark Corporation. (slh, COURT STAFF) (Filed on 3/7/2008) (Additional attachment(s) added on 3/14/2008: # 1 Civil Cover Sheet, # 2 Receipt) (far, COURT STAFF). (Entered: 03/10/2008) |
| 03/07/2008 | 2 | Certificate of Interested Entities by Aramark Sports LLC, Aramark Corporation. (slh, COURT STAFF) (Filed on 3/7/2008) (far, COURT STAFF). (Entered: 03/10/2008) |
| 03/07/2008 | 3 | Rule 7.1 Disclosure Statement by Aramark Sports LLC, Aramark Corporation. (slh, COURT STAFF) (Filed on 3/7/2008) (far, COURT STAFF). (Entered: 03/10/2008) |
| 03/07/2008 | 4 | NOTICE of Related Case CV 08-733 MHP by Aramark Sports LLC, Aramark Corporation. (slh, COURT STAFF) (Filed on 3/7/2008) (far, COURT STAFF). (Entered: 03/10/2008) |
| 03/07/2008 | 5 | CERTIFICATE OF SERVICE by Aramark Sports LLC, Aramark Corporation re 2 Certificate of Interested Entities, 4 Notice (Other), 1 Notice of Removal, 3 Notice (Other) (slh, COURT STAFF) (Filed on 3/7/2008) (far, COURT STAFF). (Entered: 03/10/2008) |
| 03/07/2008 | 6 | ADR SCHEDULING ORDER: Case Management Statement due by 6/4/2008. Case Management Conference set for 6/11/2008 01:30 PM. (Attachments: # 1 EMC Standing Order, # 2 Case Management Standing Order)(slh, COURT STAFF) (Filed on 3/7/2008) (Entered: 03/10/2008) |
| 03/07/2008 | | CASE DESIGNATED for Electronic Filing. (slh, COURT STAFF) (Filed on 3/7/2008) (Entered: 03/10/2008) |
| 03/13/2008 | 7 | Declination to Proceed Before a U.S. Magistrate Judge by Aramark Sports LLC, Aramark Corporation. (Meckley, Eric) (Filed on 3/13/2008) (Entered: 03/13/2008) |
| 03/13/2008 | 8 | AFFIDAVIT by Aramark Sports LLC, Aramark Corporation. (Meckley, Eric) (Filed on 3/13/2008) (Entered: 03/13/2008) |
| 03/13/2008 | 9 | CLERK'S NOTICE of Impending Reassignment to U.S. District Judge (bpf, |

| | | COURT STAFF) (Filed on 3/13/2008) (Entered: 03/13/2008) |
|---|---|---|
| 03/14/2008 | 10 | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. Phyllis J. Hamilton for all further proceedings. Judge Magistrate Judge Edward M. Chen no longer assigned to the case. Signed by Executive Committee on 3/14/08. (mab, COURT STAFF) (Filed on 3/14/2008) (Entered: 03/14/2008) |
| 03/14/2008 | 11 | MOTION to Dismiss 1 Complaint; Memorandum of Points and Authorities In Support Thereof filed by Aramark Sports LLC, Aramark Corporation. Motion Hearing set for 4/23/2008 09:00 AM in Courtroom 3, 17th Floor, San Francisco. (Meckley, Eric) (Filed on 3/14/2008) Modified on 3/18/2008 (far, COURT STAFF). (Entered: 03/14/2008) |
| 03/14/2008 | 12 | Proposed Order re 11 MOTION to Dismiss *Plaintiff's Complaint; Memorandum of Points and Authorities In Support Thereof Granting Defendants' Motion to Dismiss Plaintiff's Complaint* by Aramark Sports LLC, Aramark Corporation. (Meckley, Eric) (Filed on 3/14/2008) (Entered: 03/14/2008) |
| 03/14/2008 | 13 | CERTIFICATE OF SERVICE by Aramark Sports LLC, Aramark Corporation re 12 Proposed Order, 11 MOTION to Dismiss *Plaintiff's Complaint; Memorandum of Points and Authorities In Support Thereof* (Meckley, Eric) (Filed on 3/14/2008) (Entered: 03/14/2008) |
| 03/19/2008 | 14 | ORDER RELATING CASES C 08-0733 MHP, C 08-1336 PJH, and C 08-1337 EDL; Signed by Judge Marilyn Hall Patel on 3/18/2008.(awb, COURT-STAFF) (Filed on 3/19/2008) (Entered: 03/19/2008) |
| 03/19/2008 | 15 | CLERK'S NOTICE: Case Management Conference set for 5/19/2008 04:00 PM before the Hon. Marilyn Hall Patel; Joint Case Management Statement due by 5/9/2008. (awb, COURT-STAFF) (Filed on 3/19/2008) (Entered: 03/19/2008) |
| 03/21/2008 | | Case reassigned to Judge Hon. Marilyn H. Patel. Judge Hon. Phyllis J. Hamilton no longer assigned to the case. (ha, COURT STAFF) (Filed on 3/21/2008) (Entered: 03/21/2008) |
| 03/21/2008 | 16 | NOTICE by Aramark Sports LLC *Re-Notice of Hearing on Motion to Dismiss Plaintiff's Complaint* (Meckley, Eric) (Filed on 3/21/2008) (Entered: 03/21/2008) |
| 03/21/2008 | 17 | MOTION to Disqualify Counsel Eric Meckley, Melinda Reichert, Sue Boag and Morgan Lewis & Bokius; Memorandum of Points and Authorities filed by Mark Antoine Foster. Motion Hearing set for 4/28/2008 02:00 PM in Courtroom 15, 18th Floor, San Francisco. (gba, COURT STAFF) (Filed on 3/21/2008) (Additional attachment(s) added on 3/26/2008: # 1 Motion to Disqualify) (gba, COURT STAFF). (Entered: 03/26/2008) |
| 03/21/2008 | 18 | Declaration of Mark Antoine Foster in Support of 17 MOTION to Disqualify Counsel filed by Mark Antoine Foster. (Related document(s) 17 ) (gba, COURT STAFF) (Filed on 3/21/2008) (Additional attachment(s) added on 3/26/2008: # 1 Declaration of Mark Foster) (gba, COURT STAFF). (Entered: 03/26/2008) |
| | | |

| | | |
|---|---|---|
| 03/21/2008 | 19 | Received Order re 17 MOTION to Disqualify Counsel by Mark Antoine Foster. (gba, COURT STAFF) (Filed on 3/21/2008) (gba, COURT STAFF). (Entered: 03/26/2008) |
| 03/21/2008 | 20 | MOTION to Remand Action, Memorandum of Points and Authorities filed by Mark Antoine Foster. Motion Hearing set for 4/28/2008 02:00 PM in Courtroom 15, 18th Floor, San Francisco. (gba, COURT STAFF) (Filed on 3/21/2008) (Entered: 03/26/2008) |
| 03/21/2008 | 21 | Declaration of Mark Antoine Foster in Support of 20 MOTION to Remand filed by Mark Antoine Foster. (Related document(s) 20 ) (gba, COURT STAFF) (Filed on 3/21/2008) (Entered: 03/26/2008) |
| 03/21/2008 | 22 | Received Order re 20 MOTION to Remand by Mark Antoine Foster. (gba, COURT STAFF) (Filed on 3/21/2008) (gba, COURT STAFF). (Entered: 03/26/2008) |
| 03/21/2008 | 23 | CERTIFICATE OF SERVICE by Mark Antoine Foster re 17 MOTION to Disqualify Counsel, 19 Received Order, 20 MOTION to Remand, 21 Declaration in Support, 22 Received Order, 18 Declaration in Support, (gba, COURT STAFF) (Filed on 3/21/2008) (Entered: 03/26/2008) |
| 04/02/2008 | 24 | NOTICE of Dismissal of Mail Fraud, Wire Fraud and Conspiracy to Mail Fraud Claims by Mark Antoine Foster (gba, COURT STAFF) (Filed on 4/2/2008) (Entered: 04/03/2008) |
| 04/02/2008 | 25 | MOTION to Dismiss Mail Fraud, Wire Fraud and Conspiracy to Mail Fraud Claims, after Answer without Counter Claim filed by Mark Antoine Foster. Motion Hearing set for 5/12/2008 02:00 PM in Courtroom 15, 18th Floor, San Francisco. (gba, COURT STAFF) (Filed on 4/2/2008) (Entered: 04/03/2008) |
| 04/02/2008 | 26 | Declaration of Mark Antoine Foster filed by Mark Antoine Foster. (gba, COURT STAFF) (Filed on 4/2/2008) (Entered: 04/03/2008) |
| 04/02/2008 | 27 | Received Order re 25 MOTION to Dismiss by Mark Antoine Foster. (gba, COURT STAFF) (Filed on 4/2/2008) (gba, COURT STAFF). (Entered: 04/03/2008) |
| 04/02/2008 | 28 | Memorandum of Points and Authorities in Support of Opposition re 11 MOTION to Dismiss *Plaintiff's Complaint; Memorandum of Points and Authorities In Support Thereof* filed by Mark Antoine Foster. (gba, COURT STAFF) (Filed on 4/2/2008) (Entered: 04/03/2008) |
| 04/02/2008 | 29 | Declaration of Mark Antoine Foster filed by Mark Antoine Foster. (gba, COURT STAFF) (Filed on 4/2/2008) (Entered: 04/03/2008) |
| 04/02/2008 | 30 | CERTIFICATE OF SERVICE by Mark Antoine Foster re 29 Declaration in Support, 25 MOTION to Dismiss, 28 Memorandum in Opposition, 27 Received Order, 26 Declaration in Support, 24 Notice (Other) (gba, COURT STAFF) (Filed on 4/2/2008) (Entered: 04/03/2008) |
| 04/07/2008 | 31 | Memorandum in Opposition *to Plaintiff's Motion to Disqualify Attorneys Eric Meckley, Melinda Riechert, Sue Boag, and Morgan Lewis & Bockius* |

| | | |
|---|---|---|
| | | filed byAramark Sports LLC, Aramark Corporation. (Meckley, Eric) (Filed on 4/7/2008) (Entered: 04/07/2008) |
| 04/07/2008 | 32 | Declaration of Eric Meckley in Support of 31 Memorandum in Opposition *to Plaintiff's Motion to Disqualify Attorneys Eric Meckley, Melinda Riechert, Sue Boag, and Morgan Lewis & Bokius* filed byAramark Sports LLC, Aramark Corporation. (Attachments: # 1 Exhibit 1)(Related document(s) 31 ) (Meckley, Eric) (Filed on 4/7/2008) (Entered: 04/07/2008) |
| 04/07/2008 | 33 | AFFIDAVIT *Proof of Service* by Aramark Sports LLC, Aramark Corporation. (Meckley, Eric) (Filed on 4/7/2008) (Entered: 04/07/2008) |
| 04/07/2008 | 34 | Memorandum in Opposition *to Plaintiff's Motion to Remand Action to State Court* filed byAramark Sports LLC, Aramark Corporation. (Meckley, Eric) (Filed on 4/7/2008) (Entered: 04/07/2008) |
| 04/14/2008 | 35 | RESPONSE in Support *of Motion to Dismiss* filed byAramark Sports LLC, Aramark Corporation. (Meckley, Eric) (Filed on 4/14/2008) (Entered: 04/14/2008) |
| 04/17/2008 | 36 | CLERK'S NOTICE; All motions set for 4/28/2008 submitted on the papers; Hearing date of 4/28/2008 vacated. (awb, COURT-STAFF) (Filed on 4/17/2008) (Entered: 04/17/2008) |
| 04/17/2008 | | (Court only) ***Motions Submitted: 11 MOTION to Dismiss *Plaintiff's Complaint; Memorandum of Points and Authorities In Support Thereof*, 25 MOTION to Dismiss, 17 MOTION to Disqualify Counsel, 20 MOTION to Remand (awb, COURT-STAFF) (Filed on 4/17/2008) (Entered: 04/17/2008) |
| 04/17/2008 | 37 | Reply Memorandum in support of 17 MOTION to Disqualify Counsel filed by Mark Antoine Foster. (gba, COURT STAFF) (Filed on 4/17/2008) (Entered: 04/17/2008) |
| 04/17/2008 | 38 | Declaration of Mark Antoine Foster filed by Mark Antoine Foster. (gba, COURT STAFF) (Filed on 4/17/2008) (Entered: 04/17/2008) |
| 04/17/2008 | 39 | Reply Memorandum in Support of 20 MOTION to Remand filed by Mark Antoine Foster. (gba, COURT STAFF) (Filed on 4/17/2008) (Entered: 04/17/2008) |
| 04/17/2008 | 40 | NOTICE Requesting Permission to Allow Submission of His Reply in Support of his Motion to Disqualify Attorneys Eric Meckley, Melinda Reichert and Sue Boag, as it exceeds to pages in length by Mark Antoine Foster (gba, COURT STAFF) (Filed on 4/17/2008) (Entered: 04/17/2008) |
| 04/17/2008 | 41 | CERTIFICATE OF SERVICE by Mark Antoine Foster re 37 Reply Memorandum, 40 Notice (Other), Notice (Other), 38 Declaration in Support, 39 Reply Memorandum (gba, COURT STAFF) (Filed on 4/17/2008) (Entered: 04/17/2008) |
| 04/21/2008 | 52 | Reply to Opposition filed by Mark Antoine Foster. (gba, COURT STAFF) (Filed on 4/21/2008) (Entered: 05/23/2008) |
| 04/28/2008 | 42 | NOTICE of need for ADR Phone Conference (ADR L.R. 3-5 d) (Meckley, |

| | | |
|---|---|---|
| | | Eric) (Filed on 4/28/2008) (Entered: 04/28/2008) |
| 04/30/2008 | 43 | MEMORANDUM & ORDER Re: Motion to Remand; Motion to Dismiss; Motion to Disqualify by Judge Marilyn H. Patel (Attachments: # 1 Certificate of Service) (fj, COURT STAFF) (Filed on 4/30/2008) (Entered: 04/30/2008) |
| 04/30/2008 | 44 | MOTION for Leave to File *Motion for Reconsideration of Order Remanding Action to State Court [Local Rule 7-9]* filed by Aramark Sports LLC, Aramark Corporation. (Meckley, Eric) (Filed on 4/30/2008) (Entered: 04/30/2008) |
| 04/30/2008 | 45 | CERTIFICATE OF SERVICE by Aramark Sports LLC, Aramark Corporation re 44 MOTION for Leave to File *Motion for Reconsideration of Order Remanding Action to State Court [Local Rule 7-9]* (Meckley, Eric) (Filed on 4/30/2008) (Entered: 04/30/2008) |
| 05/02/2008 | | (Court only) ***Civil Case Terminated. (awb, COURT-STAFF) (Filed on 5/2/2008) (Entered: 05/02/2008) |
| 05/05/2008 | 46 | MOTION for Leave to File *Motion for Reconsideration of Order Remanding Action to State Court [Local Rule 7-9]* filed by Aramark Sports LLC, Aramark Corporation. Motion Hearing set for 6/16/2008 02:00 PM in Courtroom 15, 18th Floor, San Francisco. (Meckley, Eric) (Filed on 5/5/2008) (Entered: 05/05/2008) |
| 05/05/2008 | 47 | Proposed Order re 46 MOTION for Leave to File *Motion for Reconsideration of Order Remanding Action to State Court [Local Rule 7-9]* MOTION for Leave to File *Motion for Reconsideration of Action to State Court [Local Rule 7-9]* by Aramark Sports LLC, Aramark Corporation. (Meckley, Eric) (Filed on 5/5/2008) (Entered: 05/05/2008) |
| 05/05/2008 | 48 | MOTION for Reconsideration *of Order Remanding Action to State Court [Local Rule 7-9]* filed by Aramark Sports LLC, Aramark Corporation. Motion Hearing set for 6/16/2008 02:00 PM in Courtroom 15, 18th Floor, San Francisco. (Meckley, Eric) (Filed on 5/5/2008) (Entered: 05/05/2008) |
| 05/05/2008 | 49 | Proposed Order re 48 MOTION for Reconsideration *of Order Remanding Action to State Court [Local Rule 7-9]* MOTION for Reconsideration *of Order Remanding Action to State Court [Local Rule 7-9]* by Aramark Sports LLC, Aramark Corporation. (Meckley, Eric) (Filed on 5/5/2008) (Entered: 05/05/2008) |
| 05/05/2008 | 50 | CERTIFICATE OF SERVICE by Aramark Sports LLC, Aramark Corporation re 48 MOTION for Reconsideration *of Order Remanding Action to State Court [Local Rule 7-9]* MOTION for Reconsideration *of Order Remanding Action to State Court [Local Rule 7-9]*, 49 Proposed Order, 47 Proposed Order, 46 MOTION for Leave to File *Motion for Reconsideration of Order Remanding Action to State Court [Local Rule 7-9]* MOTION for Leave to File *Motion for Reconsideration of Order Remanding Action to State Court [Local Rule 7-9]* (Meckley, Eric) (Filed on 5/5/2008) (Entered: 05/05/2008) |
| | | |

| | | |
|---|---|---|
| 05/08/2008 | 51 | MEMORANDUM AND ORDER by Judge Marilyn Hall Patel granting 46 defendants' Motion for Leave to File motion for reconsideration AND DENYING 48 defendants' Motion for Reconsideration (awb, COURT-STAFF) (Filed on 5/8/2008) (Entered: 05/08/2008) |
| 05/23/2008 | 53 | Certified copy of remand order and docket sheet sent to San Francisco County Superior Court. (gba, COURT STAFF) (Filed on 5/23/2008) (Entered: 05/23/2008) |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTOINE FOSTER, | No. C 08-00733 MHP |
| | No. C 08-01366 MHP |
| Plaintiff, | No. C 08-01337 MHP |
| | No. C 08-01421 MHP |
| v. | |
| | **MEMORANDUM & ORDER** |
| ARAMARK SPORTS & ENTERTAINMENT, | |
| MORGAN, LEWIS & BOCKIUS, LLP, | **Re: Motion to Remand; Motion to Dismiss;** |
| SPECIALTY RISK SERVICES, et al., | **Motion to Disqualify** |
| | |
| Defendants. | |
| _____/ | |

On or about March 9, 2007, plaintiff commenced an action in the Superior Court for the County of San Francisco, California. Subsequently, plaintiff amended his complaint and filed three other separate actions in that same court. All were removed to this court and ordered related under this court's Civil Local Rules.

The notices of removal were premised on federal question jurisdiction. Specifically, the faces of the complaints allege, *inter alia*, mail fraud, wire fraud, conspiracy to commit mail fraud and a violation of the Americans with Disabilities Act ("ADA"). The notices of removal did not allege diversity jurisdiction.

On April 2, 2008 plaintiff moved to dismiss his mail fraud, wire fraud and conspiracy to commit mail fraud claims against all defendants in Case Nos. C 08-01421 MHP, C 08-01336 MHP, C 08-01337 MHP. The same day plaintiff also moved to dismiss his ADA claims against Aramark and all other defendants in Case No. C 08-00733 MHP.

The *pro se* plaintiff has stated that he only seeks redress under state laws. Consequently, the court will allow plaintiff to dismiss all of his federal law claims.[1] Although the court has "the power

1  to hear claims that would not be independently removable even after the basis for removal
2  jurisdiction is dropped from the proceedings," Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205
3  (9th Cir. 1991) (internal quotation omitted), it is "generally within a district court's discretion to
4  either retain jurisdiction to adjudicate the pendent state claims or to remand them to state court," id.
5  The Ninth Circuit has stated "that it is generally preferable for a district court to remand remaining
6  pendent claims to state court . . . ." Id.  Exercising its discretion at the beginning stage of this
7  litigation, the court remands all four actions captioned above back to the Superior Court since no
8  showing of gamesmanship or forum-shopping has been made.  Indeed, the *pro se* plaintiff states that
9  had he known that alleging federal law violations in his complaint would make it removable, he
10 would not have alleged the same.

11 Based on the foregoing, plaintiff's motion to remand is GRANTED with respect to all four
12 actions.

13 Due to the court's decision, plaintiff's motion to disqualify counsel is DENIED as moot.
14 Plaintiff may re-file the motion in state court.  Similarly, defendants Morgan, Lewis, & Bockius LLP
15 and Eric Meckley's motion to dismiss plaintiff's complaint under the Federal Rule of Civil
16 Procedure 12(b)(6) is also DENIED as moot.

17 Accordingly, the Clerk of Court shall file this order in all four of the above-numbered cases
18 and transmit forthwith a certified copy of this order to the Clerk of the Superior Court for the County
19 of San Francisco.

21 IT IS SO ORDERED.

23 Dated: April 30, 2008

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

2

**ENDNOTES**

1.	Plaintiff's invocation of 28 U.S.C. section 1343 is of no consequence since that jurisdictional statute does not provide a basis for removability without any alleged violations of federal law.

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MARK A. FOSTER,

        Plaintiff,

  v.

ARAMARK SPORTS & ENTERTAINMENT et al,

        Defendant.
_____/

Case Number: CV08-00733 MHP
CV08-01366 MHP
CV08-01337 MHP
CV08-01421 MHP

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 30, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eric Meckley
Morgan, Lewis & Bockius LLP
Spear Street Tower, One Market Street
San Francisco, CA 94105

Julia Ann Molander
Sedgwick, Detert, Moran & Arnold LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105

Mark Antoine Foster
725 Ellis Street, #408
San Francisco, CA 94109

Dated: April 30, 2008

                Richard W. Wieking, Clerk
                By: Frank Justiliano, Deputy Clerk